IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REIYN KEOHANE,**

    **Plaintiff,**

v.                                              Case No. 4:24-cv-434-AW-MAF

**RICKY D. DIXON, in his official capacity
as Secretary of the Florida Department of
Corrections, et al.,**

    **Defendants.**

_____/

## ORDER REGARDING PRELIMINARY INJUNCTION MOTION

Reiyn Keohane, a transgender inmate, sued the Secretary of the Florida Department of Corrections and others, alleging an Eighth Amendment violation based on the Department's prospective failure to provide hormone therapy and failure to allow Keohane "access to clothing and grooming standards that accord with their gender identity." ECF No. 1 at 1-2 & ¶¶ 70-72. Pending now is Keohane's emergency motion for a temporary restraining order or a preliminary injunction. ECF No. 4. This order denies the motion to the extent it seeks a temporary restraining order on an emergency basis. It also sets an expedited hearing to address procedures for resolving the request for a preliminary injunction.

According to the complaint and the motion, Keohane was receiving hormone treatment and was permitted to wear long hair and makeup in prison—all consistent with FDC policies. ECF No. 4 at 2; ECF No. 1. On September 30, though, FDC

1

officials told "inmates with gender dysphoria . . . that FDC policy concerning the treatment of inmates with gender dysphoria had been changed, including access to clothing, grooming, and canteen policies, as well as hormone therapy." ECF No. 4 at 2; *see also* ECF No. 1; ECF No. 4-4 (September 30, 2024 Health Services Bulletin). Although the policy suggests that when inmates no longer require hormone therapy, "titration and discontinuation of cross-sex hormone therapy should be initiated over a period of nine weeks," ECF No. 4-4 at 8, Keohane apparently fears an immediate termination of hormone treatment. *See* ECF No. 4 at 3.

"[A] preliminary injunction is an extraordinary and drastic remedy" that should only be granted if the party seeking it clearly establishes entitlement. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) ("[W]e must remember that granting a preliminary injunction is the exception rather than the rule."). To obtain a preliminary injunction, a movant must clearly establish that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury without an injunction, (3) the threatened injury outweighs the harm the injunction may inflict on the nonmovant, and (4) the injunction would not be adverse to the public interest. *ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir.

2009). On this record, Keohane has not shown enough to warrant the emergency, pre-October-30 relief sought.

First, the announcement that triggered Keohane's claim was on September 30, but Keohane waited until Friday, October 25 to initiate this action. The case was reassigned to me just today. This afternoon, Keohane provided notice that the Secretary and one other Defendant were served today and that counsel emailed the complaint and emergency motion to the Secretary's general counsel on Friday. ECF No. 12. Keohane's counsel also reports that the third Defendant has not yet been served. *Id.*

Any order granting temporary injunctive relief is extraordinary. It is even more extraordinary to order such relief without first giving Defendants an opportunity to be heard. *Cf.* Fed. R. Civ. P. 65(b)(1) (authorizing injunctive relief without notice only when the movant's attorney provides "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Here, Keohane has not shown why the action could not have been filed in time to allow an orderly resolution of the request for relief. This militates against granting equitable relief.

Second, although Keohane requests relief before October 30, there has been an insufficient showing of irreparable harm that would occur between October 30

and the date by which the court could—after providing Defendants a reasonable opportunity to respond—resolve the preliminary injunction.

Thus, to the extent Keohane seeks entry of a temporary restraining before Defendants can be heard, the request is denied. However, the court will expedite briefing on the request for a preliminary injunction and will hold an expedited hearing (to the extent a hearing is necessary and appropriate).

Plaintiff's counsel must immediately serve a copy of this order on all Defendants. All parties must promptly confer regarding a schedule for resolution of the preliminary injunction motion. The court will hold a telephonic hearing on Thursday, October 31 at 3:00 p.m. The clerk will circulate dial-in information for the hearing. If the parties agree to a different time and/or date for the hearing, they may contact the deputy clerk who will reset the hearing to any available time on the court's calendar. The purpose of the hearing is not to address the merits but to address procedures for resolving the motion.

The parties should be prepared to discuss an appropriate briefing schedule; whether there should be a hearing and, if so, whether it should be an evidentiary one; whether the motion for preliminary injunction should be consolidated with the trial on the merits, *see* Fed. R. Civ. P. 65(a)(2); and any other matters to promote a prompt resolution of this matter.

5

SO ORDERED on October 29, 2024.

                                          s/ *Allen Winsor*
                                          United States District Judge