IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| REIYN KEOHANE, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Case No. 4:24-cv-434-AW-MAF |
| | : | |
| RICKY D. DIXON, in his | : | |
| official capacity as Secretary | : | |
| of the Florida Department of | : | |
| Corrections; CLAYTON WEISS | : | |
| in his official capacity as Health | : | |
| Services Director of the Florida | : | |
| Department of Corrections; | : | |
| GARY HEWETT, in his official | : | |
| capacity as Warden of | : | |
| Wakulla Correctional Institution, | : | |
| | : | |
| *Defendants*. | : | |

## MOTION FOR RECONSIDERATION
## CONCERNING DENIAL OF TEMPORARY RESTRAINING ORDER

Plaintiff Reiyn Keohane respectfully requests that this Court reconsider its denial of her request for a temporary restraining order, ECF 14 (Order Regarding Preliminary Injunction Motion). This request for reconsideration is based on two grounds. First, the Order stated that "Keohane has not shown why the action could not have been filed in time to allow an orderly resolution of the request for relief,"

because "the announcement that triggered Keohane's claim was on September 30, but Keohane waited until Friday, October 25 to initiate this action." ECF 14 at 3. Keohane explains below why she could not have filed earlier. Second, the Order focuses on hormone therapy, which, according to the policy, would be titrated over time, yet the rescission of Procedure 403.012 ("Identification and Management of Inmates Diagnosed with Gender Dysphoria") and instantiation of Health Services Bulletin 15.0.23 has additional significant immediate impact. Starting today, October 30, inmates with gender dysphoria would be forced to have their hair cut in accordance with male grooming standards and otherwise comply with male grooming and clothing standards. This immediacy and harm of this planned action by FDC is also addressed below.

<u>Keohane sought relief as soon as possible</u>

First, as noted in the attached Tilley Declaration (ECF 16-1), counsel for Keohane encountered a series of obstacles that delayed filing suit.

Counsel faced significant delays in efforts to communicate with Keohane. When counsel messaged Keohane's classification officer via email to arrange a call with her, due to a change in classification officer, trouble getting someone on the phone, and then Hurricane Milton, it took until October 16 to even reach someone with whom counsel could arrange a call. Additionally, getting the necessary

information from Keohane was further delayed by the ordinary limitations that exist in making inmates available for legal calls, *e.g.*, limited days available for legal calls; inability to get notice to inmates in time for emergency calls; and limited time for calls. *See* Tilley Decl. (ECF 16-1) ¶¶ 5-7.

Moreover, the critical new policy restricting care is Health Services Bulletin 15.05.23. Despite filing a public-records request encompassing this document on October 4, 2024, FDC has not yet replied. Counsel was not able to get a copy of the document until the afternoon of October 24, 2024, and filed the complaint and temporary restraining order ("TRO") motion the very next day. *See* Tilley Decl. (ECF 16-1) ¶¶ 4, 8-9.

<u>Absent a TRO, Keohane and proposed class members will face immediate irreparable harm</u>

The second reason for requesting reconsideration of the denial of emergency relief is the irreparable harm that Keohane and proposed class members will endure as soon as today, October 30, absent the relief. Keohane and other inmates were told that a new policy would be enforced 30 days from September 30, 2024, and that, in addition to its impact on hormone therapy, they would have to have their hair cut to comply with male grooming standards and give up female undergarments and commissary items. They were told that, if they did not comply by that deadline, October 30, 2024, they would have their hair forcibly shaved and receive

disciplinary action, despite these accommodations for their gender dysphoria having been provided for many years. Keohane Decl. (ECF 4-7) ¶¶ 19–26. That same day (counsel learned much later), FDC had formally rescinded its Procedure 403.012—which provides for hormone therapy and grooming, clothing, and canteen accommodations for inmates with gender dysphoria—and replaced it with a policy that prohibits hormone therapy and makes no provision for access to female clothing and grooming standards for these inmates.

FDC staff have repeatedly indicated to Keohane and other inmates with gender dysphoria that FDC would be enforcing the hair and other grooming and clothing requirements starting October 30, 2024. For example, when Captain Wilson walks through the inmates' dorms, he announces the number of days before he will discipline the inmates for not cutting their hair. Keohane Decl. (ECF 4-7) ¶ 31. ("I have heard him say, 'Y'all better get right before then or it will be bad if you don't.'"). In addition, Dr. Tapia, the regional mental health director, and Major Weirick confirmed the forthcoming enforcement. *Id.*

The imminent deprivation to Keohane and proposed class members of treatment for their gender dysphoria will result in catastrophic health consequences. As outlined in her previous litigation in this Court on this exact issue (denial of access to gender-affirming care under the Eighth Amendment)—in her declarations, in her deposition, and at trial—Keohane has experienced the severe harm of FDC

denying her necessary medical care for gender dysphoria, including having her hair forcibly cut and being denied access to female undergarments and grooming standards. When she was denied this care, Keohane attempted castration or suicide multiple times. Amended Keohane Decl. (ECF 16-2) ¶¶ 14, 15, 34. Being able to receive hormone therapy and follow female clothing and grooming standards has made it possible for Keohane to function, alleviating the distress of gender dysphoria. *Id.* ¶ 18. Without proper treatment, Keohane fears extreme spikes of distress and dysphoria, as she has previously experienced when her care was removed. *Id*. Specifically, the ability to wear her hair long and women's underwear and bras is instrumental for Keohane to cope with her symptoms of gender dysphoria. *Id.* Her hair is currently past her shoulders, and it took about two years to grow to this length. If she is forced to cut her hair today, it would take years to grow back to this length. *Id.* ¶ 17. If Keohane is forced to wear boxers instead of female undergarments, she will be reminded every moment of every day of the parts of her body that do not align with her gender identity, thus increasing her gender dysphoria. *Id.* ¶¶ 14, 18. Boxers do not conceal or hold down her genitals as women's underpants do. *Id.* ¶ 14. When she was denied female undergarments in the past, she tried to castrate herself. *Id.*

The only remedy to prevent the irreparable harm to Keohane and the proposed class members of having their heads forcibly shaved as soon as today is to grant a

motion for a temporary restraining order. If Keohane is forced to shave her head today and loses access to other accommodations necessary for her gender dysphoria like female clothing and grooming standards, she will suffer severe decompensation of her health. Keohane respectfully requests reconsideration of the denial of emergency relief.

Date: October 30, 2024

Respectfully submitted,

/s/ Daniel B. Tilley
**Daniel B. Tilley** (Florida Bar No. 102882)
**Samantha J. Past** (Florida Bar No. 1054519)
American Civil Liberties Union
Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

**Li Nowlin-Sohl** (Admitted only in Washington)
**Leslie Cooper**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2627
lnowlin-sohl@alcu.org
lcooper@aclu.org

*Counsel for Plaintiff*