IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| REIYN KEOHANE, | : | |
| | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | Case No. 4:24-cv-434-AW-MAF |
| | : | |
| RICKY D. DIXON, in his official capacity as Secretary of the Florida Department of Corrections; CLAYTON WEISS in his official capacity as Health Services Director of the Florida Department of Corrections; GARY HEWETT, in his official capacity as Warden of Wakulla Correctional Institution, | : | |
| | : | |
|     *Defendants.* | : | |

# DECLARATION OF DANIEL B. TILLEY

1. I, Daniel B. Tilley, am over the age of 18 and am fully competent to testify regarding the contents of this Declaration, which I make based upon my personal knowledge.

2. I am an attorney for the ACLU Foundation of Florida representing Plaintiff Reiyn Keohane in this matter.

3. This declaration concerns the Court's statement in its Order Regarding Preliminary Injunction Motion that "the announcement that triggered Keohane's claim was on September 30, but Keohane waited until Friday, October 25 to initiate this action," ECF 14 at 3, which was pertinent to the Court's denial of the requested Temporary Restraining Order ("TRO").

4. After learning of the September 30 announcement from Keohane's family, on October 4 I submitted a public-records request for documents relating to FDC's policies concerning the classification of transgender inmates, the diagnosis of gender dysphoria, the treatment of inmates with gender dysphoria, and transgender women's access to female clothing and grooming standards. I also requested documents relating to the removal of former Policy 403.012 and the written notices that FDC provided to inmates on September 30. To date (twenty-six days later), I have received no response.

5. When I reached out to Keohane's classification officer via email to arrange a call with her, I was informed that the person was no longer Keohane's classification officer and was no longer working at the Wakulla Annex. When I called the Annex on numerous dates, multiple times per day, to try to arrange a call with Keohane, no one answered the phone. I called repeatedly, and the phone would ring with no answer. I called both the Annex main line and the Annex classification line, and no one would answer. It was not until after the week of Hurricane Milton,

on October 16, that I was able to reach someone by phone to set up a call with my client.

6. Inmates are not available to appear for legals calls on any day at any time. Entire days are blocked off from legal calls for certain classifications of inmates; other days are already full. Scheduling calls on an emergency basis also means that the inmates are not always able to be informed in time of the fact that they have a legal call, and so they don't show up for the call. Missed calls means that critical information cannot be obtained or confirmed, and it requires additional calls to be set up, also on an emergency basis, which can lead to additional missed calls. Keohane missed two legal calls this month concerning this emergency matter because of this dynamic and through no fault of hers.

7. Calls are also not allowed to continue for an unlimited amount of time. Other inmates also have legal calls, and staff availability may vary. While this dynamic can be managed in the ordinary course of litigation, in an emergency posture it also means that critical information cannot be obtained or confirmed when needed. This dynamic impacted our ability to obtain up-to-date information from Keohane this month.

8. The critical new policy restricting care is Health Services Bulletin 15.05.23. Despite filing a public-records request encompassing this document twenty-six days ago, I still have not obtained this document from FDC. I was finally

3

able to obtain this document on the afternoon of Thursday, October 24. We filed the complaint and TRO motion the very next day.

9. Because we finally had the policy, we filed the complaint and TRO motion even though we still did not have a declaration with all of the relevant information from Keohane given the limitations on time for legal calls and the challenges of scheduling those calls discussed above. We have since then obtained an updated declaration that provides more complete information and are filing an amended declaration contemporaneously with this motion for reconsideration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>10/30/24</u>                                 <u>/s/ Daniel B. Tilley</u>
                                                                        **Daniel B. Tilley**