**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| **REIYN KEOHANE,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00434-AW-MAF |
| | ) |
| **RICKY D. DIXON,** *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Ricky D. Dixon ("Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), Clayton Weiss, in his official capacity as Health Services Director of the Florida Department of Corrections ("Weiss"), and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("Hewett" and, together with Dixon and Weiss, the "FDC Officials"), submit this Motion to Dismiss the Complaint (Doc. No. 1) filed by Plaintiff Reiyn Keohane ("Plaintiff") and the putative class. The FDC Officials submit contemporaneously herewith their Memorandum of Law in Support of Motion to Dismiss and further state as follows:

1. Plaintiff seeks declaratory and injunctive relief, claiming FDC's policy on medical treatment for inmates diagnosed with gender dysphoria, HSB 15.05.23, constitutes deliberate indifference to a serious medical need. However, the

Complaint contains numerous defects that are fatal to the allegations of both Plaintiff and the putative class.

2.      **Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act.**  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires inmates to fully exhaust all available administrative remedies before filing suit against correctional officials.  Plaintiff failed to comply with this mandatory pre-suit requirement in two ways.  First, Plaintiff filed the Complaint before FDC responded to Plaintiff's appeal of Plaintiff's formal grievance.  Second, Plaintiff failed to properly submit a grievance directly to the Office of the Secretary.  Because Plaintiff failed to comply with the PLRA's exhaustion requirement, this Court must dismiss Plaintiff's claims.

3.      **Plaintiff lacks standing to assert claims regarding hormone treatment.**  Plaintiff failed to establish an injury in fact or threatened injury as to the hormone therapy allegation.  As such, Plaintiff lacks standing to assert allegations as to hormone therapy individually or on behalf of any putative class.

4.      **Issue preclusion bars Plaintiff from relitigating the clothing and grooming standards issue.**  Plaintiff fully litigated the allegation that the decision not to provide Plaintiff with access to female clothing and grooming standards constituted deliberate indifference to a serious medical need.  The Eleventh Circuit held that because Plaintiff's treatment providers differed on whether access to

female clothing and grooming standards constituted a necessary medical treatment for Plaintiff's diagnosis of gender dysphoria, FDC's decision to provide other treatment modalities did not constitute a constitutional violation. Keohane v. Fla. Dep't of Corr. Sec'y ("Keohane I"), 952 F.3d 1257, 1279 (11th Cir. 2020). Issue preclusion bars Plaintiff from litigating this issue against the FDC Officials again.

5. **Plaintiff's Complaint fails to state an Eighth Amendment claim.** The Eleventh Circuit previously held that FDC's provision of treatment modalities other than access to female grooming and clothing standards did not violate the Eighth Amendment because testimony from medical and mental health providers did not establish that access to female grooming and clothing standards was medically necessary for Plaintiff. Id. at 1277-79. Based on this holding, Plaintiff cannot plausibly allege a constitutional violation based on FDC's decision to deny access to female grooming and clothing standards.

6. **Plaintiff fails to allege facts to support the class allegations.** Plaintiff cannot serve as a class representative for the hormone therapy allegations because Plaintiff lacks standing as to this issue. Without a class representative, this Court should dismiss the class allegations as to hormone therapy. Additionally, the Complaint fails to plausibly allege commonality, adequacy, and typicality. Because of these fatal defects, this Court should dismiss the class allegations.

Dated: November 12, 2024

*/s/     Kenneth S. Steely*
Kenneth S. Steely
*One of the Attorneys for the State*

William R. Lunsford
Kenneth S. Steely
William J. Cranford III (*pro hac vice*)
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 12th day of November, 2024:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
*Pro Hac Vice admission granted*

*Attorneys for Plaintiffs*

/s/   Kenneth S. Steely
*Of Counsel*

5

## **CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1**

Pursuant to N.D. Fla. Local Rule 7.1, I hereby certify that this Motion to Dismiss complies with the Court's word limit. According to the word processing program used to prepare this pleading, the total number of words in the pleading, inclusive of headings, footnotes and quotations, and exclusive of the case style, signature block, and any certificate of service is **579**.

*/s/    Kenneth S. Steely*
*Of Counsel*