# EXHIBIT 1

# DECLARATION OF ALAN MCMANUS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No. 4:24-cv-00434-AW-MAF ) |
| **RICKY D. DIXON,** *et al.*, | ) ) |
| *Defendants.* | ) |

## DECLARATION OF ALAN MCMANUS

I, Alan McManus, pursuant to 28 U.S.C. § 1746, hereby make the following Declaration under penalty of perjury, declare that the statements made below are true, and state as follows:

1. I am over the age of eighteen (18) years and make this Declaration based on personal knowledge.

2. I currently serve as the Bureau Chief of the Bureau of Policy Management and Inmate Appeals with the Florida Department of Corrections ("FDC"). In my role as Bureau Chief, I oversee the receipt, research, and development of responses to inmate appeals within the statutory timelines.

3. FDC maintains a grievance policy, which can be found in Chapter 33-103 of the Florida Administrative Code.

      a.      Fla. Admin. Code r. 33-103.005 requires inmates to submit an informal grievance before pursuing a formal grievance. However, if the grievance involves specific issues, including a medical or emergency grievance, the inmate may bypass the informal grievance stage and submit an informal grievance only. Institutional staff respond to an inmate's informal grievance by approving the grievance, denying the grievance, or returning the grievance to the inmate without action. The institution must respond to an informal grievance within fifteen (15) days of receiving the grievance.

      b.      Fla. Admin. Code r. 33-103.006 requires inmates to direct formal grievances to the warden or assistant/deputy warden at the inmate's institution. To initiate a formal grievance, the inmate must complete Form DC1-303, Request for Administrative Remedy or Appeal, within fifteen (15) days of the response to the informal grievance or the date of the incident being grieved. The inmate must attach a copy of the informal grievance and the institution's response to the informal grievance to the Form DC1-303, unless the inmate is submitting a formal grievance involving specific issues, including emergency issues and medical grievances. An inmate submitting a formal grievance based on an emergency must state the reason for by-passing the informal grievance process. The responding staff member must provide a

response to the inmate within twenty (20) days of receiving the formal grievance.

    c.    An inmate may appeal the institution's response to a formal grievance to the Office of the Secretary pursuant to Fla. Admin. Code r. 33-103.007(1). When appealing a formal grievance, the inmate must attach a copy of the formal grievance and the institution's response and a copy of the informal grievance and response, unless the grievance involves an emergency, among other specified issues.

    d.    Fla. Admin. Code r. 33-103.005 and .007 permit inmates to bypass the informal and formal grievance stages and submit a grievance directly with the Office of the Secretary if, among other issues, the grievance involves an emergency. Fla. Admin. Code r. 33-103.007 requires an inmate submitting a direct grievance to "state at the beginning of Part A of Form DC1-303 that the grievance concerns either an emergency or is a grievance of a reprisal." Additionally, "[t]he inmate must clearly state the reason for not initially bringing the complaint to the attention of institutional staff and by-passing the informal and formal grievance steps of the institution or facility," except in specific circumstances. The Office of the Secretary must respond to a direct emergency grievance within fifteen (15) days of receiving the grievance.

4. I reviewed the grievance file of Inmate Reiyn Keohane, DC# Y55036, for any grievances and/or appeals filed regarding Inmate Keohane's medical treatment for gender dysphoria between September 30, 2024, and November 7, 2024.

5. Inmate Keohane filed formal grievance number 2410-118-045 (the "Formal Grievance"),[1] on October 3, 2024, on form DC1-303. In pertinent part, the grievance alleged that HSB 15.05.23 "is unconstitutional[.]" The grievance further alleged that there was "no medical basis for any change of treatment[.]" Inmate Keohane directed the grievance to the "Chief Medical Officer"; Inmate Keohane did not designate the grievance as an emergency grievance or direct the grievance to the Warden, Assistant Warden, or FDC Secretary.

