# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE,** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 4:24-cv-00434-AW-MAF |
| **RICKY D. DIXON,** *et al.*, | ) |
| *Defendants*. | ) |

## MOTION TO STAY AND MEMORANDUM IN SUPPORT OF MOTION

Pursuant to this Court's inherent power,[1] Defendants Ricky D. Dixon ("Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), Clayton Weiss, in his official capacity as Health Services Director of the Florida Department of Corrections ("Weiss"), and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("Hewett" and, together with Dixon and Weiss, the "FDC Officials"), move this Court to stay the current scheduling order (Doc. No. 22) and all discovery in this case pending resolution of the FDC Officials' contemporaneously filed Motion to Dismiss (Doc. 28, the "Motion to Dismiss"). In support of this Motion, the FDC Officials state as follows:

---

[1] See Landis v. North Am. Co., 299 U.S. 248, 254 (1936) (providing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket").

1. Plaintiff filed the Complaint and a Motion for Temporary Restraining Order and for Preliminary Injunction on October 25, 2024. (Doc. Nos. 1, 4).

2. On October 29, 2024, this Court denied the Motion for Temporary Restraining Order. (Doc. 14). The Court also set "an expedited hearing to address procedures for resolving the request for a preliminary injunction" for October 31, 2024. (Id.).

3. On October 30, 2024, Plaintiff filed a Motion to Reconsider the Court's Order Denying the Motion for Temporary Restraining Order ("Motion to Reconsider"). (Doc. 16).

4. At the hearing on October 31, 2024, the FDC Officials agreed to preserve the status quo as to Plaintiff's hormone therapy and access to female grooming and clothing standards for at least thirty (30) days or until the conclusion of the evidentiary hearing on the Motion for Preliminary Injunction. The Court ordered the FDC Officials to respond to Plaintiff's Motion to Reconsider by November 4, 2024. (Doc. 22). The Court ordered the FDC Officials to respond to Plaintiff's Motion for Preliminary Injunction by November 14, 2024, as well as limited discovery. (Id.). The Court ordered Plaintiff to submit a reply in support of the Motion for Preliminary Injunction by November 27, 2024, and the Court set a hearing on the Motion for Preliminary Injunction on December 9, 2024. (Id.).

5. The FDC Officials submitted a Response in Opposition to Plaintiff's Motion to Reconsider on November 4, 2024. (Doc. 26).

6. The FDC Officials filed a Motion to Dismiss and accompanying Memorandum on November 12, 2014, which raises fatal infirmities in Plaintiff's Complaint. (Doc. 28). If the Court grants the Motion to Dismiss, Plaintiff's Motion for Preliminary Injunction would be moot.

7. For judicial efficiency, the FDC Officials seek this Court to enter a stay of the current proceedings until resolution of the FDC Officials' Motion to Dismiss.

8. Plaintiff will not be prejudiced by a stay. As part of the stay, the FDC Officials agree to maintain the *status quo* as to Plaintiff's receipt of hormones and the FDC Officials' enforcement of grooming and canteen policies applicable to male inmates against Plaintiff until resolution of the Motion to Dismiss or Motion for Preliminary Injunction.

9. The FDC Officials will be prejudiced without a stay. Without a stay, the FDC Officials must expend time and resources responding to discovery requests, preparing for an evidentiary hearing, and potentially retaining experts for a case that cannot be maintained as pled.

10. The FDC Officials' counsel contacted Plaintiff's counsel to determine whether Plaintiff opposes the FDC Officials' motion to stay the current scheduling order. Plaintiff's counsel indicated that Plaintiff opposes this Motion.

In addition to the above, the FDC Officials submit the following Memorandum in support of the Motion to Stay:

### MEMORANDUM IN SUPPORT OF MOTION TO STAY

In response to the Complaint filed by Plaintiff Reiyn Keohane ("Plaintiff"), the FDC Officials filed a Motion to Dismiss contemporaneously with this motion. If the Court grants the FDC Officials' Motion to Dismiss, Plaintiff's request for a preliminary injunction would become moot.[2] Thus, in the interest of judicial efficiency, the Court should address the FDC Officials' Motion to Dismiss before the Parties and the Court expend time and resources litigating Plaintiff's Motion for a Preliminary Injunction.

As the FDC Officials explain in the Motion to Dismiss, Plaintiff failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). As the Eleventh Circuit recognizes, "exhaustion should be decided on a Rule 12(b) motion to dismiss." Bryant v. Rich, 530 F.3d 1368, 1375 (11th Cir. 2008). Aside from Plaintiff's failure to exhaust administrative remedies, Plaintiff's Complaint contains claims for which Plaintiff lacks standing, fails to state a claim as to which relief may be granted, and lacks factual allegations

---

[2] See Gatlyn v. Doe, No. 24-CV-22444, 2024 WL 4502280, at *2 (S.D. Fla. Oct. 16, 2024) (district court granted defendant's motion to stay resolution of plaintiff's motion for preliminary injunction pending disposition of defendant's motion to dismiss).

to support Plaintiff's request for class action treatment. For all of these reasons, the Court should resolve the FDC Officials' Motion to Dismiss before entertaining Plaintiff's Motion for a Preliminary Injunction.

