## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | | |
|---|---|---|
| **REIYN KEOHANE,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:24-cv-00434-AW-MAF** |
| | ) | |
| **RICKY D. DIXON, *et al.*,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>

The discovery sought by Plaintiff Reiyn Keohane and/or Defendants Ricky D. Dixon, in his official capacity as Secretary of the Florida Department of Corrections ("<u>FDC</u>"), Clayton Weiss, in his official capacity as Health Services Director of the FDC, and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution (each a "<u>Party</u>" and, collectively, "<u>Parties</u>") may involve production of documents and things containing business, proprietary, trade secret, security, personal health, and/or other information of a private or sensitive nature about a Party or third-party ("<u>Confidential Information</u>")[1]. Additionally, testimony from the Parties and third-parties in this action may contain, reference, and/or otherwise reflect Confidential Information. Accordingly, the Parties entered into

---

[1] The definition of Confidential Information includes documents and things designated "Confidential" or "Highly Confidential—Attorney's Eyes Only" under Section 2 of this Stipulated Protective Order.

this Confidentiality Stipulation and Protective Order (the "Stipulated Protective Order") to govern the production of documents and things (including testimony) that contain Confidential Information.  Nothing in this Stipulated Protective Order should be construed as a waiver by any party of the right of any Party to contest the alleged relevancy, admissibility, or discoverability of any confidential or highly confidential documents and information sought, and shall not be construed as a waiver of any applicable privilege or immunity, including but not limited to, the attorney-client privilege, attorney work product doctrine, joint-defense privilege, law enforcement/investigatory privilege, or any other applicable privilege or immunity.  For good cause shown, pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. § 164.512, the Court adopts the Parties Stipulated Protective Order and hereby ORDERS as follows:

### Designation of Confidential or Highly Confidential Information

1.    *General Definitions.*  Except as otherwise defined in this Stipulated Protective Order, these terms have the meaning ascribed to them below:

a.    "**FDC**" means the Florida Department of Corrections.

b.    "**Confidential Information**" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, concerning or relating to:

i.    Personally identifiable information:

1. Names, addresses, or other personally identifiable information of current and/or former inmates within the FDC's custody.

2. Individually identifiable medical and mental health information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations;

3. Photographs, electronic, or other visual images of individuals' faces;

4. Health plan beneficiary numbers and biometric identifiers;

5. Records maintained in a completed investigation.

ii. Proprietary business information not generally known to the public, the disclosure of which would create a risk of harm to a Party or third-party.

iii. Past or present FDC policies, procedures, or health services bulletins not available to the public including drafts and final versions.

iv. Internal FDC communications regarding the development and adoption of any FDC policies, procedures, or health services bulletins.

v. Any security and/or operational policies, procedures, or plans related to the implementation of FDC security measures or operational procedures.

3

c.      "**Designating party**" means any Party or third-party disclosing or producing Confidential Information in connection with discovery in these actions.

d.      "**Discovery material(s)**" means one or more documents (as defined below), things, items, or information in any other form produced or generated in disclosures or responses to discovery in this action, regardless of the medium or manner in which it is stored, generated, or maintained.

e.      "**Document(s)**" possesses the same meaning as provided in Rule 34 of the <u>Federal Rules of Civil Procedure</u> for documents, electronically stored information, and tangible things, and shall include all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including notes on documents, whether produced pursuant to a request for production, subpoena (with or without a *duces tecum* request), by agreement, or by any other means.

f.      "**Highly Confidential Information**" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, that may: (1) jeopardize the safety of security operations of FDC facilities or the safety of prisoners in FDC's custody if made public; (2) result in retaliation based on a good faith belief concerning the likelihood of such retaliation due to demonstrable circumstances; (3)

4

concern or relate to a completed investigation of an incident of inmate-on-inmate violence, sexual assault, or staff use of force; (4) any complaint, grievance, report, and/or allegation made pursuant to the Prison Rape Elimination Act ("PREA") including but not limited to, the identity(ies) of involved parties, the substance of allegations, the identity of any witness(es), steps taken during any PREA investigation, and the results of any PREA investigation; or (5) constitute internal self-critical reviews and quality control materials, such as mortality reviews regarding prisoner deaths. Examples of documents historically receiving "Highly Confidential—Attorneys' Eyes Only" designation include, but are not limited to, schematics and blueprints of a facility, restricted policies, and procedures, and completed administrative and criminal investigative files. Whenever possible, to assist in mediation, settlement, or trial preparation, the designating Party may provide a redacted copy of any document containing Highly Confidential Information so that a Party may review.

     g.    "**Receiving party**" means any Party to these actions and any third-party that receives Confidential or Highly Confidential Information.

