IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:24-CV-434-AW-MAF |
| v. | ) |
| | ) |
| **RICKY DIXON,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**THE FDC OFFICIALS' OBJECTIONS AND ANSWERS
TO PLAINTIFF'S INTERROGATORIES
TO THE FDC OFFICIALS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Ricky Dixon ("Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), Clayton Weiss ("Weiss"), in his official capacity as Health Services Director of the FDC, and Gary Hewett ("Hewett" and together with Dixon and Weiss, the "FDC Officials"), in his official capacity as Warden of Wakulla Correctional Institution ("Wakulla") hereby submit these Objections and Answers to Plaintiffs' First Set of Interrogatories (each an "Interrogatory" and collectively the "Interrogatories") served by Plaintiff Reiyn Keohane ("Plaintiff") on November 4, 2024.

The FDC Officials provide their understanding in responding to each discovery request:

1. The FDC Officials object to the "Instructions" accompanying Plaintiff's Interrogatories to the extent they attempt to vary the obligations and procedures imposed by the Federal Rules of Civil Procedure, change the plain meaning of a word or phrase, and/or make such Interrogatory ambiguous, confusing, or vague.

2. The FDC Officials object to Instruction No. 5 in requesting the FDC Officials produce electronically stored information ("ESI") in native format. The FDC Officials object to producing ESI in the format in which it is kept in the ordinary course of business, as a result of the associated burden and cost, and because the FDC Officials anticipate that portions of the ESI produced will require redaction and it is often impossible to redact documents in their native format (for example, e-mail communications and Excel spreadsheets may not be redacted in their native format).

3. By responding to any Interrogatory, the FDC Officials do not admit any information in its answer (including any referenced document) is relevant in this action. Additionally, the FDC Officials respond to these discovery requests with the express understanding that the FDC Officials' answers and any responsive documents or information will be used in this action alone and for no other purpose.

4. The FDC Officials reserve the right to supplement their answer to each discovery request during or after completion of discovery.

5. Any inadvertent production of privileged materials by the FDC Officials may not be construed as a waiver of the applicable privilege. The FDC Officials reserve the right to seek the return of such privileged materials, and to object to their use. The FDC Officials reserve the right to redact privileged information from documents that contain both privileged and non-privileged information.

6. The FDC Officials reserve the right to object on any ground to the use of any information provided, documents produced, or the subject matter thereof, in any subsequent proceeding, or the trial of this or any other action.

The FDC Officials make these objections without waiver of, or prejudice to, additional objections it may make. Further, the FDC Officials expressly reserve all such objections, as well as the right to move for a protective order.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

1. **INTERROGATORY NO. 1:** On what date did the Florida Department of Corrections ("FDC") rescind Policy 403.012?

**RESPONSE:** The FDC Officials respond that FDC rescinded policy 403.012 on September 30, 2024.

2. **INTERROGATORY NO. 2:** How many inmates in FDC custody were diagnosed with gender dysphoria as of September 29, 2024?

**RESPONSE:** The FDC Officials object to this Interrogatory as overly broad in scope, not proportional to Plaintiff's need for discovery and, as such, calling for the disclosure of information irrelevant to Plaintiff's claims. The FDC Officials object to this Interrogatory as vague and ambiguous in that it requires them to guess or speculate as to the meaning of "diagnosed with gender dysphoria." Subject to and without waiving any objection, the FDC Officials respond that as of September 29, 2024, FDC housed a total of 181 inmates diagnosed with gender dysphoria.

3. **INTERROGATORY NO. 3:** How many inmates in FDC custody with gender dysphoria were receiving hormone therapy as of September 29, 2024?

**RESPONSE:** The FDC Officials object to this Interrogatory as overly broad in scope, not proportional to Plaintiff's need for discovery and as such, calling for disclosure of information irrelevant to Plaintiff's claims. Further, the FDC Officials object to this Interrogatory as vague and ambiguous in that it requires them to guess or speculate as to the meaning of "receiving hormone therapy." Subject to and without waiving any objection, the FDC Officials respond that as of September 29, 2024, FDC housed a total of 107 inmates diagnosed with gender dysphoria and prescribed cross-sex hormone therapy.

3

4. **INTERROGATORY NO. 4:** As of September 29, 2024, how many inmates with gender dysphoria in FDC custody in men's facilities were receiving:

    a.    an exemption to the male hair-length policy?

    b.    ability to purchase and wear bras?

    c.    ability to purchase and wear female undergarments?

    d.    ability to purchase alternate canteen items like cosmetics and makeup?

