IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| REIYN KEOHANE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICKY D. DIXON, *et al.*, )<br>)<br>Defendants. ) | Case No. 4:24-CV-434-AW-MAF |

**THE FDC OFFICIALS' OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Ricky D. Dixon ("Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), Clayton Weiss ("Weiss"), in his official capacity as Health Services Director of the FDC, and Gary Hewett ("Hewett" and, together with Dixon and Weiss, the "FDC Officials"), in his official capacity as Warden of Wakulla Correctional Institution ("Wakulla"), hereby submit these Objections and Answers to Plaintiffs' First Requests for Admissions served by Plaintiff Reiyn Keohane ("Plaintiff") on November 4, 2024.

The FDC Officials hereby provide their objections to and understanding in answering each request for admission:

1. By responding to any Request, the FDC Officials do not admit any information contained in any answer (including any referenced document) is relevant in this action. Additionally, the FDC Officials respond to these requests

with the express understanding that their answers will be used in this action alone and for no other purpose.

2.    The FDC Officials reserve the right to supplement their answers to each Request during or after completion of discovery.

3.    The FDC Officials object to the "Instructions" accompanying Plaintiff's Requests to the extent they attempt to vary the obligations and procedures imposed by the <u>Federal Rules of Civil Procedure</u>, change the plain meaning of a word or phrase, and/or make such Request ambiguous, confusing, and vague.

4.    The FDC Officials reserve the right to object on any ground to the use of any information provided, documents produced, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action.

5.    The FDC Officials make these objections without waiver of, or prejudice to, additional objections they may make.  Further, the FDC Officials expressly reserve all such objections, as well as the right to move for a protective order.

### ADDITIONAL OBJECTIONS AND ANSWERS TO PLAINTIFF'S REQUESTS

1.    **REQUEST NO. 1:** Admit that FDC has been providing Plaintiff with hormone therapy and permission to access female clothing and grooming standards since at least 2018.

**RESPONSE:** The FDC Officials object to this Request vague and ambiguous to the extent the Request requires the FDC Officials to guess or speculate as to the meaning of "providing" and "permission."  Subject to and without waiving any objection, the FDC Officials admit that as of 2018 to the present mental health and medical providers prescribed Plaintiff hormone therapy which she received.  The FDC Officials further admit that the FDC allowed Plaintiff to access alternative canteen items, and grooming standards.  However, the FDC Officials expressly dispute that access to alternative canteen items and grooming standards represent medically prescribed treatment for Plaintiff.

2.    **REQUEST NO. 2:** Admit that, at the present time, it is medically necessary for Plaintiff to receive hormone therapy to treat her gender dysphoria.

**RESPONSE:** The FDC Officials object to this Request as vague and ambiguous to the extent it requires them to guess or speculate as to the meaning of "present time," and "medically necessary."  Subject to and without waiving any

objection, the FDC Officials admit that Keohane received a preliminary assessment and evaluation by medical and mental health staff who determined cross-sex hormone therapy remained clinically appropriate for Plaintiff. However, this preliminary assessment remains non-final and subject to final review and approval by the Chief of Medical Services, Chief of Mental Health Services, and Chief Clinical Advisor pursuant to Health Services Bulletin 15.05.23.

3. **REQUEST NO. 3:** Admit that under current FDC policy, inmates with gender dysphoria residing in men's facilities may not access female grooming standards and female underpants regardless of medical need.

**RESPONSE:** The FDC Officials object to Request No. 3 as overly broad, disproportionate to the needs of the case, and as such, calling for information irrelevant to Plaintiff's claims. The FDC Officials further object to this Request as vague and ambiguous to the extent it requires the FDC Officials to guess or speculate as to the meaning of "inmates with gender dysphoria," "access," and "medical need." Moreover, the FDC Officials object to this Request to the extent it requires them to speculate as to the outcome of mental health and medical assessments and review that remain incomplete and for which a final determination has not been made. Subject to, and without waiving any objection, the FDC Officials deny Request No. 3. Health Services Bulletin 15.05.23 requires FDC mental health and medical staff perform individual assessments and determine the individual inmate's specific treatment needs. Mental health and medical providers will perform assessments to determine individual treatment plans and needs, which will be subject to approval by the multidisciplinary services team. If a variance is approved by the Chief of Medical Services, Chief of Mental Health Services, and Chief Clinical Advisor, inmates will receive all treatment determined by the variance review team to be medically necessary treatment.

Except as expressly admitted above, the FDC Officials deny each and every Request.

Respectfully submitted this 22nd day of November 2024.

/s/ Kenneth S. Steely
Kenneth S. Steely
*One of the Attorneys for the FDC Officials*

William R. Lunsford*
Kenneth S. Steely (Florida Bar No. 84714)

3

William J. Cranford III*
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com
*Admitted Pro Hac Vice*

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 22nd day of November, 2024:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

/s/ Kenneth S. Steely
*Of Counsel*