## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | **Case No. 4:24-cv-00434-AW-MAF** |
| ) | |
| **RICKY D. DIXON,** *et al.,* ) | |
| ) | |
| *Defendants.* ) | |

### THE FDC OFFICIALS' OBJECTIONS AND RESPONSES
### TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the <u>Federal Rules of Civil Procedure</u>, and the Court's October 31, 2024, Order Regarding Schedule, ECF 22 at 2 (permitting "limited and targeted written discovery before the [December 9, 2024] hearing"), Ricky D. Dixon ("<u>Dixon</u>"), in his official capacity as Secretary of the Florida Department of Corrections ("<u>FDC</u>"), Clayton Weiss ("<u>Weiss</u>"), in his official capacity as Health Services Director of the FDC, and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("<u>Hewett</u>" and, together with Dixon and Weiss, the "<u>FDC Officials</u>"), hereby submit the following Objections and Responses to Plaintiff's First Requests for Production contained in the Composite Written Discovery Requests served by Plaintiff Reiyn Keohane ("<u>Plaintiff</u>") on November 4, 2024.

**THE FDC OFFICIALS' RESPONSE TO AND UNDERSTANDING
OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

The FDC Officials provide their understanding in responding to each discovery

request:

1.    The FDC Officials object to the "Instructions" accompanying Plaintiff's Requests for Production to the extent they attempt to vary the obligations and procedures imposed by the Federal Rules of Civil Procedure, change the plain meaning of a word or phrase, and/or make such Requests ambiguous, confusing, or vague.

2.    The FDC Officials object to Instruction No. 5 in requesting the FDC Officials produce electronically stored information ("ESI") in native format.  The FDC Officials object to producing ESI in the format in which it is kept in the ordinary course of business, as a result of the associated burden and cost, and because the FDC Officials anticipate that portions of the ESI produced will require redaction and it is often impossible to redact documents in their native format (for example, e-mail communications and Excel spreadsheets may not be redacted in their native format).

3.    By responding to any Request for Production, the FDC Officials do not admit any information in their responses (including any referenced document) is relevant in this action.   Additionally, the FDC Officials respond to these Requests with the express understanding that the FDC Officials' responses and any responsive documents will be used in this action alone and for no other purpose.

4.    The FDC Officials reserve the right to supplement their response to each discovery request during or after completion of discovery.

5.    Any inadvertent production of privileged materials by the FDC Officials may not be construed as a waiver of the applicable privilege.   The FDC Officials reserve the right to seek the return of such privileged materials, and to object to their use.   The FDC Officials reserve the right to redact privileged information from documents that contain both privileged and non-privileged information.

6.    The FDC Officials reserve the right to object on any ground to the use of any information provided, documents produced, or the subject matter thereof, in any subsequent proceeding, or the trial of this or any other action.

2

7.     The FDC Officials make these objections without waiver of, or prejudice to, additional objections they may make.   Further, the FDC Officials expressly reserve all such objections, as well as the right to move for a protective order.

## THE FDC OFFICIALS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All memoranda and other similar documents regarding the development of Health Bulletin 15.05.23, including the reasons for the policy and rescission of FDC's Policy 403.012.

1.     **RESPONSE:** The FDC Officials object to this Request as overly broad in time and scope, disproportionate to the needs of the case, and as such, calling for the production of documents and information wholly irrelevant to Plaintiff's claims and the FDC Officials' defenses in this case.  For example, internal correspondence regarding the recission of FDC policy 403.012 remain immaterial to whether Plaintiff will suffer immediate and irreparable harm without a preliminary injunction. The FDC Officials further object to this Request as vague and ambiguous in seeking "[a]ll memoranda and other similar documents regarding the development of Health Bulletin 15.05.23."  This Request requires the FDC Officials to guess or speculate as to the meaning of "similar documents" and "regarding the development of Health Bulletin 15.05.23."  Further, the FDC Officials object to this Request to the extent it seeks information protected from disclosure by attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Finally, the Parties have yet to reach an agreement on a protective order, which remains necessary due to the highly confidential and sensitive nature of the information Plaintiff seeks.  Subject to and without waiving any objection, the FDC Officials continue to search for and review documents and will produce responsive documents as they are identified following the execution of the Protective Order.

2.     **REQUEST NO. 2:** All memoranda and other similar documents provided to FDC staff and/or contracted medical or mental health staff regarding the implementation and enforcement of Health Bulletin 15.05.23, including but not limited to guidance to medical and mental health staff concerning:

    a.     the process they should follow to reevaluate inmates; and

    b.     under what circumstances they may seek a variance to provide hormone therapy to an inmate with gender dysphoria.

