## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | | |
|---|---|---|
| **REIYN KEOHANE,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:24-cv-00434-AW-MAF** |
| | ) | |
| **RICKY D. DIXON,** *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## EMERGENCY MOTION TO STRIKE PLAINTIFF'S EVIDENCE OR IN THE ALTERNATIVE, MOTION TO FILE SUR-REPLY

Defendants Ricky D. Dixon ("Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"); Clayton Weiss, in his official capacity as Health Services Director of the Florida Department of Corrections ("Weiss"); and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("Hewett" and, together with Dixon and Weiss, the "FDC Officials"), hereby object and seek to strike the following evidence attached to Plaintiff's Reply in Support of the Motion for Preliminary Injunction: (1) Ward Declaration (Doc. 46-10, the "Ward Declaration"); and (2) Mendoza Declaration (Doc. 46-11, the "Mendoza Declaration," and with the Ward Declaration, the "Declarations").  In support of this Motion, the FDC Officials state the following:

1.    On October 25, 2024, Plaintiff filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction and Incorporated Memorandum of Law (Doc. 4, the "<u>Motion</u>").

2.    In support of the Motion, Plaintiff attached the following items:

    a.    Declaration of Daniel Tilley, one of Plaintiff Keohane's attorneys, (Doc. 4-1);

    b.    FDC Procedure 403.012, dated 2017, (Doc. 4-2);

    c.    FDC Procedure 403.012, dated 2019, (Doc. 4-3);

    d.    FDC Health Services Bulletin ("<u>HSB</u>") 15.05.23, (Doc. 4-4);

    e.    Plaintiff Keohane's grievance (Doc. 4-5);

    f.    The FDC's appellate brief filed in <u>Keohane v. Fla. Dep't of Corr. Sec'y</u>, 952 F.3d 1257 (11th Cir. 2020), <u>Keohane I</u>, (Doc. 4-6); and

    g.    Plaintiff Keohane's declaration, (Doc. 4-7).

3.    On October 31, 2024, the Court entered an order setting an evidentiary hearing on the Motion for December 9, 2024, and ordering the FDC Official's to respond to the Motion by November 14, 2024.  (Doc. 22, the "<u>Order</u>").[1]

---

[1] The Court extended the FDC Officials' deadline to file a response to November 15, 2024.  (Doc. 34).

4.      The Order required the FDC's Official's response to include any affidavits "from any witness (expert or lay) they intend to rely upon at the hearing." (Id.).

5.      The Order set November 27, 2024, as Plaintiff's deadline to file a reply, and required Plaintiff to include "any rebuttal witness (expert or lay) Plaintiff intends to rely upon at the hearing."  (Id.).

6.      On November 15, 2024, the FDC Officials submitted their Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction (the "Response") (Doc. 38).  In support of the Response, the FDC Officials attached the declarations of Dr. Danny Martinez, (Doc. 38-1), Dr. Suzonne Kline, (Doc. 38-2), and Clayton Weiss, (Doc. 38-3).

7.      On November 26, 2024, Plaintiff filed the Reply in Support of the Motion for Preliminary Injunction (the "Reply") (Doc. 46), attaching the Declarations.

8.      Although the Declarations concern the Motion, nothing contained in the Declarations rebuts any evidence submitted by the FDC Officials.

9.      Because Plaintiff submitted the Declarations with the Reply instead of the Motion, the FDC Officials lack any opportunity to respond to Plaintiff's new evidence and address the validity and merits (or lack thereof) of this evidence.

Further, the declarations make it unclear who Plaintiff intends to call as witnesses to the December 9, 2024, evidentiary hearing.

10.    The FDC Officials file this as an emergency motion pursuant to Local Rule 7.1(L) as the Court set the evidentiary hearing December 9, 2024, and the FDC Officials require clarification of what evidence will be available at the hearing in order to prepare.

11.    Counsel for the FDC Officials conferred with counsel for Plaintiff and counsel for Plaintiff opposes the motion to strike but does not oppose the alternative relief of a sur-reply, as long as the FDC Officials file the sur-reply by 5:00 PM ET on December 5, 2024.  Due to the limited time available, the FDC Officials would request the Court strike the evidence, or provide the full day on December 5, 2024 to file any sur-reply.

For these reasons, and as explained in more details in the Memorandum of Law below, the FDC Officials respectfully request that this Court strike the Declarations or, in the alternative, provide the FDC Officials an opportunity to submit a sur-reply to address Plaintiff's new evidence.

## MEMORANDUM OF LAW

### I.    THE COURT SHOULD STRIKE THE DECLARATIONS AS IMPROPER EVIDENCE

Plaintiff bears the burden of proving the need for temporary injunctive relief and/or a preliminary injunction.  See Scott v. Roberts, 612 F.3d 1279, 1290 (11th

Cir. 2010) (citing <u>Citizens for Police Accountability Political Comm. v. Browning</u>, 572 F.3d 1213, 1217 (11th Cir. 2009)). Plaintiff's burden existed at the filing of the Motion, not after the FDOC Officials filed the Response and supporting evidentiary materials. <u>See</u> <u>Marshall Durbin Farms v. Nat'l Farmers Org.</u>, 446 F.2d 353, 358 (5th Cir. 1971). Plaintiff's belated attempt to support the Motion with the Ward and Mendoza Declarations in the Reply is improper, as discussed below.

