IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| REIYN KEOHANE, | : |
| *Plaintiff*, | : |
| v. | : Case No. 4:24-cv-00434-AW-MAF |
| RICKY D. DIXON, et al., | : |
| *Defendants*. | : |

**RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EVIDENCE**

Plaintiff files this response concerning Defendants' motion to strike two declarations from Plaintiff's reply in support of her motion for preliminary injunction or, in the alternative, that Defendants be permitted to file a sur-reply, ECF 47. As Defendants note, Plaintiff opposes the request to strike the additional declarations, but Plaintiff does not oppose Defendants' request for leave to file a sur-reply as long as it is filed by 5:00 p.m. on Thursday, December 5, 2024.

The request to strike the reply declarations should be denied for two reasons.

*First*, the declarations attached to the reply constitute permissible rebuttal evidence. Consider this statement from Defendants' response: "HSB 15.05.23 in no way constitutes a 'blanket ban' on the provision of any medical care to treat gender dysphoria. Plaintiff's Eighth Amendment claim attacks an imaginary version of HSB

1

15.05.23, not the real thing." ECF 38 at 22. The declarations rebut that. Or consider the contention that "no commonality exists among the proposed class members." *Id.* at 31. The declarations rebut that too. Dr. Martinez also minimizes the efficacy of treatment for gender dysphoria. *E.g.*, ECF 38-1 ¶ 10 ("However, the efficacy of hormone therapy to alleviate these symptoms remains low."). The declarations counter that as well. Indeed, the declarations push back against the minimization littered throughout Defendants' filings concerning the efficacy of treatment for gender dysphoria and the impact on individuals of not providing it. That places the reply declarations squarely within the proper scope of rebuttal evidence.

*Second*, even if the reply declarations were considered "wholly new factual issues" entirely untethered to the response memorandum, *Giglio Sub s.n.c. v. Carnival Corp.*, No. 12-civ-21680, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012), the circumstances would justify the court exercising its sound discretion to consider them. *ABCO Premium Fin. LLC v. Am. Int'l Group, Inc.*, No. 11-civ-23020, 2012 WL 3278628, at *4 (S.D. Fla. Aug.9, 2012) ("While the 'raising of new issues and submission of new facts in a reply brief is improper,' a court has the discretion to consider the additional exhibits despite this procedural shortcoming."). Plaintiff previously discussed the ongoing logistical obstacles counsel has encountered in the process of pursuing this litigation. *See* ECF 16 (Motion for Reconsideration) at 2-3; *see also* ECF 16-1 (Tilley Decl.) ¶¶ 5-7. Moreover, the declarations include

descriptions of that which occurred (or failed to occur) *after* the filing of Plaintiff's motion for preliminary injunction, and thus any declarations including those assertions could not have been included in Plaintiff's initial filings. Alleging that "Plaintiff should have reasonably anticipated the need for" such testimony, ECF 47 at 9, makes little sense when the testimony would have been impossible to obtain, given that certain actions and failures to act described in the declarations had not occurred.[1]

For these reasons, Plaintiff asks that the Court deny Defendants' request to strike the declarations attached to her reply. As noted above, however, Plaintiff does not oppose Defendants' request to file a sur-reply. But given that there remains little time between now and the hearing, Plaintiff requests that any sur-reply be filed no later than 5:00 p.m. E.S.T. on Thursday, December 5, 2024, to permit Plaintiff to

---

[1] Plaintiff also wishes to address the following contention in Defendants' motion to strike: "The FDC Officials note Mendoza's claim that she received an immediate medical assessment for need of a bra and received a medical pass shows that Plaintiff's claim that HSB 15.05.23 represents a blanket ban on female accommodations remains without merit." ECF 47 at 8 n.4. The provision of a bra was not a gender-dysphoria accommodation. It was a medical pass provided after a breast exam based on the need for physical support. *See* ECF 16-2 (Amended Keohane Decl.) ¶ 27. The existence of such medical passes for physical support does not refute that there is a ban on access to female clothing and grooming standards as gender-dysphoria accommodations.

properly prepare for an efficient presentation of evidence and argument at the hearing on Monday, December 9.

Dated: December 4, 2024

Respectfully submitted,

/s/ Samantha J. Past
Samantha J. Past (Florida Bar No. 1054519)
Daniel B. Tilley (Florida Bar No. 102882)
**American Civil Liberties Union Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)
Leslie Cooper
**American Civil Liberties Union Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

*Counsel for Plaintiff*

4