IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| REIYN KEOHANE, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 4:24-CV-00434-AW-MAF |
| RICKY D. DIXON, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**JOINT MOTION FOR CLARIFICATION OF HEARING PROCESS**

Plaintiff Reiyn Keohane ("Keohane") and Ricky D. Dixon ("Dixon"), Clayton Weiss ("Weiss"), and Gary Hewett ("Hewett" and together with Dixon and Weiss the "FDC Officials" and collectively with Keohane the "Parties"), hereby submit this joint motion for clarification of the evidentiary hearing process for the December 9, 2024, evidentiary hearing regarding Plaintiff's motion for preliminary injunction. (Doc. 4). In support of this joint motion, the Parties state as follows:

1. On October 29, 2024, the Court denied Plaintiff's temporary restraining order and set a telephonic hearing on October 31, 2024, to "discuss an appropriate briefing schedule; whether there should be a hearing and, if so, whether it should be an evidentiary one; whether the motion for preliminary injunction should be consolidated with the trial on the merits …." (Doc. 14 at 4).

2. During the October 31, 2024, status conference, the Parties discussed presenting evidence, including lay and/or expert witnesses. Plaintiff suggested filing

1

briefs and having the Court rule on the written submissions. The FDC Officials requested an evidentiary hearing.

3. Following the telephonic hearing, the Court entered a scheduling order setting out deadlines for responses and replies concerning Plaintiff's motion to reconsider the denial of the temporary restraining order and Plaintiff's motion for preliminary injunction. (Doc. 22). Additionally, the Court set an evidentiary hearing on Plaintiff's motion for preliminary injunction for December 9, 2024. (Id.).

4. In setting the evidentiary hearing, the Court required the FDC Officials to submit affidavits in support of their response to the preliminary injunction motion of any lay or expert witnesses the FDC Officials intended to rely on at the evidentiary hearing. (Id. at ¶ 2). Further, the order stated that "[t]he reply must include affidavits from any rebuttal witness (expert or lay) Plaintiff intends to rely upon at the hearing." (Id. at ¶ 3).

5. In preparation for the hearing, the Parties met to confer on the process for introducing evidence and witnesses, to determine the Court's intent. The Parties were unable to come to a consensus on the Court's intent. As such, the Parties seek the Court's clarification as to the following procedures.

**FDC OFFICIALS' POSITION**

6. The FDC Officials understand the evidentiary hearing on December 9, 2024, will consist of the following:

    a. An evidentiary hearing in which Plaintiff will present evidence, including witness testimony, to attempt to carry Plaintiff's burden of proving entitlement to the requested relief concerning the motion for preliminary injunction;

    b. The FDC Officials will present evidence, including witness testimony, to rebut Plaintiff's evidence and/or claims; and

    c. Following the presentation of evidence, the Parties will present arguments to Court and/or respond to the Court's questions concerning entitlement to injunctive relief.

  7. Additionally, the FDC Officials seek clarification regarding the following:

    a. Does the Court desire the named parties to appear for the hearing? If so, the FDC Officials request leave to be excused from appearing or, in the alternative, to send a representative?

    b. Will each side be provided a time limit of, for example, three (3) hours for presentation of evidence?

    c. The scheduling order does not contain a deadline for submitting witness lists and exhibit lists, does the Court anticipate the Parties filing these prior to the hearing? If not, how does the Court anticipate Parties objecting to or seeking to limit evidence?

    d. How will exhibits be submitted, electronically or hard copies?

e. Will the Court consider evidence regarding other inmates, and if so, for what purpose? Consistent with the FDC Officials' motion to strike, testimony and other evidentiary materials by or related to other inmates diagnosed with gender dysphoria within FDC custody remains improper and irrelevant to the Court's decision on Plaintiff's motion for preliminary injunction.

f. Potential exhibits include medical and mental health records of Plaintiff, and possibly of declarants, protected under the Protective Order (Doc. 45), will the Court proceeding be closed to the public? Will the Parties need to submit the exhibits under seal prior to the hearing, or will the Parties be allowed to file them after the hearing?

g. All of Plaintiff's declarants include incarcerated individuals.[1] As of this filing, Plaintiff has not sought leave to serve any subpoena to have any inmate witnesses, including Plaintiff, available for the Monday, December 9, 2024, evidentiary hearing. Moreover, any such belated motion would be unduly burdensome with two (2) business days left before the hearing. Without testimony, the FDC Officials will not have an opportunity to cross-examine Plaintiff or Plaintiff's declarants' testimony. Will declarations be deemed admitted or will they

---

[1] The FDC Officials filed a motion to strike two (2) of Plaintiff's declarants as improperly submitted evidence with Plaintiff's reply. (Doc. 47). The motion remains pending.

be considered hearsay? If admitted, will the Court allow the FDC Officials to submit rebuttal evidence for assertions raised in Plaintiff's declarations?

   h.  How does the Court anticipate addressing the Prison Litigation Reform Act's requirement that any injunctive relief:

> extend[] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right?" Considering that "[t]he court shall give substantial weight to any adverse impact on public safety, or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

**PLAINTIFF'S UNDERSTANDING**

   8.  Plaintiff's understanding and preference for the preliminary-injunction hearing is for the Court to consider any declarations attached to the briefing on the motion for temporary restraining order and for preliminary injunction—including, should the Court permit it, any sur-reply filed by Defendants—as evidence properly before the Court. This would mean that any declarations submitted may be considered as direct testimony of the declarant, and—should opposing counsel provide notice in advance of the hearing that it wishes to cross-examine the declarant at the hearing—the declarant will be made available for cross-examination at the hearing. This approach will promote efficiency by not taking up the Court's time

5

with counsel reproducing at the hearing the same information from declarations that the Court and all parties have already reviewed.

9. Given the lack of depositions in advance of the hearing, the cross examinations could be time consuming. This approach will also relieve the parties and witnesses of the burden of having certain witnesses appear when opposing counsel does not need to cross-examine them and thus, they would only be reproducing their declarations.

10. Plaintiff has not submitted subpoenas for inmate witnesses because Plaintiff does not feel the need to call them given that their testimony is already in their declarations. Because they are inmates within the custody of FDC, it is within the power of Defendants to produce them at the hearing if Defendants wish to cross-examine them.

WHEREFORE, the Parties respectfully request this Court clarify the parameters concerning the evidentiary hearing set for December 9, 2024.

Dated: December 4, 2024.

/s/Daniel B. Tilley

*One of the Attorneys for Plaintiff*

Leslie J. Cooper
**AMERICAN CIVIL LIBERTIES UNION**
125 Broad Street
18th Floor
New York, NY 10004

Samantha J. Past
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street
Suite 400
Miami, FL 33134

Telephone 212-549-2584
Fax: 212-549-2650
lcooper@aclu.org

Li Nowlin-Sohl
**AMERICAN CIVIL LIBERTIES UNION**
125 Broad Street
18th Floor
New York, NY 10004
Telephone: 206-348-3163
lnowlin-sohl@aclu.org

Telephone: 786-363-2738
spast@aclufl.org

Daniel B. Tilley
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street
Suite 400
Miami, FL 33134
Telephone 786-363-2714
Fax: 786-363-1257
dtilley@aclufl.org

/s/Kenneth S. Steely

*One of the Attorneys for the FDC Officials*

William R. Lunsford
Kenneth S. Steely
William J. Cranford
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
(256) 936-5650
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com

*Attorneys for Ricky Dixon, Clayton Weiss, and Gary Hewett*

91280685.v4