**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**REIYN KEOHANE,**

     **Plaintiff,**

**v.**                                       **Case No. 4:24-cv-434-AW-MAF**

**RICKY D. DIXON, in his official capacity
as Secretary of the Florida Department of
Corrections, et al.,**

     **Defendants.**

_____/

## ORDER GRANTING IN PART MOTION FOR CLARIFICATION

Plaintiff Reiyn Keohane initiated this case on October 25 with a complaint and an emergency motion for TRO and preliminary injunction. ECF Nos. 1, 4. After the case was reassigned to me, I denied the TRO component of the motion (to the extent Keohane sought injunctive relief before Defendants could be heard), and held a telephonic hearing to address procedures for resolving the preliminary-injunction request. ECF Nos. 14, 22. During the October 31 hearing, I set a December 9 evidentiary hearing. That hearing will go forward as scheduled.

Yesterday, the parties jointly moved for "clarification of the evidentiary hearing process." ECF No. 50. They apparently disagree about how the hearing should proceed, yet neither side makes clear precisely what it seeks. This order nonetheless grants the clarification motion in part.

This will be a preliminary injunction hearing—not a trial. "The expedited nature of preliminary injunction proceedings often creates . . . limits on the evidence available." *Cumulus Media, Inc. v. Clear Channel Comm'ns, Inc.*, 304 F.3d 1167, 1171 (11th Cir. 2002); *accord Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984) ("The grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts." (cleaned up)). Unlike with trials, courts routinely rely on affidavits at the preliminary injunction stage, *see Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995), and the court can do so here. To the extent either side is asking me to disregard affidavits if the affiant does not testify live, I am unlikely to do that.

As noted at the initial hearing, I will allow live testimony if parties wish to present it. At the same hearing, Defendants indicated they wished to present live testimony but Keohane's counsel said they did not. (There was also discussion about experts and expert depositions, but both sides have since decided not to present expert testimony.) As noted earlier, any testimony to be relied upon should have been disclosed through affidavits already filed. *See* ECF No. 22 ¶¶ 2, 3. It does not seem from the parties' clarification motion that either side anticipates presenting new witnesses. If either party does so intend, I will determine at the hearing whether to allow such testimony.

In response to certain of the parties' other specific questions, I provide the following information:

- The parties' presence is not required. Again, this is not a trial.

- There is no pre-set time limit for the parties' presentations, but I expect the parties to be efficient and that the hearing will take no longer than necessary.

- For exhibits, either hard copies or electronic submissions are fine. If the volume of pages is small (as anticipated), hard copies are likely preferable.

- The court does not anticipate excluding the public from any portion of the hearing. Any party seeking a courtroom closure should be prepared to show why it is necessary and consistent with the public's right of access.

The motion (ECF No. 50) is GRANTED in part as set out above.

SO ORDERED on December 5, 2024.

s/ *Allen Winsor*
United States District Judge
