IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REIYN KEOHANE,**

    **Plaintiff,**

v.                                           Case No. 4:24-cv-434-AW-MAF

**RICKY D. DIXON, in his official capacity
as Secretary of the Florida Department of
Corrections, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION TO DISMISS

Plaintiff Reiyn Keohane, a transgender Florida inmate, alleges an Eighth Amendment violation. The claim is that the Florida Department of Corrections is deliberately indifferent to Keohane's gender dysphoria. My earlier order denying a preliminary injunction sets out additional background.[1] ECF No. 55.

Pending now is the Department's motion to dismiss. ECF No. 28. Having carefully considered the parties' arguments, I now deny the motion.

Keohane's complaint presents a single count: "denial of medically necessary treatment in violation of the Eighth Amendment." ECF No. 1 (Compl.) at 21. As noted earlier, "Keohane's single count has two components. It challenges the

---

[1] As in that earlier order, I will refer to the several defendants collectively as the "Department." *See* ECF No. 55 at 1 n.1.

1

policy's separate restrictions on hormone treatment and on 'clothing and grooming accommodations.'" ECF No. 55 at 5 (quoting complaint).

## I.

Unless Keohane has standing, this court lacks jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires, among other things, an actual or imminent injury. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan*, 504 U.S. at 560-61). The Department argues Keohane did not sufficiently allege standing as to hormone treatment because the complaint alleged no imminent future harm. ECF No. 29 at 20.

At the motion-to-dismiss stage, Keohane needs only factual allegations plausibly supporting standing. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1241 (11th Cir. 2022). So the question is whether the complaint plausibly alleged the imminent end of hormone treatment.[2]

The Department says the complaint lacks any allegation that the hormone treatment Keohane is already receiving will end. ECF No. 29 at 21. But at this stage, Keohane has alleged enough. Keohane has alleged there was a significant policy shift, that the Department's new written policy cites a Florida law explicitly

---

[2] In analyzing standing, courts must assume the claim has merit. *See Moody v. Holeman*, 887 F.3d 1281, 1285 (11th Cir. 2018) ("[F]ederal courts 'must not confuse weakness on the merits with absence of Article III standing.'" (quoting *Ariz. St. Leg. v. Ariz. Indep. Redist. Comm'n*, 576 U.S. 787, 800 (2015))).

prohibiting use of state funds for cross-sex hormones,[3] that the new policy's default is to disallow hormone treatment with only limited exceptions, and that a prison health official told rounded-up inmates that changes in gender-dysphoria treatment were coming, "up to and including hormone therapy." Compl. ¶¶ 50-52, 58-60.

At this early stage, "general factual allegations of injury can suffice, so long as the complaint plausibly and clearly alleges a concrete injury." *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022) (cleaned up) (quoting *Lujan,* 504 U.S. at 561). For now, Keohane has alleged enough to show the imminent cessation of hormone treatment.[4] There are thus sufficient allegations of injury.

The Department has not challenged the other elements of standing, traceability and redressability. *See Jacobson*, 974 F.3d at 1245. Nonetheless, I have considered them. *Cf. Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398,

---

[3] *See* Fla. Stat. § 286.311(2) ("A governmental entity . . . may not expend state funds . . . for sex-reassignment prescriptions or procedures . . . ."); *see also id.* § 456.001(9)(a) (defining "[s]ex-reassignment prescriptions or procedures" to include "[t]he prescription or administration of hormones or hormone antagonists to affirm a person's perception of his or her sex if that perception is inconsistent with the person's sex").

[4] Imminent, for these purposes, does not necessarily mean immediate. *See ACLU of Florida, Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1194 (11th Cir. 2009) (noting that "immediacy requires only that the anticipated injury occur within some fixed period of time in the future, not that it happen in the colloquial sense of soon" (cleaned up) (quoting *Fla. State Conf. of the NAACP v. Browning*, 522 F.3d 1153, 1161 (11th Cir. 2008))).

1400-01 (11th Cir. 2000) ("[A] federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits."). The asserted harm—cessation of hormone treatment—is plainly traceable to the Department, and an injunction requiring continued treatment would redress that injury.

Because Keohane has alleged enough to show Article III jurisdiction, I can now proceed to the merits.

## II.

The Department next argues Keohane has failed to state a claim.[5] To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Well-pleaded facts are accepted as true but "[t]hreadbare recitals of the elements" of a claim and "mere conclusory statements" are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, I draw all reasonable inferences in Keohane's favor. *See MacPhee v. MiMedx Grp.*, 73 F.4th 1220, 1228 (11th Cir. 2023).

