IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REIYN KEOHANE,

        *Plaintiff,*

v.

RICKY DIXON, *et al.*,

        *Defendants.*

Case No. 4:24-cv-00434-AW-MAF

**CERTIFICATION AND REPORT OF
RULE 26(f) CONFERENCE AND DISCOVERY PLAN**

1.    **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel held an Initial Attorney Conference on January 23, 2025, via videoconference. The following counsel attended the conference: Li Nowlin-Sohl, Leslie Cooper, Daniel Tilley, and Samantha Past for Plaintiff; and Kenneth Steely for Defendants Ricky D. Dixon, in his official capacity as Secretary of the Florida Department of Corrections ("Dixon"), Clayton Weiss, in his official capacity as Health Services Director of the Florida Department of Corrections ("Weiss"), and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("Hewett" and, together with Dixon and Weiss, the "FDC Officials").

2.    **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **February 6, 2025.**

3.     **Discovery Plan.** The parties jointly propose, except where otherwise indicated, to the Court the following discovery plan:

    a.     ***Plaintiff's Proposal***: All discovery shall be commenced in time to be completed by **June 27, 2025**.

    **Argument:** Plaintiff agrees with the Court's Scheduling Order that June 27, 2025, is the appropriate time for all discovery to be completed, and does not believe there should be a differentiation between fact discovery and other discovery. Plaintiff also does not think that the FDC Officials' proposal of less than three months for fact discovery is sufficient. Given that this case challenges an FDC policy, the need for FDC's experts to have received all discovery from Plaintiff prior to submitting their reports is de minimis (indeed, it is unclear what discovery FDC's experts would even need from Plaintiff that is not already in FDC's possession), and does not justify reducing fact discovery by over two months.

    ***FDC Officials' Proposal***: All fact discovery shall be commenced in time to be completed by **April 18, 2025**, and all discovery, including expert discovery, completed by **June 27, 2025**.

    **Argument:** The FDC Officials seek to establish a fact discovery cutoff to provide a complete set of facts to be evaluated by the parties' experts. This approach will prevent last minute extensions of the discovery deadline based on amendments to

          expert reports following the discovery of "new" information after submission of expert reports.

   b.   Discovery Limits:

       i.   Maximum of **45** interrogatories by Plaintiff and **45** by FDC Officials collectively.

      ii.   Maximum of **45** requests for admission by Plaintiff and **45** by FDC Officials collectively.

     iii.   Maximum of **45** requests for production by Plaintiff and **45** by FDC Officials collectively.

     iv.   ***Plaintiff's proposal***: Maximum of **15** depositions by Plaintiff and **15** by Defendants collectively, not including expert depositions, which are not limited in number.

          **Argument:** Depositions will likely involve, at a minimum, the people responsible for developing Health Services Bulletin 15.05.23, the people responsible for implementing HSB 15.05.23, FDC medical care and mental health care providers, and Centurion medical care and mental health care providers. Plaintiff will be judicious in choosing who to depose, but even so, 10 depositions is insufficient given the number of witnesses involved with the facts at issue.

> *FDC Officials' proposal*: Maximum of 10 depositions by Plaintiff and 10 depositions by the FDC Officials, not including expert depositions.
>
> **Argument:** Based on the current status of the litigation, ten depositions per side should be sufficient to address the Plaintiff's deliberate indifference claim. In order to complete discovery by June 27, 2025, the parties must submit a realistic discovery plan. Limiting the parties to ten depositions, while ambitious, creates a more realistic plan. Proposing completion of written discovery and conducting thirty depositions, plus an unknown number of expert depositions, over twenty weeks establishes an unrealistic schedule destined to result in the parties seeking leave to extend the discovery deadlines and requiring a new scheduling order. If Plaintiff truly needs fifteen depositions, plus an unknown number of expert depositions, the prudent approach would be to seek a later discovery deadline and a new scheduling order now.

c. Disclosure of and reports from retained experts under Rule 26(a)(2) will be due:

   i. By **April 23, 2025,** Plaintiff's expert disclosures.

   ii. By **May 23, 2025**, the FDC Officials' expert disclosures.

      iii.      By **June 13, 2025**, Plaintiff's expert rebuttal reports.

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

    d.    Discovery is anticipated to include the following subjects:

      i.      The development and implementation of HSB 15.05.23;

      ii.      FDC's provision of medical and mental health care for gender dysphoria; and

      iii.      Other topics that may be determined to be relevant.

**4.**    **Other Items.**

    a.    The parties agree that they may informally grant to one another extensions of time on deadlines stated herein without having to seek Court approval, except that the parties understand that they may not agree to alter the following without Court approval: the deadline for conclusion of discovery; the deadline to join parties and amend pleadings; and the deadlines for dispositive motions and responses/replies thereto.

    b.    The parties will be allowed until **March 14, 2025,** to request leave to join additional parties and to amend the pleadings. After this date, the Court will consider, *inter alia*, whether granting leave would delay trial.

    c.    Plaintiff shall file any motion for class certification by **April 9, 2025**. The FDC Officials shall have **30 days** to file any response.

    d.    Settlement is unlikely, and the parties do not think it would be enhanced by the use of mediation or other alternative dispute resolution efforts. The parties agree that any alternative dispute resolution efforts would be most useful if conducted after completion of discovery.

    e.    The parties request that the deadline for any summary judgment or dispositive motions be modified from **21 days** to **28 days** after the end of discovery.

    f.    The parties shall disclose final lists of witnesses and exhibits under Rule 26(a)(3) by **30 days** before trial. Any objections to witnesses and exhibits contemplated by Rule 26(a)(3)(B) shall be made within **14 days** after the disclosures.

    g.    If the case is ultimately tried, trial is expected to take approximately **5 days**.

    h.    The parties previously agreed to a protective order pursuant to Fed. R. Civ. P. 26(c) governing the procedure for handling certain sensitive or confidential information, which has been entered by this court on November 25, 2024, Docket Entry 45.

    i.    The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge.

Dated: February 3, 2025

Respectfully submitted,

/s/ Samantha J. Past

Samantha J. Past (Florida Bar No. 1054519)
Daniel B. Tilley (Florida Bar No. 102882)
**American Civil Liberties Union Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)
Leslie Cooper
**American Civil Liberties Union Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

*Counsel for Plaintiff*

Kenneth S. Steely
William J. Cranford III
**Butler Snow LLP**
200 West Side Square, Suite 100
Huntsville, AL 35801
Tel: (256) 936-5650
Facsimile: (256) 936-5651
Kenneth.steely@butlersnow.com
Will.cranford@butlersnow.com

Daniel A. Johnson (Florida Bar No. 91175)
**Florida Department of Corrections**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Tel: (850) 717-3605
Dan.johnson@fdc.myflorida.com

*Counsel for Defendants*