## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | | |
|---|---|---|
| **REIYN KEOHANE,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:24-cv-00434-AW-MAF** |
| | ) | |
| **RICKY D. DIXON,** *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

### THE FDC OFFICIALS' ANSWER TO THE COMPLAINT

Defendants Ricky D. Dixon ("Secretary Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), Clayton Weiss, in his official capacity as Health Services Director of the Florida Department of Corrections ("Weiss"), and Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("Hewett" and, together with Secretary Dixon and Weiss, the "FDC Officials"), submit this Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief (Doc. 1, the "Complaint"), relying on readily available, reasonably ascertainable, and verifiable information available to the FDC Officials within the timeframe permitted for this Answer. The FDC Officials respond to the Complaint as follows:

In response to the unnumbered paragraphs on pages one through three of the Complaint, the FDC Officials admit that FDC implemented Health Services Bulletin

15.05.23, "Mental Health Treatment of Inmates with Gender Dysphoria" ("HSB 15.05.23"), on September 30, 2024. Except as expressly admitted above, the FDC Officials deny all remaining allegations in the unnumbered paragraphs on pages one through three of the Complaint.

## JURISDICTION AND VENUE[1]

1.     Paragraph 1 contains no factual allegations and, as such, no response is required. To the extent a response is required, the FDC Officials admit that Plaintiff purports to bring claims in this action pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. The FDC Officials expressly deny that they violated Plaintiff's rights secured by the Constitution, or any federal or state law, in any way whatsoever.

2.     The FDC Officials deny that this Court possesses subject-matter jurisdiction over the claims asserted by Plaintiff, as Plaintiff lacks standing to raise allegations regarding the cessation of hormone therapy or to serve as a class representative regarding Plaintiff's claims related to the provision of hormone therapy for treatment of gender dysphoria within FDC.

3.     The FDC Officials admit that venue is proper in the United States District Court for the Northern District of Florida.

---

[1] The FDC Officials' Answer uses the section headings from the Complaint as a matter of convenience, and the use of those headings shall not be construed as an admission by the FDC Officials or a waiver of any objection or denial that the FDC Officials may have to Plaintiff's allegations.

## PARTIES

### I.    Named Plaintiff

4.    The FDC Officials admit the allegations in Paragraph 4.

5.    The FDC Officials admit Plaintiff continues to receive hormone therapy.  The FDC Officials further admit Plaintiff received limited access to cross-sex grooming and clothing standards under prior FDC Procedure 403.012.  Except as expressly admitted above, the FDC Officials deny the remaining allegations in Paragraph 5.

### II.    Class of Incarcerated Persons

6.    The FDC Officials admit that Plaintiff purports to bring this action on Plaintiff's behalf and on behalf of those similarly situated but deny that Plaintiff meets the requirements to maintain this action as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

7.    The FDC Officials admit that Plaintiff purports to bring this action on behalf of a class, as defined by Plaintiff in Paragraph 7, but deny that Plaintiff may maintain this action as a class action.

8.    The FDC Officials deny the allegations in Paragraph 8.

9.    The FDC Officials deny the allegations in Paragraph 9.

10.    The FDC Officials deny the allegations in Paragraph 10.

11.    The FDC Officials deny the allegations in Paragraph 11.

12.     The FDC Officials admit that Plaintiff seeks an injunction regarding enforcement of HSB 15.03.23.  The FDC Officials deny HSB 15.05.23 constitutes a "blanket ban" and further deny FDC inmates will be denied medically necessary care.  Moreover, the FDC Officials expressly deny that they violated Plaintiff's or any other inmate's rights secured by the Constitution, or any federal or state law, in any way whatsoever.  Except as expressly admitted above, the FDC Officials deny the remaining allegations in Paragraph 12.

13.     The FDC Officials admit that Plaintiff is an incarcerated individual diagnosed with gender dysphoria and currently receiving cross-sex hormones.  The FDC Officials deny the remaining allegations in Paragraph 13.

