IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| REIYN KEOHANE,<br><br>*Plaintiff*,<br><br>v.<br><br>RICKY D. DIXON, in his official capacity as Secretary of the Florida Department of Corrections; CLAYTON WEISS in his official capacity as Health Services Director of the Florida Department of Corrections; GARY HEWETT, in his official capacity as Warden of Wakulla Correctional Institution,<br><br>*Defendants*. | Case No. 4:24-cv-434 |

## PLAINTIFF'S UNOPPOSED MOTION
## FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, Plaintiff Reiyn Keohane ("Keohane") respectfully moves this Court to permit the filing of the First Amended Complaint ("FAC") attached hereto as **Exhibit 1**. Defendants do not oppose the relief requested in this Motion, and ask that their date to respond to the FAC be set for March 28, 2025. In support of this Motion, Plaintiff submits this Memorandum.

1

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, Federal Rule of Civil Procedure 20(a)(1) permits multiple Plaintiffs to join a single action where they jointly assert a right to relief arising out of the same transaction or occurrence, and their claims share common issues of law and fact.

Here, Plaintiff has moved with expedience to add two new defendants and four new putative class representatives. With respect to the new putative class representatives, they have each experienced the loss of social accommodations, have yet to be told whether they will continue to receive hormone therapy, and are fearful of losing their access to this essential healthcare. Each has asked to join this action, and to become class representatives.

These proposed amendments will not unduly prejudice Defendants. Discovery is underway, and most of the discovery sought by the new Plaintiffs will be identical to that already propounded by Plaintiff Keohane. Plaintiff has timely filed this Motion within the parties' agreed upon deadline to amend pleadings and join additional parties, and as approved by the Court. (ECF 59, 60.)

## I. PROCEDURAL BACKGROUND

On October 25, 2024, Keohane filed the Complaint on her own behalf and on behalf of a class of similarly situated inmates in the custody of the Florida

Department of Corrections ("FDC"), (ECF 1), as well as a Motion for a Temporary Restraining Order and/or Preliminary Injunction, (ECF 4). On October 29, 2024, the Court denied Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction insofar as "it seeks a temporary restraining order on an emergency basis." (ECF 14.) Defendants filed a Motion to Dismiss and a request to stay the current scheduling order and all discovery pending resolution of that Motion to Dismiss on November 12, 2024. (ECF 28, 30.) On December 27, 2024, the Court denied Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction. (ECF 55.)

On January 31, 2025, the Court denied Defendants' Motion to Dismiss. (ECF 58.) On February 3, 2025, the Parties submitted a joint Report of 26(f) Conference `and Discovery Plan, agreeing, *inter alia*, that the "parties will be allowed until March 14, 2025, to request leave to join additional parties and to amend the pleadings." (ECF 59.) The Court adopted the deadlines and agreements set forth in the 26(f) statement, except to the extent inconsistent with other provisions of its Scheduling Order. (ECF 60.) FDC Defendants answered Plaintiff's Complaint on February 14, 2025. (ECF 63.)

On March 6, 2025, Plaintiff sought Defendants' position on Plaintiff's request for leave to amend the Complaint, and thereafter provided the proposed FAC to

Defendants for review. On March 10, 2025, Defendants stated that they would not oppose the relief requested in this Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give [] when justice so requires." Absent "a substantial reason to deny a motion to amend," such relief should be granted. *Laurie v. Alabama Court of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). A denial may be warranted where a plaintiff engages in "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed," or, where amendment would cause "undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Here, Plaintiff has moved timely to amend, and no prejudice to Defendants will occur.

## III. ARGUMENT

No circumstances to deny Plaintiff's request for leave are present here. The FAC would, *inter alia*, add four putative class members as named, representative plaintiffs: Sasha Mendoza, Sheila Diamond, Carter Jackson, and Nelson Boothe.[1]

---

[1] Plaintiffs are identified in FDC databases respectively as Reiyn J. Keohane (DC # Y55036), George Mendoza (DC # 099172), Kelvin L. Coleman Jr. (DC # 971855), Candace K. Jackson (DC # V29455), and Natasha D. Boothe (DC # A62460).

