IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE**, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00434-AW-MAF |
| | ) |
| **RICKY D. DIXON**, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiffs[1] and Defendant FDC Officials[2], hereby respectfully request that the Court enter an Amended Scheduling Order providing for an additional **120 days** for the completion of discovery. In support of this Motion, the Parties state as follows:

1. The Court entered its current Scheduling Order on February 4, 2025. (Doc. 60). Under the current Scheduling Order, the Parties must complete fact and expert discovery by June 27, 2025. (Id. at 1, ¶ 2). The Parties respectfully request

---

[1] Plaintiffs include Reiyn Keohane, Sasha Mendoza, Sheila Diamond, Karter Jackson, and Nelson Boothe.

[2] Defendants include Ricky D. Dixon ("Secretary Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), Clayton Weiss, in his official capacity as Health Services Director of the Florida Department of Corrections ("Weiss"), Gary Hewett, in his official capacity as Warden of Wakulla Correctional Institution ("Hewett"), Alonzo Horner, in his official capacity as Warden of Homestead Correctional Institution ("Horner"), and Nan Jeffcoat, in her official capacity as Warden of Florida Women's Reception Center ("Jeffcoat,").

that this period be extended by 90 days in order to permit the orderly completion of discovery.

2. This case has been extremely active over the last several months. As permitted by the Court's Scheduling Order dated February 4, 2025, Plaintiffs filed an amended complaint on March 13, 2025, adding four more class representatives. On April 9, 2025, Plaintiffs filed their motion for class certification.

3. Plaintiffs have undertaken significant discovery. They have issued three sets of consolidated written discovery to the FDC Officials, and the FDC officials have provided written responses. Plaintiffs have provided to FDC a draft ESI (electronically stored information) protocol, a list of search terms, and a proposed Rule 502 Order. The FDC Defendants have begun producing records consisting of Plaintiffs' medical records, FDC Policies, and minutes of the Gender Dysphoria Review Team. The FDC Officials have informed Plaintiffs that the Florida Department of Corrections is an "email based organization" and have advised that most of the information sought by Plaintiffs should be found in email. The FDC officials have advised that the process of collecting, reviewing, and producing documents will be lengthy. The Parties have therefore engaged in several extensive meet and confers to narrow the scope of data pulls and to prioritize document productions. Plaintiffs have also engaged a licensed psychologist to evaluate each of the Plaintiffs and prepare an expert report. Plaintiffs have provided

2

a list of approximately ten individuals they wish to depose, consisting of personnel employed by FDC and Centurion Correctional Health Care, which provides health care services to FDC, and have indicated that more will likely be necessary. Plaintiffs have issued a subpoena to Centurion for the production of business records relevant to this matter.

4. The Parties have worked cooperatively to date, and agree that the volume of discovery remaining warrants an extension of the case management schedule. There is a large volume of ESI discovery left to complete, following which there will be at least ten depositions. The FDC anticipates that it cannot complete its productions before June 25, 2025, while Centurion has requested until April 25, 2025, to respond to the subpoena.

5. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, good cause exists to modify the scheduling order for discovery. Most of the documentary information sought by Plaintiffs is ESI, which is taking considerable time to identify and produce. Plaintiffs need this documentary information in order to prepare for deposition discovery. The amount of time for the completion of this extended discovery – approximately eight months after the entry of the case management order – is reasonable and consistent with case management schedules in this District

6. The Parties respectfully request that the Court amend the Scheduling Order to adjust the relevant case deadlines by 120 days, as follows:

- **August 25, 2025:** Plaintiffs' expert disclosures.

- **September 22, 2025:** FDC Officials' expert disclosures.

- **October 15, 2025:** Plaintiffs' expert rebuttal reports.

- **October 27, 2025:** Complete discovery (expert and fact).

- **November 21, 2025:** Deadline for dispositive motions.

- **March 2, 2026:** Bench trial.

7. The Parties do not make this request for any improper purpose. This is their first request for modification of the case management schedule.

Respectfully submitted this 17th day of April 2025.

*/s/ Kenneth Steely*
Kenneth S. Steely
*One of the Attorneys for the State*

William R. Lunsford (*pro hac vice*)
Kenneth S. Steely (Florida Bar #84714)
William J. Cranford III (*pro hac vice*)
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
will.cranford@butlersnow.com

*Attorneys for Ricky D. Dixon, Clayton Weiss, and Gary Hewett*

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

*/s/    Samantha J. Past*
Samantha J. Past

Samantha J. Past (Florida Bar No. 1054519)
Daniel B. Tilley (Florida Bar No. 102882)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

Emily L. Shook*
Anthony J. Anscombe*
**STEPTOE LLP**
227 West Monroe, Suite 4700
Chicago, IL 60606
Tel: (312) 577-1300
eshook@steptoe.com
aanscombe@steptoe.com

Michelle Fraling*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th Street NW, 6th Floor
Washington D.C., 20005
Tel: (917) 710-3245
michelle.fraling@aclu.org

*Pro Hac Vice admission granted*

*Attorneys for Plaintiffs*

5