IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE**, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00434-AW-MAF |
| | ) |
| **RICKY D. DIXON**, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The FDC Officials[1] submit this response to Plaintiffs' Notice of Supplemental Authority. (Doc. 92). Plaintiffs submitted a June 3, 2025, opinion in Kingdom v. Trump, No. 1:25-cv-691-RCL (D.D.C.), as supplemental authority. Kingdom remains distinguishable from this action. Unlike Plaintiffs, the Kingdom plaintiffs faced actual withdrawal of hormone treatment. (Kingdom, Doc. 67 at 4-5, 34 (plaintiffs alleged "that BOP officials terminated hormone therapy treatments," officials "explicitly referred to this litigation" when restoring hormone therapy to some individuals, and one named plaintiff was told hormone therapy would be discontinued when current prescription ran out)). Accordingly, the Kingdom plaintiffs alleged "a blanket policy that may prevent them from accessing such care,

---

[1] "FDC Officials" refers to the same individuals as in Document 83.

should they be deemed to need it. . . " (Kingdom, Doc. 67 at 29). Thus, for purposes of alleging commonality under Rule 23(a), the Kingdom plaintiffs "'provide[d] sufficient evidence of systemic and centralized policies or practices in a prison system that allegedly expose all inmates in that system to a substantial risk or serious future harm.'" (Doc. 83 at 25 (quoting Parsons v. Ryan, 754 F.3d 657, 684 (9th Cir. 2014)). Plaintiffs here failed to provide any evidence of an FDC policy that exposes all putative class members to a substantial risk of serious harm.

Here, unlike in Kingdom, FDC never withdrew hormone therapy from any Named Plaintiff or putative class member, and it continues to base treatment decisions on individualized medical determinations. (Id. at 26-28). Moreover, as to social accommodations, the FDC Officials made clear that, "if FDC medical providers reach a final determination that social-transitioning accommodations represent a medically necessary treatment for a particular inmate, FDC will provide them to the extent medically necessary." (Doc. 83 at 35). Thus, unlike the Kingdom plaintiffs, Plaintiffs possess no evidence of any denial of medically necessary treatment to any inmate. The Court should deny class certification as set forth in the FDC Officials' Opposition (doc. 83).

Dated June 25, 2025.

*/s/ Kenneth S. Steely*
Kenneth S. Steely
*One of the Attorneys for the FDC Officials*

William R. Lunsford (*pro hac vice*)
Kenneth S. Steely (Florida Bar #84714)
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

*Attorneys for the FDC Officials*

## **CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

    I hereby certify that this Response contains 325 words and does not exceed 350 words as required by N.D. Fla. Loc. R. 7.1(J).

                                        */s/ Kenneth S. Steely*
                                        Kenneth S. Steely
                                        *One of the Attorneys for the FDC Officials*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 25th day of June, 2025:

| | |
|---|---|
| Daniel B. Tilley (Florida Bar No. 102882)<br>Samantha J. Past (Florida Bar No. 1054519)<br>**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**<br>4343 West Flagler Street, Suite 400<br>Miami, FL 33134<br>Tel: (786) 363-2714<br>dtilley@aclufl.org<br>spast@aclufl.org | Anthony J. Anscombe*<br>Laurel Taylor*<br>**STEPTOE LLP**<br>227 West Monroe, Suite 4700<br>Chicago, IL 60606<br>Tel: (312) 577-1300<br>Fax: (312) 577-1370<br>aanscombe@steptoe.com<br>lataylor@steptoe.com<br><br>*Pro Hac Vice* |
| Li Nowlin-Sohl*<br>Leslie Cooper<br>**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**<br>125 Broad St.<br>New York, NY 10004<br>Tel: (212) 549-2584<br>lnowlin-sohl@aclu.org<br>lcooper@aclu.org | *Attorneys for Plaintiffs* |
| Michelle Fraling*<br>**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**<br>915 15th Street NW, 6th Floor<br>Washington D.C., 20005<br>Tel: (917) 710-3245<br>michelle.fraling@aclu.org | |

                                                  */s/ Kenneth S. Steely*
                                                  *Of Counsel*