6. On the same day, Inmate Keohane submitted grievance number 24-6-32047 (the "Direct Grievance"),[2] directly to the Office of the Secretary of the Florida Department of Correction on form DC1-303. Inmate Keohane addressed the Direct Grievance to the Regional Medical Director and asserted that the State's new policy on medical treatment for inmates diagnosed with gender dysphoria was unconstitutional. The Bureau of Policy Management and Inmate Appeals received the Direct Grievance on October 11, 2024.

---

[1] Inmate Keohane's Formal Grievance, the response, the appeal, and resolution of the appeal are attached to this Declaration as Exhibit A.

[2] Inmate Keohane's Direct Grievance and the response from the Office of the Secretary are attached to this Declaration as Exhibit B.

4

7. The Grievance Coordinator for Wakulla Annex responded to the Formal Grievance on October 10, 2024. The response notes that HSB 15.05.23 "exist[s] to ensure the continued appropriate assessment, therapy, and monitoring of your physical and mental health needs." The response further states, "[a]s appropriate services are being provided to you, your grievance/appeal is denied." The response informs Inmate Keohane of the right to appeal the grievance using form DC1-303.

8. On October 16, 2024, Donnie Bass responded to the Direct Grievance. The response notes that Inmate Keohane failed to comply with Fla. Admin. Code r. 33-103.006 in the submission of the Direct Grievance directly to the Office of the Secretary. More specifically, Inmate Keohane failed to provide a basis for submitting the Direct Grievance to the Office of the Secretary. And because Inmate Keohane failed to provide a sufficient basis for bypassing the Formal Grievance process, Inmate Keohane could not pursue a Direct Grievance and thus, Inmate Keohane should have completed the Formal Grievance process and appealed the institution's response to the Formal Grievance to the Office of the Secretary, attaching a copy of the Formal Grievance and response. Lastly, the response to Inmate Keohane's Direct Grievance informed Inmate Keohane of the ability to resubmit the Direct Grievance in compliance with Fla. Admin. Code r. 33-103.006, if permitted under the applicable deadlines.

9. Inmate Keohane did not submit a grievance directly to the Office of the Secretary that complied with statute by October 25, 2024.

10. On October 21, 2024, Inmate Keohane appealed the institutional response to the Formal Grievance. In the appeal, Inmate Keohane again asserted that the State's policy on medical treatment for inmates diagnosed with gender dysphoria was unconstitutional. Inmate Keohane attached the institutional-level response to the Formal Grievance to the appeal. The Bureau of Policy Management and Inmate Appeals received the appeal on October 28, 2024.

11. Pursuant to Fla. Admin. Code r. 33-103.011, the Bureau of Policy Management and Inmate Appeals must respond to an appeal of a formal grievance within thirty (30) calendar days "from the date of the receipt of the grievance."

12. On November 7, 2024, the Bureau of Policy Management and Inmate Appeals responded to Inmate Keohane's appeal of the Formal Grievance. The response from Clayton Weiss, the State's Health Services Director, explained that the institutional response to Inmate Keohane's Formal Grievance "appropriately addressed" the issue that Inmate Keohane grieved. Thus, the Bureau of Policy Management and Inmate Appeals denied Inmate Keohane's appeal from the Formal Grievance.

I declare under penalty of perjury that the foregoing is true and correct. I understand that a false statement in this Declaration will subject me to penalties for perjury.

Date: 11-9-2024

Alan McManus

7

## PART B - RESPONSE

| KEOHANE, REIYN | Y55036 | 24-6-33667 | WAKULLA ANNEX | J4110U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you on 10/10/24 appropriately addresses the issue you presented.