In addition, the Court should stay discovery pending resolution of the FDC Officials' Motion to Dismiss. Over twenty (20) years ago, the Eleventh Circuit held that "neither the parties nor the court have any need for discovery before the court rules" on a motion to dismiss. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (citing Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981)). In reaching this conclusion, the Eleventh Circuit examined the litany of burdens and expenses that discovery places on the parties and the district court, which may be avoided by a ruling on a motion to dismiss:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. . . . Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.
>
> If the district court dismisses a nonmeritorious claim

>> before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Id. at 1367-68; see also Cotton v. Mass. Mutual Life Ins. Co., 402 F.3d 1267, 1292 (11th Cir. 2005) (quoting Chudasama, 123 F.3d at 1367-68).

The logic of Chudasama especially applies in this case. Here, the FDC Officials filed a dispositive motion identifying matters of abatement and other issues fatal to Plaintiff's Complaint. A stay of discovery pending the resolution of the FDC Officials' dispositive motion would prevent "unnecessary costs to the litigants and to the court system." Chudasama, 123 F.3d at 1368. No need exists to participate in potentially wasteful discovery or other proceedings if the Court finds the Complaint legally deficient, as the FDC Officials believe it is. Even if the Court declines to dismiss Plaintiff's Complaint in its entirety, a partial dismissal would alter the scope of the claims before the Court, and would therefore alter the scope of relevant and permissible discovery.

In the interests of judicial economy, the FDC Officials request that the Court impose an expedited briefing schedule to resolve the FDC Officials' Motion to Dismiss:

- November 18, 2024: Plaintiff's deadline for filing a response to the FDC Officials' Motion to Dismiss;
- November 22, 2024: The FDC Officials' deadline for filing a reply in support of the Motion to Dismiss;
- To the extent any claims remain after the Court rules on the FDC Officials' Motion to Dismiss, and Plaintiff continues to seek preliminary injunctive relief, the FDC Officials respectfully request that the Court set a new briefing and hearing schedule for Plaintiff's Motion for Preliminary Injunction after ruling on the FDC Officials' Motion to Dismiss.

Plaintiff will suffer no prejudice because of the FDC Officials' requested stay, which will only temporarily suspend, not impede, development of any claims that this Court does not dismiss. Moreover, the FDC Officials previously represented that they will maintain the *status quo* as to Plaintiff's receipt of hormones and the FDC Officials' enforcement of grooming and canteen policies applicable to male inmates against Plaintiff until the conclusion of the evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction. (Doc. 26 at 2, 4, 7, 10, 18). The FDC Officials further represent that they will continue to maintain the *status quo* as to Plaintiff pending the Court's resolution of the FDC Officials' Motion to Dismiss. To the extent any claims remain on which Plaintiff continues to seek preliminary injunctive relief after resolution of the FDC Officials' Motion to Dismiss, the FDC Officials will continue

to maintain the *status quo* as to Plaintiff until any rescheduled hearing on Plaintiff's Motion for Preliminary Injunction.

    In contrast, the FDC Officials will suffer prejudice if the Court declines to stay the current scheduling order because the FDC Officials must then devote time and expense responding to discovery requests and participating in briefing and a hearing on Plaintiff's Motion for Preliminary Injunction in a case that cannot be maintained as pled. Therefore, this Court should stay discovery and the current scheduling order pending a final ruling on the FDC Officials' Motion to Dismiss. See Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1308 (11th Cir. 2020) (affirming the district court's decision to stay discovery pending resolution of the defendant's motion to dismiss).

    WHEREFORE, premises considered, the FDC Officials respectfully request the Court enter an order staying the current scheduling order in this case, impose the expedited briefing schedule outlined above for the FDC Officials' Motion to Dismiss, and stay any discovery until disposition of the FDC Officials' Motion to Dismiss.

    Dated: November 12, 2024

                                                */s/    Kenneth S. Steely*
                                               Kenneth S. Steely
                                               *One of the Attorneys for the State*

                                               William R. Lunsford
                                               Kenneth S. Steely

William J. Cranford III (*pro hac vice*)
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 12th day of November, 2024:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
*Pro Hac Vice admission granted*

*Attorneys for Plaintiffs*

                                    */s/    Kenneth S. Steely*
                                    *Of Counsel*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that the Motion to Stay contains 613 words and that the Supporting Memorandum required by N.D. Fla. Loc. R. 7.1(E) contains 1,185 words, totaling **1,798 words** and not exceeding 8,000 total words as required by N.D. Fla. Loc. R. 7.1(F).


/s/     Kenneth S. Steely
*Of Counsel*