    2.   *Confidential Designation of Documents.*  Interrogatory answers, responses to requests for admission, document production, deposition testimony, transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote,

summarize, or contain material entitled to protection may be accorded status as a document containing Confidential Information.

3.  Documents and other things claimed to be or to contain Confidential or Highly Confidential Information shall, prior to production, be marked by the producing party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only." Placement of the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential or Highly Confidential—Attorneys' Eyes Only material and shall be subject to the provisions of this Stipulated Protective Order.  Copies, extracts, summaries, notes, and other derivatives of Confidential or Highly Confidential— Attorneys' Eyes Only material shall also be deemed Confidential or Highly Confidential—Attorneys' Eyes Only material and shall be subject to the provisions of this Stipulated Protective Order.  Any third-party producing documents pursuant to a subpoena shall be provided with a copy of this Stipulated Protective Order and shall be permitted to designate any document or material it produces as containing Confidential or Highly Confidential Information pursuant to the terms of this Stipulated Protective Order.

4.  *Subsequent Designation.*  Documents and/or materials produced in this action that are not identified as Confidential Information when they were initially

produced may within a reasonable time thereafter be designated as Confidential or Highly Confidential—Attorneys' Eyes Only by the producing party, by the party or parties receiving the production, or by providing written notice to counsel for all other parties.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation to it, and shall thereafter distribute it only as allowed by this Stipulated Protective Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Stipulated Protective Order.

If a disclosing party produces two or more identical copies of a document, of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a receiving party identifies such a discrepancy, it shall promptly notify the disclosing party.  Once the disclosing party identifies or becomes aware of the discrepancy, it shall promptly notify all other Parties to the Proceeding.

5.    *Confidential Information in Depositions.*  In the context of depositions taken in this matter, the following shall apply:

    a.    During any depositions, an attorney may show and examine a deponent about documents containing Confidential Information if the attorney

complies with the provisions of Section 6.  Deponents shall not retain or copy any Document, exhibit, or portion of the transcript of their depositions that contains Confidential Information not produced by them or the entities they represent.  A deponent who is not a party or a representative of a Party shall be furnished a copy of this Stipulated Protective Order before being examined about or asked to produce potential Confidential Information.

b.    Parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and accompanying exhibits) as containing Confidential Information.  Confidential Information within the deposition transcript may be designated by highlighting the portions of the pages that are confidential and marking such pages with the following legend: "Confidential" or "Highly Confidential—Attorneys' Eyes Only."  Until expiration of the thirty (30) day period, the entire deposition will be treated as Highly Confidential Information subject to protection against disclosure under this stipulated protective order.

6.    *Modification of Designation.*   The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of the two ways explained below:

a. The producing party may agree in writing to downgrade or eliminate the Confidential or Highly Confidential—Attorneys' Eyes Only designation concerning any material it produced.

b. If the Parties cannot agree as to the designation of any particular information after participation in a good faith discussion, the receiving party may move the Court to downgrade or eliminate the designation. The burden of proving the propriety of the designation shall be on the designating party.

## Access to Confidential Information

7. *General Access*.

a. *Materials designated Confidential.* Except as otherwise expressly provided by this Order, or subsequent order of the Court, information, documents, and materials designated Confidential may be revealed only as follows:

i. To counsel for a party in this action, including the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

ii. To the Parties in this action solely for use in this action, except that no current or former inmate, including Plaintiff, shall review or copy any FDC sensitive security

or operational documents or information related to the safe and secure operations of FDC or any FDC facility;

iii. To employees of Parties or counsel in this action involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data, or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system and to employees of third-party contractors performing one or more of these functions;

iv. To court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court);

v. To employees of the FDC entitled to such information in their official capacity to perform their duties within FDC;

vi. To independent consultants or experts (meaning a person who is not an employee, officer, director, or owner in any capacity of a Party and who is retained by a Party or a Party's counsel in good faith for the purpose of assisting

in this action) provided that such experts or consultants must first sign Exhibit A hereto and provide a copy of the signed form to counsel for the relevant Party for maintaining;

vii.     To persons noticed for depositions or designated as witnesses at a hearing or trial to the extent reasonably necessary in preparing to testify, provided such persons first sign Exhibit A attached hereto and provide a copy of the signed form to counsel for the Parties subject to the exceptions identified in subsection ii above;

viii.    To the author, participant, or recipient of a document or anyone else who already saw the document in the ordinary course of his or her employment or other authorized capacity, containing the Confidential Information;

ix.     If additional persons or entities become Parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Stipulated Protective Order; and

x.      To other persons, but only upon obtaining written consent (or consent on record at a deposition) of the disclosing party, and provided such persons first sign Exhibit A of this Stipulated Protective Order and provide a copy of the signed form to counsel for the relevant Party.