**RESPONSE:** The FDC Officials object to Interrogatory No. 4 as vague and ambiguous to the extent it requires the FDC Officials to guess or speculate as to the meaning of the terms "receiving," "exemption," "ability," and "items like cosmetics and makeup." Subject to and without waiving any objection, the FDC Officials respond that as of September 29, 2024, 181 inmates possessed alternate canteen and grooming passes.

5. **INTERROGATORY NO. 5:** Since September 30, 2024, how many inmates in FDC custody who had previously been diagnosed with gender dysphoria and receiving hormone therapy have been reevaluated to determine if their gender dysphoria diagnosis is still valid and if their treatment plan should be maintained, and of those:

    a. in how many cases was the diagnosis reaffirmed and in how many was the diagnosis deemed inappropriate?

    b. in how many cases was it determined that hormone therapy should continue and in how many be discontinued?

**RESPONSE:** The FDC Officials object to Interrogatory No. 5 as overly broad in scope, not proportional to Plaintiff's need for discovery and as such, calling for disclosure of information irrelevant to Plaintiff's claims. Further, the FDC Officials object to this Interrogatory as vague and ambiguous in that it requires them to guess or speculate as to the meaning of "valid," "treatment plan," "reevaluated," "reaffirmed," and "inappropriate." Subject to and without waiving any objection, the FDC Officials respond that no inmates have completed the review process identified in HSB 15.05.23.

4

6. **INTERROGATORY NO. 6:** What is the current FDC policy with respect to whether and under what circumstances inmates with gender dysphoria may follow female grooming standards (including hair length and use of alternate canteen items, such as makeup) and wear female undergarments, and any statutory or regulatory sources of that policy?

**RESPONSE:** The FDC Officials object to Interrogatory No. 6 as vague and ambiguous to the extent it requires the FDC Officials to guess or speculate as to the meaning of "whether and under what circumstances," and "female grooming standards." The FDC Officials also object to this Interrogatory on the basis that it seeks "statutory and regulatory sources" that remain equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on the FDC Officials. Subject to and without waiving any objection, inmates may access medical and mental health services to address medical and mental health concerns. Each inmate will receive an individual assessment by medical and mental health providers who will recommend individual treatment, subject to review and approval by the Chief of Medical Services, Chief of Mental Health Services, and Chief Clinical Advisor.

7. **INTERROGATORY NO. 7:** Provide the name and position of everyone involved in the decision to rescind Policy 403.012 and adopt Health Bulletin 15.05.23, including government officials outside of FDC, and who was the final decision maker?

**RESPONSE:** The FDC Officials object to this Interrogatory as overly broad in scope, disproportionate to the needs of the case, and as such, calling for disclosure of information irrelevant to Plaintiff's claims in this case. The FDC Officials object to Interrogatory No. 7 as vague and ambiguous, to the extent it requires the FDC Officials to guess or speculate as to the meaning of "involved in the decision to rescind Policy 403.012 and adopt Health Bulletin 15.05.23," "government officials," and "final decision maker." The FDC Officials object to the extent Interrogatory No. 7 requests information subject to protection under the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to, and without waiving the objections, the FDC Officials respond that FDC mental health and medical leadership engaged in a multi-year intensive process to review Procedure 403.012. Further, FDC Officials state the following individuals

5

assisted with the development of HBS 15.05.23 and the rescinding of Procedure 403.012, Clayton Weiss, Dr. Suzonne Kline, Dr. Danny Martinez.

Respectfully submitted this 22nd day of November 2024.

/s/ Kenneth S. Steely
Kenneth S. Steely
*One of the Attorneys for the FDC Officials*

William R. Lunsford\*
Kenneth S. Steely (Florida Bar No. 84714)
William J. Cranford III\*
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com
*\*Admitted Pro Hac Vice*

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 22nd day of November, 2024:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*



/s/ Kenneth S. Steely
*Of Counsel*

7

*[Signature]*
Signature

STATE OF FLORIDA

COUNTY OF LEON

I, a Notary Public in and for said County in said State, hereby certify that Clayton Weiss, signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, with full authority, executed the same voluntarily.

Given under my hand and official seal this 22nd day of Nov., 2024.



Notary Public
My Commission Expires: 6-11-25

**NOTARY SEAL**

8