**RESPONSE:**  The FDC Officials object to this Request as overly broad in scope, and disproportionate to the needs of the case, and as such, calling for the production of documents and information irrelevant to Plaintiff's claims and the FDC Officials' defenses in this case.   For example, internal correspondence discussing the dates of implementation of Health Bulletin 15.05.23 remain immaterial to whether Plaintiff will suffer immediate and irreparable harm without a preliminary injunction.  The FDC Officials object to this Request as vague and ambiguous to the extent it requires the FDC Officials to guess or speculate as to the meaning of "[a]ll memoranda and other similar documents," and "regarding the implementation and enforcement of Health Bulletin 15.05.23."  Further, the FDC Officials object to this Request as seeking information protected from disclosure by attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.  Finally, the Parties have yet to reach an agreement on a protective order, which remains necessary due to the highly confidential and sensitive nature of the information Plaintiff seeks.  Subject to and without waiving the foregoing objections, the FDC Officials will produce "HSB 15.05.23 Operational Plan" dated September 24, 2024, "Update Regarding Treatment for Gender Dysphoria Inmate Patients" dated September 24, 2023, and "Frequently Asked Questions Regarding Gender Dysphoria for Non-Health Care Staff" dated September 19, 2024, upon entry of an appropriate protective order.  The FDC Officials continue to search for and review documents and will produce any additional responsive documents as they are identified.

3.     **REQUEST NO. 3:**  All documents provided to inmates regarding the change in policy for the treatment of inmates with gender dysphoria on or after September 30, 2024.

**RESPONSE:**  The FDC Officials object to this request on the basis that it conceivably seeks non-party medical records or other information protected from disclosure pursuant to the doctor-patient privilege, HIPAA and the Florida Patient's Bill of Rights and Responsibilities, § 381.026, Fla. Stat. (2024).  The FDC Officials further object to this Request as overly broad, and disproportionate to the needs of the case, and as such, calling for the production of documents and information irrelevant to Plaintiff's claims and the FDC Officials' defenses in this case.  For example, a non-party inmate's medical correspondence remains immaterial to whether Plaintiff will suffer immediate and irreparable harm without a temporary restraining order.  The FDC Officials object to this Request as vague and ambiguous to the extent it requires the FDC Officials to guess or speculate as to the meaning of "provided to inmates."  Finally, the Parties have yet to reach an agreement on a protective order, which remains necessary due to the highly confidential and

sensitive nature of the information Plaintiff seeks. Subject to and without waiving any objections, the FDC Officials respond that FDC staff did not give inmates any documents or copies of documents regarding HSB 15.05.23.

**REQUEST NO. 4:** All documents related to treatment of gender dysphoria that inmates with gender dysphoria were asked to sign on or after September 30, 2024.

**RESPONSE:** The FDC Officials object to this request on the basis that it conceivably seeks non-party medical records or other information protected from disclosure pursuant to the doctor-patient privilege, HIPAA and the Florida Patient's Bill of Rights and Responsibilities, § 381.026, Fla. Stat. (2024). The FDC Officials further object to this Request as overly broad and unduly burdensome, and disproportionate to the needs of the case, and as such, calling for the production of documents and information wholly irrelevant to Plaintiff's claims and the FDC Officials' defenses in this case. For example, a sign-in sheet for a gender dysphoria meeting at another facility remains immaterial to whether Plaintiff will suffer immediate and irreparable harm without a temporary restraining order. Finally, the Parties have yet to reach an agreement on a protective order, which remains necessary due to the highly confidential and sensitive nature of the information Plaintiff seeks. Subject to and without waiving any objections, the FDC Officials will produce "Script Regarding Undergarments, Hair, and Alternate Canteen Items." The FDC Officials continue to search for and review documents and will produce any additional responsive documents as they are identified.

**REQUEST NO. 5:** All of Plaintiff's medical records, including electronic records.

**RESPONSE:** The FDC Officials object to this Request as overly broad and unduly burdensome, and disproportionate to the needs of the case, and as such, calling for the production of documents and information irrelevant to Plaintiff's claims and the FDC Officials' defenses in this case. For example, medical records relating to an illness Plaintiff suffered in 2017 bears no relevancy to Plaintiff's claims regarding gender dysphoria in 2024. The FDC Officials object to producing ESI as a result of the associated burden and cost and in the format in which it is kept in the ordinary course of business, because the FDC Officials anticipate that portions of the ESI produced will require redaction and it is often impossible to redact documents in their native format. Subject to and without waiving the foregoing objections, the FDC Officials submit documents Bates labeled FDC_OFFICIALS

_00001-FDC_OFFICIALS_003768.  The FDC Officials continue to search for and review documents and will produce responsive documents as they are identified.

      Dated: November 22, 2024

                                      */s/ Kenneth S. Steely*

                                        Kenneth S. Steely
                                        *One of the Attorneys for the FDC Officials*

                                        William R. Lunsford*
                                        Kenneth S. Steely (Florida Bar No. 84714)
                                        William J. Cranford III*
                                        **BUTLER SNOW LLP**
                                        200 West Side Square
                                        Suite 100
                                        Huntsville, Alabama 35801
                                        Telephone: (256) 936-5650
                                        Facsimile: (256) 936-5651
                                        kenneth.steely@butlersnow.com
                                        will.cranford@butlersnow.com
                                        *Admitted Pro Hac Vice*

                                        Daniel A. Johnson (Florida Bar No. 91175)
                                        **FLORIDA DEPARTMENT OF CORRECTIONS**
                                        501 South Calhoun Street
                                        Tallahassee, FL 32399-2500
                                        Telephone: (850) 717-3605
                                        dan.johnson@fdc.myflorida.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 22nd day of November, 2024:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in
Washington only)*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

/s/ Kenneth S. Steely
*Of Counsel*