Because Plaintiff attached the Declarations to the Reply rather than the Motion, this Court should decline to consider the Declarations in resolving the Motion, or in the alternative, provide the FDC Officials with leave to submit a sur-reply addressing the Declarations. <u>Federal Rule of Civil Procedure</u> 6(c) states that "[a]ny affidavit supporting a motion must be served with the motion." The predecessor to the Eleventh Circuit, the Fifth Circuit, applied this provision to motions for preliminary injunctions and concluded that "when a motion is supported by affidavit, the affidavit must be served with the motion and notice of hearing." <u>Marshall Durbin Farms</u>, 446 F.2d at 358.[2] The United States District Court for the Southern District of Florida similarly concluded that "[a] reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (*or should have*

---

[2] When the Fifth Circuit issued the <u>Marshall Durbin Farms</u> opinion, this provision existed in Rule 6(d). <u>See</u> <u>id.</u>

*been aware*) of the necessity of the evidence." Baltzer v. Midland Credit Mgmt., Inc., No.14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citing Foley v. Wells Fargo Bank, N.A., 849 F. Supp. 2d 1345 (S.D. Fla. 2012)) (emphasis added); TCC Air Servs., Inc. v. Schlesinger, No. 05-80543-CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009)).

Further, courts in the Eleventh Circuit generally refuse to consider affidavits served in a reply that support facts referenced in the opening motion and memorandum of law. See, e.g., Carlisle v. Nat'l Commercial Servs., Inc., No. 1:14-CV-515-TWT, 2015 WL 4092817, at *1 (N.D. Ga. July 7, 2015) (internal citation omitted). However, a movant may "mak[e] supplemental records submissions in a reply brief to rebut specific arguments raised by the nonmovant's opposition brief." Stewart-Patterson v. Celebrity Cruises, Inc., No. 12-20902-CIV, 2012 WL 5997057, at *1 (S.D. Fla. Nov. 30, 2012) (internal quotations and citations omitted). Courts consider affidavits filed with a reply brief "only for the 'limited purpose of responding to matters raised in the responses filed by opposing parties.'" Carlisle, 2015 WL 4092817 at *1 (internal citation omitted). Thus, "[d]eclarations submitted by plaintiff with its repl[y]" must be "limited to addressing an argument initiated by defendants in their responses" and may not be "offered and intended to replace inadequate evidentiary submissions offered in support of plaintiff's [motion]." Tischon Corp. v. Soundview Commc'ns, Inc., No. 1:04-CV-524-JEC, 2005 WL

6038743, at *8 (N.D. Ga. Feb. 15, 2005). The Declarations fail under both of these requirements.

Plaintiff cites to the Declarations to support Plaintiff's argument concerning the unconstitutionality of HSB 15.05.23, (Doc. 46 at 12), and to argue that a preliminary injunction remains necessary to prevent irreparable harm to Plaintiff and the putative class members. (Doc. 46 at 13-15). Plaintiff does not use the Declarations to respond to any argument initiated by the FDC Officials' argument raised in their Response. (Doc. 38). Instead, Plaintiff utilizes these declarations to support the insufficient and inadequate claims and allegations set out in the Motion.[3] (Doc. 4). Moreover, the Mendoza Declaration does not contain any facts that Mendoza could not have attested to as of the filing of Plaintiff's Motion on October 25, 2024. (Doc. 46-11).

Mendoza claims that, as of September 30, 2024, FDC staff communicated to gender dysphoric inmates at Lake Correctional Institution ("Lake CI") as to the implementation of HSB 15.05.23 and the discontinuation of female accommodations pending reevaluation by medical and mental health staff. (Doc. 46-11 at 3, ¶ 12). Mendoza further claims that, beginning on September 30, 2024, "my self-esteem,

---

[3] The FDC Officials' recitation of claims raised in the Declarations and their argument that Plaintiff seeks to bolster evidence presented in the Motion should not be construed as any acknowledgment of the validity of the Declarations or that even considering the Declarations, Plaintiff established adequate evidence to warrant the grant of a preliminary injunction. The FDC Officials believe that even considering Plaintiff's improper new evidence, the Motion still fails.

anxiety, depression, loss of appetite, sleep, and thoughts of suicide have been worse." (Id., at ¶ 11). Additionally, Mendoza claims staff at Lake CI told inmates they must comply with male grooming standards within thirty (30) days. (Id. at ¶ 12). Moreover, Mendoza claims FDC medical staff reevaluated Mendoza's medical need for a bra and determined Mendoza qualified medically for a bra pass valid for up to one year.[4] (Id. at ¶ 13).