Keohane contends the imminent removal of hormone treatment constitutes deliberate indifference to a serious medical need. My earlier order set out the standards for an Eighth Amendment claim based on inadequate medical care. *See* ECF No. 55 at 17-18. Here, the complaint alleged that the Department has provided

---

[5] The Department previously argued lack of PLRA exhaustion, ECF No. 29 at 13-20, but has withdrawn that defense, ECF No. 54.

Keohane and others with hormone treatment for years. Compl. ¶¶ 40, 47. It further alleged that the Department's own policy recognized the medical need for the treatment. *Id.* ¶ 45. And it alleged the Department is aware that withdrawing the treatment will cause serious harm. *Id.* ¶¶ 70, 72, 76. At this stage, where I must accept all factual allegations as true and must draw all reasonable inferences in Keohane's favor, I conclude the complaint sufficiently alleged deliberate indifference.

The Department argues that "a legitimate debate exists in the medical community as to the proper standard of care" for gender dysphoria. ECF No. 41 at 12. And it is true that when prison officials choose one reasonable alternative for medical care over another, there is no Eighth Amendment violation. *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1273 (11th Cir. 2020) ("Because the plaintiffs here are receiving medical care—and because the adequacy of that care is the subject of genuine, good-faith disagreement between healthcare professionals—we are hard-pressed to find that the Secretary has acted in so reckless and conscience-shocking a manner as to have violated the Constitution."); *see Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1275 (11th Cir. 2020) ("When the medical community can't agree on the appropriate course of care, there is simply no legal basis for concluding that the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

5

fundamental fairness." (cleaned up)). It may well be, as the Department suggests, that there is legitimate disagreement as to the medical appropriateness of treating gender dysphoria with hormone therapy. But my review at this stage is limited to what is in the complaint. *Cf. Twombly*, 550 U.S. at 556 ("A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (cleaned up)).

The Department also argues that the complaint did not allege facts showing an Eighth Amendment violation based on removing social accommodations. Because that claim is not part of any separate count, and because I have already concluded Keohane has stated an Eighth Amendment claim related to treatment of gender dysphoria, I need not separately address that issue at this stage.

The bottom line is that Keohane alleged enough to proceed to discovery. This conclusion is not inconsistent with my order denying a preliminary injunction because the standards are different. In addressing the motion to dismiss, I must accept all factual allegations as true. But as to the preliminary injunction motion, Keohane had the burden of proving a substantial likelihood of success on the merits, among other things. Keohane did not meet that evidentiary burden but did meet the pleading burden.

### III.

Last, the Department argues the court should dismiss Keohane's class allegations, contending the request for class certification is facially improper. ECF No. 29 at 32. The unavailability of class relief is sometimes clear on a complaint's face. *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997). When that is so, the court can strike class allegations. *See Griffin v. Singletary*, 17 F.3d 356, 361 (11th Cir. 1994) (affirming an order striking class allegations from a complaint); *Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*, 795 F.3d 1324, 1328 (11th Cir. 2015) (same). But often, the availability of class relief is not obvious from the complaint, requiring the court to look beyond the pleadings, allow discovery, and hold a class-certification hearing. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008). This is because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

Here, it is not obvious that class relief is unwarranted. The Department claims Keohane is an inadequate class representative and that typicality is missing because Keohane lacks standing. ECF No. 29 at 33, 37. But Keohane has alleged standing, as noted above. The Department also challenges commonality, asserting that a common injury is not enough. *Id.* at 34-36. But the complaint alleged not only a

common injury but also the possibility of common relief. To the extent the claim turns on enforcement of the new policy, enjoining that enforcement would provide class-wide relief. *Dukes*, 564 U.S. at 350 ("What matters to class certification . . . [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation.") (internal quotation omitted). It suffices to say at this stage that the Department has not shown I should strike the class allegations. If and when Keohane moves for class certification, the Department will have an opportunity to respond in opposition.[6] All I decide about class certification today is that the Department has not shown enough to preclude it now.

## Conclusion

The Department's motion to dismiss (ECF No. 28) is DENIED. The Department must answer the complaint within fourteen days.

SO ORDERED on January 31, 2025.

s/ <i>Allen Winsor</i><br>
United States District Judge

---

[6] Under the court's local rules, the deadline to move for class certification is 90 days after filing the complaint. N.D. Fla. Loc. R. 23.1. The court can change that deadline by order. *Id.*