14.     The FDC Officials deny Plaintiff serves as an adequate class representative.  Further, the FDC Officials lack sufficient knowledge or information to form a belief concerning any conflicts Plaintiff may have with members of the purported class, and; therefore, deny Plaintiff's allegations in Paragraph 14.  The FDC Officials deny all remaining allegations in Paragraph 14.

15.     The FDC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations in Paragraph 15 and therefore, deny the allegations.

16.     The FDC Officials deny that HSB 15.05.23 "precludes the provision of hormone therapy."  The FDC Officials admit that HSB 15.05.23 does not include

access to grooming and clothing standards.  Except as expressly admitted above, the FDC Officials deny the remaining allegations in Paragraph 16.

## III.   <u>Defendants</u>

17.    The FDC Officials admit Dixon serves as the Secretary of FDC and that Plaintiff purports to sue Dixon in his official capacity.  The FDC Officials assert that Fla. Stat. § 20.315(3) speaks for itself.  To the extent Paragraph 17 purports to characterize the contents of the statute, the FDC Officials deny any mischaracterization, misdescription, or misquotation.  Except as expressly admitted above, the FDC Officials deny the remaining allegations in Paragraph 17.

18.    The FDC Officials admit Clayton Weiss serves as the Health Services Director of FDC and that Plaintiff purports to sue Weiss in his official capacity.  The FDC Officials assert that Fla. Stat. § 20.315(3)2 speaks for itself.  To the extent Paragraph 18 purports to characterize the contents of the statute, the FDC Officials deny any mischaracterization, misdescription, or misquotation.  Further, the FDC Officials deny that the FDC Officials or the FDC denied Plaintiff medically necessary treatment and deny that Weiss possesses knowledge of any denial of medically necessary treatment to inmates with gender dysphoria.  The FDC Officials expressly deny that they violated Plaintiff's or any inmate's rights secured by the Constitution, or any federal or state law. in any way whatsoever.  The FDC Officials deny the remaining allegations in Paragraph 18.

19.    The FDC Officials admit Gary Hewett serves as the warden of the Wakulla Correctional Institution and that Plaintiff purports to sue Hewett in his official capacity.  The FDC Officials assert that Fla. Stat. § 944(2) speaks for itself. To the extent Paragraph 19 purports to characterize the contents of the statute, the FDC Officials deny any mischaracterization, misdescription, or misquotation.

20.    Paragraph 20 contains vague and ambiguous allegations relating to "all times relevant herein" without specifying the period of time Plaintiff intends. Therefore, the FDC Officials lack sufficient knowledge or information concerning Plaintiff's allegations regarding "all times relevant herein" to form a basis or belief to either admit or deny the allegations.  The FDC Officials admit that while carrying out their duties and responsibilities in service of FDC, the FDC Officials acted in the course and scope of their employment and under the color of state law.

## FACTUAL ALLEGATIONS

21.    The FDC Officials admit that gender dysphoria is a medical condition included in the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition. To the extent Plaintiff purports to quote from or refer to a document or documents, the FDC Officials assert the document speaks for itself, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.  Except as expressly admitted above, the FDC Officials deny any remaining allegations in Paragraph 21.

22.    The FDC Officials admit that gender dysphoria is a medical condition

with certain treatment modalities.  The remainder of Paragraph 22 contains vague and ambiguous allegations without specifying the source or basis for the information.  Therefore, the FDC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

23.    The FDC Officials deny that the standards published by the World Professional Association for Transgender Health and the Endocrine Society ("WPATH") are "widely accepted" or "authoritative standards" for treating gender dysphoria.  The remainder of Paragraph 23 contains vague and ambiguous allegations without specifying the source or basis for the information.  Therefore, the FDC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

24.    Paragraph 24 contains no factual allegations and, as such, no response is required.  To the extent a response is required, Paragraph 24 contains vague and ambiguous allegations without identifying the source or basis for the information.  Therefore, the FDC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations in Paragraph 24.  To the extent the allegations in Paragraph 24 purport to quote from or refer to a document or documents, the FDC Officials assert the document or documents speak for themselves, and the FDC Officials deny any

mischaracterization, misquotation, or misdescription.