4

The attached FAC also adds two new individual defendants in their official capacities: Alonzo Horner and Nan Jeffcoat (wardens at facilities of two of the added plaintiffs). Finally, the attached FAC relates back to the Complaint, as the claims set forth in the FAC alleges additional facts regarding Defendants' ongoing violations under the Eighth Amendment to the U.S. Constitution.

### A. Plaintiff's Motion is Timely and Filed in Good Faith.

Plaintiff timely files this Motion shortly after obtaining new information about additional inmates with gender dysphoria. Particularly given the challenges of communicating with incarcerated putative clients, Plaintiff acted with expedience, in good faith, and without dilatory motive. In addition, Plaintiff files this Motion within the parties' agreed upon timeframe to amend pleadings and join additional parties. (ECF 59.)

### B. Plaintiff's Motion would not Unduly Prejudice Defendants.

The amendments would not unduly prejudice Defendants. In determining whether an amendment would impose undue prejudice, courts consider whether the amendment was filed "following the close of discovery, past the deadline for amendments" or "past the deadline for filing dispositive motions." *Lowe's Home Ctrs., Inc. v. Olin Corp.* 313 F.3d 1307, 1315 (11th Cir. 2002). No such circumstances exist here. Plaintiff seeks to amend her Complaint long before the close of discovery (ECF 60), comfortably before the parties' agreed upon deadline for amending the

5

pleadings (ECF 59), and long before the deadline for filing any dispositive motions (ECF 60). Thus, Plaintiff's proposed amendments would not unduly prejudice Defendants.

### C. The Proposed Amendments are not Futile.

Nor would the proposed amendments be futile. An amendment is futile if "the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). As this Court has already held, Plaintiff has sufficiently stated a claim upon which relief can be granted. (ECF 58.) The FAC adds four putative class members as representative plaintiffs who, like Plaintiff Keohane, raise similar claims against Defendants that arise from Defendants' conduct and practices. Accordingly, the proposed FAC states viable claims upon which relief can be granted.

## IV. CONCLUSION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the already agreed upon timeline for proposals to amend the pleadings, (ECF 59 at 5), the Court's case management order adopting that agreement (ECF 60 at ¶6.) and the arguments above, Plaintiff respectfully asks the Court to grant her leave to file the proposed FAC, attached hereto as **Exhibit 1**, and permit Defendants up to and including March 28, 2025 to respond to the FAC.

**Local Rule 7.1(B) Certification:** Plaintiff complied with the attorney-conference requirement of Local Rule 7.1(B). Defendants do not object to the relief requested in this motion.

Date: March 11, 2025

Respectfully submitted,

/s/ Daniel B. Tilley
Samantha J. Past (Florida Bar No. 1054519)
Daniel B. Tilley (Florida Bar No. 102882)
**American Civil Liberties Union Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)
Leslie Cooper
**American Civil Liberties Union Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

Michelle Fraling (Admitted in Washington D.C. only)
**American Civil Liberties Union Foundation**
915 15th Street NW, 6th Floor
Washington DC, 20005
Tel: (917) 710-3245
michelle.fraling@aclu.org

7

Anthony Anscombe (Admitted in Illinois and California; *pro hac vice forthcoming*)
Darlene Alt (Admitted in Illinois; *pro hac vice forthcoming*)
Emily Shook (Admitted in Illinois only; *pro hac vice forthcoming*)
Laurel Taylor (Admitted in New York; *pro hac vice forthcoming*)
**Steptoe LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Tel. (312) 577-1300
aanscombe@steptoe.com
dalt@steptoe.com
eshook@steptoe.com
lataylor@steptoe.com

*Counsel for Plaintiff*