CONFIDENTIAL - THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Clayton Weiss, Health Services Director

_____
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

_____
DATE

EXHIBIT A

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

MtP

RECEIVED
OCT 28 2024
Department of Corrections
Bureau of Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Keohane         Reiyn        J           Y55036           Wakulla CI Annex
Last            First        Middle Initial  DC Number       Institution

Part A – Inmate Grievance                              24-6-33667

Attached response to formal grievance Log # 2410-118-045 entirely fails to respond to any of the problems raised, and is actually an admission of the exact unconstitutional behavior grieved:

1. Denial of medical treatment for non-medical reasons is an 8th Amendment violation. Response to a Medical grievance was responded to by Assistant Warden Rummel, and Grievance Coordinator Robison — which is a Healthcare Information Privacy violation in itself outside of other problems — who are not medical professionals; any response by them is therefore non-medical in nature.

2. Denial of medical treatment based upon blanket policy is an 8th Amendment violation. The response simply quotes "H.S.B. 15.05.23" as the reason for denial — when H.S.B. 15.05.23 in fact makes ZERO mention of Social Transition treatment at all. Nowhere does H.S.B. 15.05.23 state Social Transition is not medically necessary or that it will not be provided; removal of the previous policy does not provide any basis for discontinuing medical treatment that was affirmatively determined to be medically necessary.

H.S.B. 15.05.23 claims that individualized treatment for Gender Dysphoria will be provided, but it does not cite any medical standards of care to be followed in the provision of treatment; the recognized standards of care are the WPATH Standards of Care for treatment of Gender Dysphoria, which were previously acknowledged as standards and followed by the FDOC for 5+ years; and the removal of care (i.e. Social Transition) simply because H.S.B. 15.05.23 has no recognized medical standards and makes absolutely no mention of and therefore no determination on Social Transition — essentially going from prescribing it as Medically Necessary to denying it for no stated reason — this constitutes a clear blanket denial for non-medical reasons.

The FDOC must cease this biased, politically-motivated denial of medical treatment, and continue my prescribed treatment of Hormone Therapy and Social Transition.

10-21-24                                              Y55036
DATE                                    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:   Ø / ___
                                                                        #    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

                                                    # 2410-118-045
Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 10/23/24   Institutional Mailing Log #: _____   _____
                            (Date)                                                 (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY            CENTRAL OFFICE
                INMATE (2 Copies)               INMATE
                INMATE'S FILE                   INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.       EXHIBIT A

## PART B - RESPONSE

| KEOHANE, REIYN | Y55036 | 2410-118-045 | WAKULLA ANNEX | J4110U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed, and evaluated. An investigation reveals the following:

403.012 Identification and Management of Inmates Diagnosed with Gender Dysphoria was recently rescinded. However, protocols set forth in HSB 15.05.23 which went into effect on 9/30/2024 exist to ensure the continued appropriate assessment, therapy, and monitoring of your physical and mental health needs.

As appropriate services are being provided to you, your grievance/appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachment(s) as required by Chapter 33-103, and forwarding to the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

Responding Employee: L. Robison, Grievance Coordinator

Signature of Representative: W. Rummel, Assistant Warden

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE 10/10/24

MAILED

OCT 1 4 2024

ASSISTANT WARDEN

EXHIBIT A

# FLORIDA DEPARTMENT OF CORRECTIONS
## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

Third Party Grievance Alleging Sexual Abuse

☐ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Keohane | Reyn | J | Y55036 | Wakulla CI Annex |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

2410-118-045

### Part A – Inmate Grievance

Chief Medical Officer

The FDOC's announced change to policy for treatment of Gender Dysphoria is unconstitutional, in violation of the 8th Amendment prohibiting Cruel and Unusual Punishment; it is a blanket denial not only with no medical basis, but flying in the face of all established medical standards, which require a considered individual plan for each individual based on their specific needs.

I personally have been evaluated for Gender Dysphoria multiple times, and at all times it has been determined that I have a serious medical need for the exact treatment I have already been receiving for over five years; specifically, Hormone Therapy, Social Transition by manner of female gender expression in accordance with the FDOC's policies for hair length, clothing, and canteen items for female inmates; and it has already been determined by both the Federal Court, and by the FDOC's own medical and psychological experts, that denial of this necessary treatment constitutes willful indifference to a serious medical need.