b.      *Material designated Highly Confidential—Attorneys' Eyes Only.* Materials designated Highly Confidential—Attorneys' Eyes Only shall not be disclosed to anyone other than the following:

i.      To counsel for a Party in this action, including the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

ii.     To FDC employees entitled to receive such material and information in their official capacity to perform their duties within FDC;

iii.    To court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court);

iv.      To independent consultants or experts (meaning a person who is not an employee, officer, director, or owner in any capacity of a Party and who is retained by a Party or a Party's counsel in good faith for the purpose of assisting in this action) provided that such experts or consultants must first sign Exhibit A hereto and provide a copy of the signed form to counsel for the relevant Party for maintaining;

v.      To the author, participant, or recipient of a document, or anyone else who already saw the document in the ordinary course of his or her employment or other authorized capacity, containing the Highly Confidential Information; and

vi.      To other persons, but only upon obtaining written consent (or consent on record at a deposition) of the disclosing party, provided such persons must first sign Exhibit A attached hereto and provide a copy of the signed form to counsel for the relevant Party for maintaining.

Notwithstanding any of the provisions provided in this Stipulated Protective Order, no current or former inmate, including Plaintiff, shall review or copy any FDC

sensitive security or operational documents or information related to the safe and secure operations of FDC or any FDC facility. If any Party seeks broader disclosure of material designated as Confidential or Highly Confidential—Attorneys' Eyes Only, counsel shall confer in good faith to negotiate appropriate redactions or restrictions that would allow such disclosure before bringing the matter to the attention of the Court.

8.    *Limited Access to Confidential Information*.    Notwithstanding the preceding paragraph, Confidential Information produced by the Parties or any third party may be revealed to attorneys employed by the State of Florida, including any of its agencies or contractors (the "State"), who defend, monitor, and/or oversee cases against the FDC or FDC's employees for the limited purposes of performing those job duties and to employees of the State entitled to such information by reason of their positions or duties with the State.

9.    *Access to State Documents*.    Nothing herein shall prevent any person employed by the State from possessing, maintaining, or reviewing any document (not produced by Plaintiff in this matter) or other thing in the possession, custody, or control of the State.

10.    *Disputes over Access*.    If a dispute arises as to whether a particular person should be granted access to Confidential Information, the Party seeking

disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential or Highly Confidential Information

11.    *Use in This Action Only.*    Confidential Information may only be used for purposes of this action.  Persons obtaining access to Confidential Information under this Stipulated Protective Order shall only use the information for the preparation and trial of this specific action in the manner specified above (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings without leave of Court or agreement of the parties.  Each person to whom the disclosure of any Confidential Information is made shall not, directly, or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate Confidential Information, except as expressly provided in this Stipulated Protective Order.

12.    *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Stipulated Protective Order to receive the Confidential Information.

13.    *Filing Under Seal.*  Each document allowed by the Court to be filed under seal shall be filed under seal consistent with the Court's procedures for filings under seal.  Copies of such documents served on counsel for other Parties shall be marked as Confidential or Highly Confidential—Attorneys' Eyes Only.  Whenever possible, the Party filing under seal any document designated as Highly Confidential-Attorney's Eyes Only shall also serve a redacted copy on the opposing Parties for use in this action only.  Documents may be filed under seal with prior leave of court.  Exhibits filed under seal should be served on all counsel of record for the Parties electronically the same day filed with the clerk of court.

14.    *Use at Court Hearings and Trial.*  Subject to the <u>Federal Rules of Evidence</u>, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives advance notice to the Court and counsel for the producing or designating party.  Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.  A Party may offer into evidence at trial and/or hearing exhibit(s) containing Confidential Information for rebuttal or impeachment purposes, provided that the proponent allows counsel for the

producing or designating party the opportunity to request in camera review prior to its admission or use. The Court will then determine whether the proffered evidence should continue to be treated as Confidential or Highly Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

15. *Reasonable Precautions.* Counsel for each Party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, and to control duplication of, access to, and distribution of documents, materials, and/or information containing Confidential Information. Parties shall not duplicate any document containing Confidential Information except working copies and for filing in Court under seal.