Similarly, the Ward Declaration concerns Plaintiff's Motion and fails to rebut any evidence submitted by the FDC Officials. Specifically, the Ward Declaration claims that on September 30, 2024, FDC staff at Dade Correctional Institution ("Dade CI") informed "all of the transgender inmates" at Dade CI of the implementation of HSB 15.05.23 and the discontinuation of female accommodations pending reevaluation by medical and mental health staff. (Doc. 46-10 at 3, ¶ 11). Additionally, Ward stated, "we were also told we had 30 days to cut our hair to male standards and turn in female undergarments, makeup, hair care items, and canteen item," and "we would be reevaluated for gender dysphoria within 30 days." (Id. at ¶¶ 13-14). Moreover, Ward stated that FDC medical staff performed an individualized medical evaluation and determined Mendoza failed to qualify medically for a bra pass. (Id. at ¶ 15).

---

[4] The FDC Officials note Mendoza's claim that she received an immediate medical assessment for need of a bra and received a medical pass shows that Plaintiff's claim that HSB 15.05.23 represents a blanket ban on female accommodations remains without merit.

Plaintiff filed the Motion on October 25, 2024, and attached a declaration from Plaintiff, as well as other evidence relied on to support Plaintiff's allegations. (Docs. 4 through 4-7). In light of the assertions in the Declarations and Plaintiff's own declaration, Plaintiff should have reasonably anticipated the need for the testimony contained in the Declarations when Plaintiff filed the Motion. Indeed, Plaintiff possessed twenty-six (26) days to gather supporting evidence for submission with the Motion, including any declarations from inmates in FDC custody such as Ward and Mendoza. The conditions Ward and Mendoza claim in the Declarations existed twenty-six (26) days before Plaintiff filed the Motion; therefore, Plaintiff possessed the ability to obtain and include those declarations in the Motion.

Notably, the Court, in its Order Regarding Schedule, only allowed Plaintiff to "include affidavits from any rebuttal witness (expert or lay) Plaintiff intends to rely upon at the hearing." (Doc. 22 at 1, ¶ 3). However, the FDC Officials raised no new arguments in their Response requiring any new evidence. Moreover, the Declarations contain no rebuttal evidence; instead, the Declarations offer only claims purported to support Plaintiff's allegations, such as statements regarding the implementation of HSB 15.05.23 and the discontinuation of female accommodations pending reevaluation by medical and mental health staff. (Doc. 46-11 at 3, ¶ 12; Doc. 46-10 at 3, ¶ 11). Because Plaintiff improperly uses the Declarations to bolster

the Reply, this Court should decline to consider the Declarations in resolving the Motion.

## II. IN THE ALTERNATIVE THE COURT SHOULD GRANT THE FDC OFFICIALS OPPORTUNITY TO RESPOND TO THE IMPROPERLY SUBMITTED DECLARATIONS

Due process requires that the FDC Officials receive "fair notice and an effective opportunity to controvert the facts adduced in support of" Plaintiff's Motion. See Marshall Durbin Farms, 446 F.2d at 356. "Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond." Tishcon Corp., 2005 WL 6038743, at *8. As explained above, the Declarations represent new evidence not offered in rebuttal to any evidence or argument raised by the FDC Officials in the Response. Therefore, the FDC Officials respectfully request the Court either decline to consider the Declarations in resolving the Motion or, in the alternative, grant the FDC Officials leave to submit a sur-reply addressing the Declarations.

## CONCLUSION

For the foregoing reasons, the FDC Officials respectfully request that this Court issue an order striking Plaintiff's improper Declarations or, in the alternative, providing the FDC Officials an opportunity to file a sur-reply.

Respectfully submitted on this the 3rd day of December 2024.

/s/ Kenneth S. Steely
Kenneth S. Steely
*One of the Attorneys for the State*

William R. Lunsford
Kenneth S. Steely
William J. Cranford III (*pro hac vice*)
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 3rd day of December, 2024:

Daniel B. Tilley (Fla. Bar No. 102882)
Samantha J. Past (Fla. Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
*Pro Hac Vice admission granted*

*Attorneys for Plaintiffs*

/s/     *Kenneth S. Steely*
*Of Counsel*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that the Objection or Motion for Leave to Submit Sur-Reply contains 658 words and that the Supporting Memorandum required by N.D. Fla. Loc. R. 7.1(E) contains 1,467 words, totaling **2,125 words** and not exceeding 8,000 total words as required by N.D. Fla. Loc. R. 7.1(F).

*/s/    Kenneth S. Steely*
*Of Counsel*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for the FDC Officials met and conferred with counsel for Plaintiff on December 3, 2024, and Plaintiff opposes the objection to the Declarations but does not oppose the FDC Officials' request to file a sur-reply if the FDC Officials file the sur-reply by Thursday, December 5, 2024, at 5:00 p.m. EST.

*/s/    Kenneth S. Steely*
*Of Counsel*