25.    Paragraph 25 contains no factual allegations and, as such, no response is required.  To the extent a response is required, Paragraph 25 contains vague and ambiguous allegations without identifying the source or basis for the information. Therefore, the FDC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations in Paragraph 25.  To the extent the allegations in Paragraph 25 purport to quote from or refer to a document or documents, the FDC Officials assert the document or documents speak for themselves, and the FDC Officials deny any mischaracterization, misquotation, or misdescription.

26.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 26 and, therefore, deny the allegations.

27.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 27 and, therefore, deny these allegations.

28.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 28 and, therefore, deny the allegations.

29.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 29 and, therefore, deny the allegations.

30.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 30 and, therefore, deny the allegations.

31.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 31 and, therefore, deny these allegations.

32.    The FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 32 and, therefore, deny these allegations.

33.    The FDC Officials admit that Plaintiff entered FDC custody on or about July 17, 2014, and that FDC currently houses Plaintiff at Wakulla Correctional Institution.    Except as expressly admitted above, the FDC Officials deny all remaining allegations in Paragraph 33.

34.    Paragraph 34 contains vague and ambiguous allegations without identifying the source or basis for the information.    Therefore, the FDC Officials lack sufficient knowledge or information to either admit or deny the allegations and, therefore, deny the allegations.    The FDC Officials admit that Plaintiff filed a lawsuit in 2016 alleging she requested hormone therapy and access to grooming and clothing standards from FDC.    The FDC Officials further admit that the Eleventh Circuit Court of Appeals confirmed FDC did not act with deliberate indifference in denying Plaintiff access to grooming and clothing standards.    Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1272-79 (11th Cir. 2020).

35.    The FDC Officials admit that FDC provided, and continues to provide, Plaintiff with mental-health counseling and access to mental health treatment.    The remainder of Paragraph 35 contains vague and ambiguous allegations without

identifying the source or basis of the information. Moreover, the allegations in Paragraph 35 refer to "Keohane," "her," and "my" treatment for gender dysphoria, further confusing whether the allegations relate to Plaintiff alone or Plaintiff and another unidentified individual. Regardless, the FDC Officials lack sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 35 and, therefore, deny the allegations.

36.    Paragraph 36 contains vague and ambiguous allegations without identifying the basis or source for the information. Moreover, the allegations in Paragraph 36 fail to identify any particular time period. Thus, the FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 36 and, therefore, deny the allegations in Paragraph 36.

37.    Paragraph 37 contains vague and ambiguous allegations without specifying the source or basis for the information. Moreover, the allegations in Paragraph 38 fail to identify the time to which Plaintiff refers. Thus, FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 37 and, therefore, deny the allegations in Paragraph 37.

38.    Paragraph 38 contains vague and ambiguous allegations without identifying the source or basis for the information. Moreover, the allegations in Paragraph 38 fail to identify the time to which Plaintiff refers. Thus, the FDC Officials lack sufficient knowledge or information to either admit or deny the

allegations and, therefore, deny the allegations in Paragraph 38.

39.    The FDC Officials admit that Plaintiff initiated the lawsuit identified in Paragraph 39.

40.    The FDC Officials admit that Plaintiff began receiving hormone treatment in 2016, and that Procedure 403.012 became effective in July 2017.  The FDC Officials lack sufficient knowledge or information to either admit or deny the remaining vague and ambiguous allegations in Paragraph 40 and, therefore, deny the remaining allegations.

41.    The FDC Officials admit that Plaintiff had access to cross-sex items in accordance with Procedure 403.012.  The FDC Officials lack sufficient knowledge or information to either admit or deny the remaining vague and ambiguous allegations in Paragraph 41 and, therefore, deny the allegations.

42.    Paragraph 42 contains vague and ambiguous allegations that seem to consist solely of Plaintiff's thoughts and opinions.  Additionally, Paragraph 42 contains no allegations related to the FDC Officials and, therefore, requires no response.  To the extent a response is required, the FDC Officials lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 42 and, therefore, deny the allegations.