These are established facts. There is no medical basis for any change of treatment, and denial of medical treatment for non-medical reasons is unconstitutional; in fact the FDOC has previously been ordered by the federal court (Keohane vs FDOC secretary) that it is unconstitutional, and the FDOC voluntarily complied and ceased their illegal behavior by establishing a legally sufficient policy for treatment of Gender Dysphoria that is in accord with established medical standards.

This change of policy is an attempt to intentionally violate their own sworn testimony to the court on this issue; all persons responsible for making this policy or enforcing it are therefore acting in bad faith with full subjective knowledge of the unconstitutionality of their actions, and the direct harm it will cause. They must cease and desist immediately.

10-3-24

DATE

Y55036

SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0   Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED
OCT 07 2024
Wakulla Assistant Warden
Program/Grievance

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #: _____   (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY       CENTRAL OFFICE
               INMATE (2 Copies)           INMATE
               INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                           CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)           Incorporated by Reference in Rule 33-103.006, F.A.C.

EXHIBIT A

MAILED/FILED
WITH AGENCY CLERK

Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| KEOHANE, REIYN | Y55036 | 24-6-32047 | WAKULLA ANNEX | J4110U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your appeal is returned without action.

D. Bass

_____            _D. Bass_____            _10/16/24_
SIGNATURE AND TYPED OR PRINTED NAME OF        SIGNATURE OF WARDEN, ASST.            DATE
EMPLOYEE RESPONDING                WARDEN, OR SECRETARY'S
                        REPRESENTATIVE

EXHIBIT B

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Keohane_____ Reiyn_____ J_____
Last               First            Middle Initial

DC Number: V55036      Institution: Wakulla CI Annex

**Part A – Inmate Grievance**    24-6-32047

Regional Medical Director

- This grievance is addressed to the Secretary's Office, as it regards an intended policy change being enacted at the statewide level; the institutional administration has no power to address this issue, as it exceeds their authority. Only the Secretary's Office, who is promulgating the policy, has any power to issue decisions or grant redress on statewide policy, and therefore they are the only appropriate responder for this grievance.

- The proposed change to the FDOC's policy regarding the treatment of Gender Dysphoria is unconstitutional, in violation of the 8th Amendment, which prohibits cruel and unusual punishment, including the denial of medical treatment for any non-medical reason, denial by blanket policy, and denial of medical treatment resulting in harm to the patient.

- This is not a new issue; these are the same issues that were decided to be unconstitutional in Keohane vs Secretary of the Florida Department of Corrections, in which the FDOC was ordered to cease these exact illegal behaviors; and upon appeal which the FDOC voluntarily acceded to and recognized, in sworn testimony, by establishing a policy that met the legal requirements. This first legal defense may have been genuine; but by now going directly against what they were ordered to do, and then agreed and swore to do, the FDOC is acting in bad faith with the full subjective knowledge that their actions are unconstitutional, and that their actions will cause irreparable harm to not just myself but to several hundred people all diagnosed with and receiving treatment for Gender Dysphoria that, unlike me, had no legal case, and had their treatment deemed to be medically necessary solely by the FDOC's own medical experts, in accordance with the policy they created in order to demonstrate a good faith effort to the court.

- FDOC must cease and desist all efforts to change this policy immediately; the proposed changes have already been proven to be unconstitutional.

DATE: 10-3-24

SIGNATURE OF GRIEVANT AND D.C. #: V55036

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0   Signature: ___

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: OCT 01 2024 (Date)
Institutional Mailing Log #: MR24100905

DISTRIBUTION: INSTITUTION/FACILITY   CENTRAL OFFICE      (Received By)
             INMATE (2 Copies)        INMATE             7V NF 122
             INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
             INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                      CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)           Incorporated by Reference in Rule 33-103.006, F.A.C.

RECEIVED OCT 09 2024
WAKULLA WAREHOUSE

EXHIBIT B