16. *Subpoena by Other Courts or Agencies.* If another court or an administrative agency subpoenas or orders production of Documents, material, or information containing Confidential Information that a party has obtained under the terms of this Stipulated Protective Order, that receiving party must: (a) promptly notify in writing the disclosing party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the person or entity who caused the subpoena or order to issue in the other action or investigation of this Protective Order

and provide it with a copy; and (c) cooperate with respect to all reasonable procedures pursued by the disclosing party whose Confidential or Highly Confidential Information may be affected.

The disclosing party must notify the receiving party within seven (7) days of receiving the notice and accompanying information if it intends to seek a protective order from the applicable court to avoid disclosure of the Confidential or Highly Confidential Information.

      a.    If the disclosing party timely seeks a protective order, the receiving party served with the subpoena or court order shall not produce any Confidential or Highly Confidential Information before a determination by the applicable court, unless the disclosing party consents to such production in writing. The disclosing party shall bear the burden and expense of seeking protection of its Confidential or Highly Confidential Information in the applicable court.

      b.    If the disclosing party fails to object or seek a protective order from the court within 14 days of receiving the notice and accompanying information, or such other shorter time as may be required by the applicable court to seek a protective order, the receiving party may produce the Confidential or Highly Confidential Information responsive to the subpoena or court order.

17.    *Return After This Action.*  Within sixty (60) days of the final termination of this action by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each Party shall return to counsel for the Party who furnished the same all documents or other materials constituting, containing, or reflecting Confidential Information or shall destroy all such documents and material (including physical or electronic copies of such documents and material, if any).  The Party returning or destroying the Documents or other materials constituting, containing, or reflecting Confidential Information may retain a log of documents produced which may identify the individual documents being returned or destroyed in a manner that does not breach their confidentiality obligations.

## Other Provisions

18.    *HIPAA Compliance.*  This Stipulated Protective Order shall serve as a qualified protective order under Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This Stipulated Protective Order authorizes any third-party provided with a subpoena pursuant to Federal Rule of Civil Procedure 45 requesting the production of documents or commanding attendance at deposition or trial, and to which no objection has been timely filed, to disclose the Protected Health Information in response to such request or subpoena.  This Stipulated Protective Order is intended to authorize such disclosures under the privacy regulations issued pursuant to

HIPAA.    45  C.F.R.  §  164.512(e)(1)(i).    The  Parties  are  **EXPRESSLY**

**PROHIBITED** from using or disclosing the protected health information obtained

pursuant to this Stipulated Protective Order for any purpose other than this action.

Further, the Parties are **ORDERED** to either return to the covered entity from whom

or which such protected health information was obtained, or to destroy the protected

health information (including all copies made), immediately upon conclusion of this

action.  *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

19.    *Modification Permitted*.  Nothing in this Stipulated Protective Order

shall prevent any Party or other person from seeking modification of this Stipulated

Protective Order or from objecting to discovery that it believes otherwise improper.

20.    *Jurisdiction*.  The Court's jurisdiction to enforce the provisions of this

Stipulated Protective Order will terminate on the final disposition of this case.  But

a Party may file a motion to seek leave to reopen the case to enforce the provisions

of this Stipulated Protective Order.

21.    *Evidentiary Objections*.  Nothing contained in this Stipulated Protective

Order, and no action take pursuant to it, shall prejudice the right of any Party to

contest the alleged relevancy, admissibility, or discoverability of the confidential or

highly confidential documents and information sought.

IT IS SO ORDERED on this ____ day of _____ 2024.

20

_____
**Honorable Allen C. Winsor**
United States District Judge

So stipulated by the Parties, by and through their undersigned counsel.

Dated: _____

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED
BY CONFIDENTIALITY STIPULATION AND
PROTECTIVE ORDER**

I hereby acknowledge that I have reviewed the Confidentiality Order dated

_____ in the above-captioned action and attached hereto and I have been

designated by _____ as a person who may have access to

Confidential or Highly Confidential Information as that term is defined in the

Confidentiality Stipulation and Protective Order (the "Order") entered in the above-

entitled case.  Having received and read the Order, I agree to comply fully with it

and to be bound by its terms with respect to all documents and information

designated as Confidential or Highly Confidential Information under the Order.  I

agree not to copy any documents or information that have been designated as

containing Confidential or Highly Confidential Information disclosed to me and not

to disclose such documents or information to any person or entity not authorized

under the Order to view Confidential or Highly Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this _____ day of _____, 20___.


_____
Name

_____
Address

_____
Employer

_____
Job Title