## FDC's Procedure 403.012

43.    The FDC Officials admit the allegations in Paragraph 43.

44.    To the extent the allegations in Paragraph 44 purport to quote from or refer to a document or documents, the FDC Officials assert that former Procedure 403.012 speaks for itself, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

45.    To the extent the allegations in Paragraph 45 purport to quote from or refer to a document or documents, the FDC Officials assert that former Procedure 403.012 speaks for itself, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

46.    To the extent the allegations in Paragraph 45 purport to quote from or refer to a document or documents, the FDC Officials assert that former Procedure 403.012 speaks for itself, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

47.    The FDC Officials admit FDC adhered to Procedure 403.012.  The FDC Officials further admit that FDC provided and continues to provide appropriate treatment for gender dysphoria to the individuals in its custody.  The FDC Officials expressly deny that cross-sex clothing and grooming standards constituted medical treatment or "appropriate treatment for gender dysphoria."  Except as expressly admitted above, the FDC Officials deny all remaining allegations in Paragraph 47.

<u>FDC's Health Services Bulletin 15.05.23</u>

48.    The FDC Officials admit that HSB 15.05.23 serves as FDC's current

12

standard for treating gender dysphoria. The FDC Officials further admit that Procedure 403.12 is no longer in effect. To the extent the allegations in Paragraph 48 purport to quote from or refer to the contents of a document or documents, the FDC Officials assert that the documents speak for themselves, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

49.    To the extent the allegations in Paragraph 49 purport to quote from or refer to a document or documents, the FDC Officials assert that the documents speak for themselves, and the FDC Officials deny any mischaracterization, misdescription, or misquotation. The FDC Officials admit that HSB 15.05.23 provides for individualized treatment of inmates diagnosed with gender dysphoria, including psychotherapy and psychotropic medications as indicated by a medical or mental health professional. Except as expressly admitted above, the FDC Officials deny any remaining allegations in Paragraph 49.

50.    To the extent the allegations in Paragraph 58 purport to quote from or refer to the contents of a document or documents, the FDC Officials assert that the document or documents speak for themselves, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

51.    To the extent the allegations in Paragraph 51 purport to quote from or refer to a document or documents, the FDC Officials assert that the documents speak for themselves, and the FDC Officials deny any mischaracterization, misdescription,

or misquotation.

52.    The FDC Officials deny that HSB 15.05.23 establishes "requirements that are not meant to be met."  To the extent the allegations in Paragraph 52 purport to quote from or refer to the contents of a document or documents, the FDC Officials assert that the documents speak for themselves, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

53.    The FDC Officials deny the allegations in Paragraph 53.

54.    The FDC Officials deny the allegations in Paragraph 54.

55.    The FDC Officials deny the allegations in Paragraph 55.

56.    The FDC Officials deny the allegations in Paragraph 56.

57.    The FDC Officials deny the allegations in Paragraph 57.

The Announcement of the New Policy to Inmates with Gender Dysphoria

58.    The FDC Officials admit that FDC informed inmates of HSB 15.05.23 on September 30, 2024.  The FDC Officials deny the remaining allegations in Paragraph 58.

59.    The FDC Officials lack sufficient knowledge or information to admit or deny what Keohane has witnessed during her incarceration.  The FDC Officials deny the remaining allegations in Paragraph 59.

60.    Paragraph 60 contains vague and ambiguous allegations without identifying the source or basis for the information.  Thus, the FDC Officials lack

14

sufficient knowledge or information to either admit or deny the allegations in Paragraph 60 and, therefore, the FDC Officials deny the allegations.

61.    The FDC Officials admit that FDC informed inmates of HSB 15.05.23 on September 30, 2024.  The FDC Officials deny the remaining allegations in Paragraph 61.

62.    The FDC Officials admit that inmates receiving cross-sex hormones received medical evaluations to determine the medical necessity for bras.  The FDC Officials lack sufficient knowledge or information to either admit or deny the remaining vague and ambiguous allegations in Paragraph 62 and, therefore, deny any remaining allegations in Paragraph 62.

Exhaustion of Administrative Remedies

63.    The FDC Officials deny the allegations in Paragraph 63.

64.    The FDC Officials admit that Plaintiff submitted a grievance on or about October 3, 2024.  The FDC Officials assert that the grievance speaks for itself. To the extent Paragraph 64 purports to characterize the contents of the grievance, the FDC Officials deny that characterization.  Moreover, the FDC Officials deny that they or the FDC violated Plaintiff's or any inmate's rights secured by the Constitution, or any federal or state law, in any way whatsoever.

65.    The FDC Officials admit that Plaintiff attempted to submit a grievance to Secretary Dixon.  To the extent the allegations in Paragraph 65 purport to quote

from or refer to the contents of a document or documents, the FDC Officials assert that the document or documents speak for themselves, and the FDC Officials deny any mischaracterization, misdescription, or misquotation.

66.    The FDC Officials admit that FDC timely responded to Plaintiff's grievance.  The FDC Officials assert that the response speaks for itself.  To the extent Paragraph 66 purports to characterize the contents of the response, the FDC Officials deny any mischaracterization, misdescription, or misquotation.

67.    The FDC Officials admit that Plaintiff appealed the formal grievance.

68.    The FDC Officials deny the allegations in Paragraph 68.

## CLAIM FOR RELIEF

### Count I

**Denial of Medically Necessary Treatment in Violation of the Eighth Amendment to the United States Constitution (42 U.S.C. § 1983)**

69.    The FDC Officials adopt and assert as if set forth at length their answers to the allegations in Paragraphs 1 through 68.

70.    The FDC Officials admit Plaintiff has been diagnosed with gender dysphoria and receives treatment for gender dysphoria.  The FDC Officials deny the remaining allegations in Paragraph 70.

71.    Paragraph 71 contains vague and ambiguous allegations seemingly based on nothing more than mere speculation, without identifying the source or basis for the information.    Thus, the FDC Officials lack sufficient knowledge or

information to either admit or deny the factual allegations in Paragraph 71 and, therefore, deny the allegations.

72.    The FDC Officials admit Plaintiff has been diagnosed with gender dysphoria and receives treatment for gender dysphoria. The FDC Officials deny the remaining allegations in Paragraph 72.

73.    The FDC Officials admit that FDC provides treatment to Plaintiff for gender dysphoria.  Paragraph 73 contains vague and ambiguous allegations seemingly based on nothing more than sheer speculation, without identifying the basis or source for the information.  Thus, the FDC Officials lack sufficient knowledge or information to either admit or deny the remaining vague and ambiguous allegations and, therefore, deny the allegations.

74.    The FDC Officials deny the allegations in Paragraph 74.

75.    The FDC Officials deny the allegations in Paragraph 75.

76.    The FDC Officials deny that Plaintiff has been denied hormone therapy. Paragraph 76 contains vague and ambiguous allegations seemingly based on nothing more than mere speculation, without identifying a source or basis for the information.  Thus, the FDC Officials lack sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 76 and, therefore, deny the remaining allegations.

77.    The FDC Officials deny the allegations in Paragraph 77.

78.    The FDC Officials deny the allegations in Paragraph 78.

79.    The FDC Officials deny the allegations in Paragraph 79.

80.    The FDC Officials deny the allegations in Paragraph 80.

81.    The FDC Officials lack sufficient knowledge concerning Plaintiff's allegation regarding "at all relevant times."  The FDC Officials admit that while carrying out their duties and responsibilities in service of FDC, the FDC Officials acted in the course and scope of their employment and under the color of state law.

### PRAYER FOR RELIEF

In response to Paragraphs (a) through (e) in Plaintiff's Prayer for Relief, the FDC Officials deny Plaintiff is entitled to the relief requested, or any relief, based on the Complaint.

### AFFIRMATIVE DEFENSES

The FDC Officials assert the following additional and/or affirmative defenses but do not carry the burden of proving any of these additional and/or affirmative defenses, except as expressly required by applicable law.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff is not entitled to any of the relief requested in the Complaint.

## THIRD DEFENSE

Plaintiff is not entitled to any relief under 42 U.S.C. §§ 1983 and/or 1988.

## FOURTH DEFENSE

Plaintiff lacks standing to bring claims on behalf of the putative class.

## FIFTH DEFENSE

Plaintiff failed to allege a violation of the Eighth and Fourteenth Amendments to the United States Constitution.

## SIXTH DEFENSE

The Complaint fails to allege any showing of physical injury or the commission of a sexual act.  42 U.S.C. § 1997e(e).

## SEVENTH DEFENSE

Plaintiff's claims are barred because the FDC Officials did not breach any duty allegedly owed to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted."  42 U.S.C. § 1997e(c)(1)(2005).

## TENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's civil or constitutional rights have not been violated.

**ELEVENTH DEFENSE**

Plaintiff is unable to establish any causal connection between any action or inaction of the FDC Officials and any purported injury alleged in the Complaint or for which relief is sought.

**TWELFTH DEFENSE**

Plaintiff is not entitled to injunctive relief related to the provision of medical and mental health care for gender dysphoria by FDC and/or pursuant to HSB 15.05.23.

**THIRTEENTH DEFENSE**

The FDC Officials cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

**FOURTEENTH DEFENSE**

Some or all of Plaintiff's claims are barred by one or more of the doctrines of laches, waiver, unclean hands, estoppel, res judicata, claim preclusion, collateral estoppel, or issue preclusion.

**FIFTEENTH DEFENSE**

Plaintiff lacks standing to pursue the claims asserted in the Complaint and is not entitled to relief because Plaintiff continues to receive hormone therapy.

### SIXTEENTH DEFENSE

The FDC Officials claim any and all protections of the Prison Litigation Reform Act ("<u>PLRA</u>") of 1995, as amended.  <u>See</u> 42 U.S.C. § 1997e.

### SEVENTEENTH DEFENSE

Plaintiff's requested relief is inappropriate pursuant to the provisions of the PLRA.  <u>See</u> 42 U.S.C. § 1997e.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred because the injunctive relief Plaintiff seeks is not sufficiently narrowly drawn as required by the PLRA.  18 U.S.C. § 3626(a)(1)(A); 42 U.S.C. § 1997e.

### NINETEENTH DEFENSE

Plaintiff's claims are barred because the injunctive relief Plaintiff seeks extends further than is necessary to correct any alleged violation of any Plaintiff's constitutional rights.  18 U.S.C. § 3626(a)(1)(A); 42 U.S.C. § 1997e.

### TWENTIETH DEFENSE

Plaintiff's claims are barred because the injunctive relief Plaintiff seeks is not the least intrusive means necessary to correct any alleged violation of Plaintiff's constitutional rights.  18 U.S.C. § 3626(a)(1)(A); 42 U.S.C. § 1997e.

## TWENTY-FIRST DEFENSE

Plaintiff fails to allege a personal, physical injury as required by the PLRA. 42 U.S.C. § 1997e(e).

## TWENTY-SECOND DEFENSE

Plaintiff's claims fail under the PLRA because the requested relief would adversely impact public safety and the operation of the criminal justice system. 42 U.S.C. § 1997e.

## TWENTY-THIRD DEFENSE

Plaintiff's claims fail under the PLRA because the requested relief would require a government official to exceed his or her authority under state law. 42 U.S.C. § 1997e.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims fail under the PLRA because the requested relief would effectively repeal or detract from otherwise applicable limitations on the remedial powers of the courts. 42 U.S.C. § 1997e.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred because the FDC Officials did not act with deliberate indifference. Estelle v Gamble, 429 U.S. 97 (1976).

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs seek to recover attorneys' fees, the FDC Officials object to any and such requests for attorneys' fees that are not asserted in the Complaint or are not approved by Court order.

## TWENTY- SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## TWENTY- EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because maintenance of this lawsuit as a class action violates due process under the laws and Constitution of the United States or the laws and Constitution of the State of Florida.

## TWENTY- NINTH DEFENSE

Plaintiff failed to satisfy the prerequisites of a class action as required by Rule 23 of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action.

## THIRTY-FIRST DEFENSE

Plaintiff's proposed class does not meet the Rule 23 standards set forth in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

## THIRTY-SECOND DEFENSE

Plaintiff cannot establish numerosity as required for class certification.  Fed. R. Civ. P. 23(a)(1).

## THIRTY-THIRD DEFENSE

Plaintiff cannot establish commonality as required for class certification. Fed. R. Civ. P. 23(a)(2).

## THIRTY-FOURTH DEFENSE

Plaintiff cannot establish typicality as required for class certification.  Fed. R. Civ. P. 23(a)(3).

## THIRTY-FIFTH DEFENSE

Plaintiff cannot establish adequacy of representation as required for class certification.  Fed. R. Civ. P. 23(a)(4).

## THIRTY-SIXTH DEFENSE

The Plaintiff is not a proper class representative.

## THIRTY-SEVENTH DEFENSE

Because the FDC Officials have not acted or refused to act on grounds that apply generally to the class such that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole, Plaintiff's claims fail as a class action.

## THIRTY-EIGHTH DEFENSE

A class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## THIRTY-NINTH DEFENSE

Individualized determinations for each purported class member preclude class certification.

## FORTIETH DEFENSE

Conflicts exist among the proposed class members.

## FORTY-FIRST DEFENSE

Plaintiff's claims are due to be dismissed on grounds that Plaintiff lacks standing.

## FORTY-SECOND DEFENSE

Plaintiff's claims are due to be dismissed on grounds that the Complaint fails to identify a justiciable controversy.

## FORTY-THIRD DEFENSE

The policies, practices, and procedures implemented or imposed by the FDC Officials and/or FDC are reasonably related to legitimate penological interests.

## FORTY-FOURTH DEFENSE

The policies, practices, and procedures implemented or imposed by the FDC Officials and/or FDC are lawful and justified.

## FORTY-FIFTH DEFENSE

All actions by the FDC Officials with regard to the Plaintiff and putative class members were made in good faith compliance with applicable provisions of law, rules, and regulations.

## FORTY-SIXTH DEFENSE

Plaintiff has not been injured and will continue to not suffer injury as a result of the matters alleged in the Complaint.

## FORTY-SEVENTH DEFENSE

The FDC Officials' actions were objectively reasonable under the circumstances.

## FORTY-EIGHTH DEFENSE

The FDC Officials acted in good faith, without malice and without the requisite state of mind necessary for Plaintiff to establish a constitutional violation.

## FORTY-NINTH DEFENSE

The FDC Officials' conduct was not motivated by an evil motive or intent and did not involve reckless or callous indifference to Plaintiff's rights.

## FIFTIETH DEFENSE

Plaintiff's claims of unconstitutional customs, policies, or practices cannot be predicated upon isolated or sporadic instances of conduct.

### FIFTY-FIRST DEFENSE

The FDC Officials did not authorize, condone, or ratify any alleged unlawful conduct or statements.

### FIFTY-SECOND DEFENSE

Some or all of the putative class members lack standing because they cannot demonstrate an actual or imminent injury.

### FIFTY-THIRD DEFENSE

The FDC Officials reserve the right to supplement and/or amend this Answer as additional information responsive to the allegations or defenses become known.

### FIFTY-FOURTH DEFENSE

Plaintiff and the putative class members are not entitled to declaratory relief related to the provision of medical and mental health care for gender dysphoria in the FDC.

### FIFTY-FIFTH DEFENSE

Any allegation, contention, or request for relief or for damages of any type or nature not expressly admitted is denied and strict poof thereof is demanded.

Respectfully submitted this the 14th day of February, 2025.


*/s/ Kenneth S. Steely*
Kenneth S. Steely
*One of the Attorneys for the State*

William R. Lunsford
Kenneth S. Steely
William J. Cranford III (*pro hac vice*)
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com

*Attorneys for Ricky D. Dixon, Clayton Weiss,
and Gary Hewett*

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 14th day of February, 2025:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

*Attorneys for Plaintiffs*

/s/Kenneth S. Steely
*Of Counsel*