IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REIYN KEOHANE, *et al.*,      :
                             :
    *Plaintiffs*,            :
                             :
v.                           :    Case No. 4:24-cv-434-AW-MAF
                             :
RICKY D. DIXON, in his       :
official capacity as Secretary :
of the Florida Department of :
Corrections; *et al.*,        :
                             :
    *Defendants.*            :

## PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND DEEM REQUESTS ADMITTED

By and through undersigned counsel, Plaintiff Reiyn Keohane ("Plaintiff") respectfully moves this Court to compel Defendants to fully and promptly respond to interrogatories and to deem admitted certain Requests for Admission propounded on November 4, 2024, February 3, 2025, and March 7, 2025.

## I.    PROCEDURAL HISTORY

On November 4, 2024, Plaintiff served her Initial Composite Written Discovery Requests on Defendants ("Initial Composite Discovery Requests"). Defendants timely but inadequately responded on November 22, 2024.

On February 3, 2025, Plaintiff served her Second Composite Written

1

Discovery Requests on Defendants ("Second Composite Discovery Requests"), seeking new and supplemental information to that which had been sought in the initial requests. Defendants timely but inadequately responded on March 5, 2025.

On March 7, 2025, Plaintiff served her Third Composite Written Discovery Request on Defendants ("Third Composite Discovery Requests"), again seeking new and additional information. Defendants timely but again inadequately responded on April 7, 2025.

The Parties have made numerous efforts to resolve disputes as to the sufficiency of Defendants' responses. On March 11, 2025, the counsel for the Parties conferred regarding Defendants' responses to the Initial and Second Composite Requests. On May 2, 2025, the Parties again conferred, this time to address the sufficiency of Defendants' responses to the Initial, Second and Third set of Composite Requests. On May 14, 2025, Plaintiff sent a deficiency letter to Defendants' counsel asking Defendants to supplement their responses to cure numerous deficiencies. On May 22, 2025, Defendants provided supplemental information for some but not all of the requests as sought by Plaintiff. On May 23, 2025, Defendants provided a written response to Plaintiff's deficiency letter, indicating in many instances that they intended to stand on their objections and declined to provide further information.

On June 13, 2025, Plaintiff again wrote to Defendants to ensure that the parties

were in agreement as to what issues remained in contention, so as to frame the scope of motion practice. In response, on June 26, 2025, Defendants provided further supplemental information in response to some but not all of the Interrogatories and Requests for Admission. Unfortunately, despite multiple rounds of meetings, letters, and supplemental responses, several of Defendants' responses remain evasive, non-responsive, or otherwise not in conformity with the requirements of Federal Rules of Civil Procedure 26, 33 and 36.

## II.   **STANDARDS**

Local Rule 26.1(D) states that a motion to compel "must frame the dispute clearly and, if feasible, must, for each discovery request at issue: (1) quote the discovery request verbatim; (2) quote each objection specifically directed to the discovery request; and (3) set out the reasons why the discovery should be compelled."

Federal Rule of Civil Procedure Rule 33 governs interrogatories served on parties. The Rule permits any party to serve written interrogatories on another party, which must be answered separately and fully under oath. Fed. R. Civ. P. 33 (b)(3). If a responding party objects, it must do so with specificity; generalized objections are typically deemed improper. Fed. R. Civ. P. 33 (b)(4). Blanket boilerplate objections are typically not sufficient. *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693–94 (N.D. Fla. 2011). It is also the burden of the objecting party to demonstrate

why the request is unreasonable. *McPherson v. Lexington Ins. Co.*, No. 5:20-cv-318-TKW/MJF, 2022 U.S. Dist. LEXIS 253450 (N.D. Fla. Jan. 24, 2022).

Federal Rule of Civil Procedure 36(a)(1) provides that a party may serve on any other party "a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(a). The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Requests for admissions are "a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Odom v. Roberts*, 337 F.R.D. 347, 351 (N.D. Fla. 2020) (internal quotation marks omitted).

The party upon whom a request for admission is served must either admit the matter, specifically deny it, state in detail why the party cannot admit or deny the request for admission, or object to the request. Fed. R. Civ. P. 36(a)(3)-(4), *see also FlexSteel Pipeline Techs., Inc. v. Chen*, No. 5:16-CV-239-MCR-GRJ, 2017 WL 11672823, at *5 (N.D. Fla. Nov. 30, 2017). Rule 36 permits the requesting party to move a court to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(a)(6). If an answer does not comply with this rule, a "court may order either that the matter is admitted or that an amended answer be served." *Id*. Where the court finds that an objection is not justified, it "must order

4

that an answer be served." *Id*.

### III.  **ARGUMENT**

A. <u>Deficiencies in Defendants' Objections and Responses to Plaintiff's Interrogatories</u>

Defendants have insufficiently answered Interrogatories No. 11 and No. 13. In response to these Interrogatories, Defendants either provided partial responses or no response at all. Defendants' responses fail to abide by the requirements of Rule 33.

**INTERROGATORY NO. 11**: Identify all health bulletins that have a requirement that a treatment go to the etiological basis of the pathology, as well as all health conditions and treatments for which FDC requires treatment to go to the etiological basis of the underlying condition.

**RESPONSE:** The FDC Officials object to Interrogatory No. 11 as overly broad in scope, not proportional to Named Plaintiffs' need for discovery and as such, calling for disclosure of information irrelevant to Named Plaintiffs' claims. First, assuming that Named Plaintiffs interpret "health bulletins" to include policies, the plain language of the Interrogatory is not limited to policies created and implemented by the Florida Department of Corrections. The FDC Officials do not have knowledge of or legal access to "health bulletins" created and implemented by other correctional departments. Additionally, neither the Instructions nor this Interrogatory contain a temporal limitation, yet the First Amended Complaint (Doc. No. 66), specifically cites to events occurring on September 30, 2024, and later dates. (Doc. No. 66 at 2). Without a relevant temporal limitation, this Interrogatory places an undue burden on the FDC Officials to review and identify potentially responsive documents and information that may be completely irrelevant to Named Plaintiffs' claims or the FDC Officials' defenses in this case. Further, the FDC Officials object to this Interrogatory as vague and ambiguous in that it requires them to guess or speculate as to the meaning of "health bulletins[,]" "requirement[,]" "treatment[,]" "etiological basis[,]" "pathology[,]" "health conditions[,]" and "underlying conditions[.]" These ambiguities also subject the FDC Officials to an undue burden of determining information that may

possibly be responsive to this overly broad request. Moreover, the FDC Officials object to this request on the basis that it seeks information on "health bulletins" and "health conditions and treatments" that are not at issue in this case, which only involves involve claims of deliberate indifference as to the medical and mental health treatment of Named Plaintiffs. (Doc. No. 66 at 34-36).

Subject to and without waiving any objection, the FDC Officials state that gender dysphoria is a clinical diagnosis, not a medical diagnosis. A clinical diagnosis is based on a patient's symptoms, medical history and physical exam. In contrast, a medical diagnosis uses laboratory testing and imaging to confirm a condition. In the case of gender dysphoria, treatment providers such as licensed clinical psychologists cannot utilize any tests or imaging studies to diagnose a patient with gender dysphoria. Because the FDC provides an individualized assessment and treatment to inmates diagnosed with gender dysphoria, gender dysphoria is the only mental health condition with an applicable Health Services Bulletin. However, the FDC maintains HSBs for other medical conditions, such as infectious diseases like HIV or tuberculosis, and the FDC maintains protocols for treating and prescribing medications for mental health conditions. (April 7, 2025)

**AMENDED RESPONSE:** FDC Officials stand on the objections provided to Plaintiffs on April 7, 2025, in The FDC Objections and Response to Named Plaintiffs' Third Composite Written Discovery Requests. (May 23, 2025)

**SECOND AMENDED RESPONSE:** It is a generally recognized standard medical practice to treat the etiological basis of all diseases and/or medical conditions. FDC Officials stand on the objections provided to Plaintiffs on April 7, 2025. To the extent Plaintiffs seek to determine if Health Services Bulletin for other medical conditions have a requirement that a treatment go to the etiological basis of the pathology, see (FDC_OFFICIALS_027935-028686). Plaintiffs maintain equal access to these documents and no jurisdiction exists for shifting this burden to the FDC Officials. (June 26, 2025)

### **Why Plaintiff is Entitled to a Further Response**

This Request seeks information highly relevant to the claims and defenses in this case. FDC's Health Services Bulletin 15.05.23 ("HSB 15.05.23") directs: "An

inmate may be assessed for cross-sex hormone therapy if the treating physician can demonstrate with documented evidence that such treatment may improve clinical outcomes **by treating the etiological basis of the pathology**." Defendants contend that the etiological basis of gender dysphoria is unknown.[1]  Therefore, if Defendants implement the policy as written, no inmate could ever receive hormone therapy, because their physicians could not make the requisite showing.  Plaintiff directed this interrogatory to Defendants to determine whether FDC imposes a similar "etiological basis of the pathology" requirement on other medical conditions. Indeed, Defendants' Second Amended Response contends that treating the etiological basis is standard medical practice.    But that clearly cannot be the case. The etiological basis of diabetes is unknown, but the condition is diagnosed by the body's lack of insulin production.  Insulin injections do not treat the etiological basis of diabetes.  Rather, they improve clinical outcomes by treating the lack of insulin produced naturally in the pancreas.  Similarly, while a smoking cessation program might prevent the occurrence of lung cancer, treatment of lung cancer requires surgery, radiation, chemotherapy, and other modalities.

Plaintiff is entitled to know whether FDC's approach to hormone therapy is consistent with its other policies, or whether FDC has established the "etiological basis" requirement as a pretext to deny hormone treatment to transgender inmates.

---

[1] FDC ROG Response No. 10, Third Composite Written Discovery Request.

Defendants' responses are utterly deficient. They have not identified any policies or health conditions where FDC requires treatment of the "etiological basis" for the condition. Instead, they have directed Plaintiff to over 750 pages of miscellaneous documents that do not answer the question. Rule 33(d) permits a responding party to refer the propounding party to documents under certain circumstances, but those circumstances are not present here. The Bates range identified by Defendants contains approximately 26 different health policies and a wide assortment of other documents: blank informed consent forms for hormones, blank gender dysphoria evaluation forms, spread sheets with diagnosis codes from multiple evaluations, genetic testing protocol forms, various procedure explanations, and blank mental health evaluation forms. A search of these documents using the terms "etiological basis" turns up only one document: HSB 15.05.23, which is the procedure challenged by this lawsuit. It therefore appears that the answer to Plaintiff's interrogatory is "none," but Defendants have improperly obfuscated this fact. *Mann v. Island Resorts Dev.*, No. 3:08-cv-297, 2009 WL 6409113 (N.D. Fla. Feb. 27, 2009); *see also Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6127140, at *1 (N.D. Fla. Apr. 6, 2020) (noting that the documents must be presented in a manner that clearly specifies, in detail, where the answer can be located). Evasive interrogatory answers, like Defendants' response here, can be treated as a failure to answer and as such, a full

response, without objection, should be compelled. Fed. R. Civ. P. 37(a)(4).

> **INTERROGATORY NO. 13**: If you have responded to any of Requests for Admission 4 through 10 below with anything other than an unqualified admission, explain the basis for your response and identify the evidence on which you rely.

> **RESPONSE:** The FDC Officials object to this Interrogatory as vague, ambiguous, and unduly burdensome. As Named Plaintiffs failed to define "unqualified admission[,]" "basis[,]" "identify[,]" or "evidence[,]" this Interrogatory forces the FDC Officials to speculate as to how to define these terms so that the FDC Officials may determine whether they possess any responsive information. Additionally, the FDC Officials object because this Interrogatory may infringe on attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and possibly other applicable privileges or immunities. For example, if the FDC Officials assert a denial to any of Named Plaintiffs' Requests for Admission, the FDC Officials' basis for its denial would likely include privileged information. Moreover, Named Plaintiffs' demand that the FDC Officials reveal "the basis" for their responses inappropriately delves into litigation strategy and potentially opinion work product. (April 7, 2025)

> **SUPPLEMENTAL RESPONSE:** FDC Officials provided objections and responses to Plaintiffs' Request for Admissions 4-10. Each objection provided a written explanation of the objection. FDC Officials agree to meet and confer regarding Plaintiffs continued requests regarding these responses and objections. (May 23, 2025)

> **Why Plaintiff is Entitled to a Further Response**

Defendants still have not responded to Interrogatory No. 13. Defendants' Responses to Requests for Admission contain many objections, partial denials, and evasive responses. (See below). As to Plaintiff's Requests for Admissions No. 4, 5, 9 and 10, Defendants' objections are improper, and their written response to this interrogatory wholly inadequate. Plaintiff requests that Defendants be compelled to

fully and thoroughly respond to Interrogatory No. 13.

**Deficiencies in Defendants' Responses to Requests for Admission ("RFA")**

**RFA NO. 4:** For Reiyn Keohane, admit that the denial of cross-sex hormone therapy would violate the Eighth Amendment to the U.S. Constitution.

**RESPONSE:** The FDC Officials object to this Request as vague, overbroad, and unduly burdensome. This Request utilizes numerous vague and ambiguous terms, such as "denial" and "violate[,]" forcing the FDC Officials to speculate as to how the Named Plaintiffs define these terms. Given the breadth and ambiguous wording of this Request, the FDC Officials also object to the Request to the extent that it seeks an admission that would disclose privileged information, including information protected by the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and any other applicable privilege or immunity. Additionally, "a party cannot use Rule 36 to request admissions to legal conclusions." United States v. Annamalai, No. 20-10543, 2022 WL 16959207, at *4 (11th Cir. Nov. 16, 2022) (citing FED. R. CIV. P. 36(a)(1)). "[R]equests for admissions as to central facts in dispute are beyond the proper scope of [Rule 36]." Pickens v. Equitable Life Assurance Soc'y of the U.S., 413 F.2d 1390, 1393 (5th Cir. 1969). Because of these improprieties, the FDC Officials cannot admit or deny this Request. Further, to avoid any alleged waiver, the FDC Officials deny this Request to the extent not expressly admitted or qualifiedly admitted herein. (April 7, 2025)

**AMENDED RESPONSE:** This Request does not supply enough facts for the FDC Officials to determine, for Reiyn Keohane, if the denial of cross-sex hormone therapy would violate the Eighth Amendment to the U.S. Constitution. FDC Officials further object to this request due to the lack of factual information sufficient to respond to the Plaintiffs' hypothetical request. Furthermore, the FDC Officials respond that Plaintiff Keohane has received an evaluation under HSB 15.05.23, and Plaintiff Keohane continues to receive cross-sex hormones. To the extent that medical professionals determine that treatment with cross-sex hormones remains medically necessary for Plaintiff Keohane, and no intervening factual circumstances exist concerning the denial of cross-sex hormones, the FDC Officials admit that knowingly denying medically necessary treatment may violate the Eighth Amendment of the U.S. Constitution. In proving deliberate indifference, Plaintiff must

establish an "objectively serious need." <u>Wade v. McDade</u>, No. 21-14275 WL 5200546 (11th Circ. Dec. 23, 2024) (quoting <u>Keohane v. Dep't of Corr. Sec'y</u>, 952 F.3d 1257, 1266 (11th Cir. 2020)). In addition, the plaintiff must prove that defendant "acted with `subjective recklessness as used in the criminal law,'" i.e., that the defendant "actually knew that his conduct- his own acts or omissions- put the plaintiff at substantial risk of serious harm." <u>Id.</u> (quoting Farmer, 511U.S. at 839). Here, Plaintiffs ask counsel to determine if the denial of cross-sex hormones, for Reiyn Keohane, would be a constitutional violation. The request is not limited in time nor limited to any specific medical findings or any particular documents. Without further facts, this determination cannot be made. (June 26, 2025)

## **Why Plaintiff is Entitled to Have This Request Deemed Admitted**

This Court should order the facts in the RFA No. 4 be deemed admitted. In contravention of their obligations under Rule 36 to "specifically deny [the request] or state in detail why the answering party cannot truthfully admit or deny it," Defendants have provided a litany of objections and non-responsive explanations while sidestepping the substance of this Request.

### *Meritless Objections*

Each of Defendants' objections to this Request are baseless and improper. Defendants' initial objections to the "vague[ness]" and "ambigu[ity]" of the terms and phrases in the Request are not a permissible basis to deny answering a Request. Even if the terms were vague and ambiguous, which they are not, "[r]ather than simply stating that certain terms in the request for admission are ambiguous, Defendants should respond to the request, providing their own reasonable interpretation of the terms as the terms may reasonably be interpreted." *Brannan v.*

11

*GEICO Indem. Co*., No. 1:12-CV-238-GRJ, 2013 WL 5460581, at *3 (N.D. Fla. Sept. 27, 2013) (finding that "Defendants' objections to these Requests for Admission are largely unresponsive and rely on assertions that the phrasing in the requests for admission are vague and ambiguous.") Defendants further object on the grounds that the Request implicates various privileges without ever explaining how the information requested is privileged or providing any privilege log related to the Request.

It is unclear whether Defendants still adhere to their objection that the Request calls for a "legal conclusion," as they did not specifically renew it in their Amended Response of June 26, 2025.  Regardless, the objection has no basis.  Under Rule 36, a party is authorized to serve a request for admission relating to the application of law to a fact. *See Disability Rts. Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact.") The Request in this instance is just that, the application of constitutional law to the circumstances giving rise to this case, *i.e.*, FDC's potential denial of hormone therapy to Reiyn Keohane. In one Section 1983 case, the court required responses to RFAs that asked the entity defendants to answer whether their "policies are in compliance with relevant state and federal laws, including the Fourteenth Amendment to the United States Constitution." *Brown v. Montoya*, No. CIV 10-0081 JB/ACT, 2013 WL 1010390, at *24 (D.N.M. Mar. 8, 2013). The court stated

that such RFAs:

> seek to apply the law to the facts of the case. They are not requests for pure matters of law "unrelated to the facts of the case."... the RFAs here are also trying to determine, factually, if individual Defendants are individually involved in, or responsible for, ensuring their office's compliance with laws and the Constitution. These RFAs are not asking whether the Constitution's Fourteenth Amendment protects an individual's privacy rights from state infringement. Nor are they asking if the New Mexico Constitution's Due Process Clause protects an individual's privacy rights to the same extent as the United States Constitution's Due Process Clause…Rather, because at issue in this case, which sets forth a claim under 42 U.S.C. § 1983, is whether the policies of the Defendants' offices violated the Plaintiffs' constitutional rights, these RFAs are not unrelated to the case.

*Id*.

So too here. RFA No. 4 seeks information on whether Defendants' policies violate Plaintiff's constitutional rights, but Defendants have not admitted or denied the Request.

### *Evasive Response*

Defendants' Amended Response citing "lack of factual information sufficient to respond" to the Request rings hollow. Plaintiff has been in FDC custody since 2014. Defendants have complete access to her medical records, including her history of gender dysphoria, and are aware of the harm she has suffered from prior denials of her gender dysphoria treatment. *See* ECF No. 1, ¶37. This Request is neither unclear nor vague. It is phrased in the present tense, and limited to a specific Plaintiff, Reiyn Keohane, whose medical and mental history are known full well by

13

Defendants. It is disingenuous of Defendants to sidestep this clear inquiry by making vague assertions to circumstances that could result in a violation of the Eighth Amendment without specifically admitting or denying whether the denial of cross-sex hormone therapy to Plaintiff would violate the Eighth Amendment of the U.S. Constitution.

*Further Responses Requested*

Defendants have not demonstrated that this Request is abstract or untethered to the facts of this case. Plaintiff requests that this Court deem this fact admitted, based on Defendants' failure to respond in conformity with Rule 36.

> **RFA NO. 5:** For Reiyn Keohane, admit that denial of the "Accommodations" set forth in Section 5 of FDC Procedure 403.012 violates the Eighth Amendment to the U.S. Constitution.

> **RESPONSE:** The FDC Officials object to this Request as vague, overbroad, and unduly burdensome. This Request utilizes numerous vague and ambiguous terms, such as "denial" and "violate," forcing the FDC Officials to speculate as to how the Named Plaintiffs define these terms. Given the breadth and ambiguous wording of this Request, the FDC Officials also object to the Request to the extent that it seeks an admission that would disclose privileged information, including information protected by the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and any other applicable privilege or immunity. Additionally, "a party cannot use Rule 36 to request admissions to legal conclusions." United States v. Annamalai, No. 20-10543, 2022 WL 16959207, at *4 (11th Cir. Nov. 16, 2022) (citing FED. R. Civ. P. 36(a)(1)). "[R]equests for admissions as to central facts in dispute are beyond the proper scope of [Rule 36]." Pickens v. Equitable Life Assurance Soc'y of the U.S., 413 F.2d 1390, 1393 (5th Cir. 1969). Because of these improprieties, the FDC Officials cannot admit or deny this Request. Further, to avoid any alleged waiver, the FDC Officials deny this Request to the extent not expressly admitted or qualifiedly admitted

herein. (April 7, 2025)

**AMENDED RESPONSE:** To the extent Plaintiffs seek a response regarding Plaintiff Keohane, the FDC officials state the Request fails to provide sufficient facts to respond to the hypothetical proposed. No evidence exists that, as to Plaintiff Keohane, the "Accommodations" have been determined to be medically necessary. Further, the FDC Officials deny that the denial of "Accommodations" set forth in Section 5 of FDC Procedure 403.012 violates the Eighth Amendment to the U.S. Constitution given that "Accommodations" are not considered medically necessary. Though certain accommodations might be psychologically pleasing to an incarcerated inmate; necessity, not pleasure, is the constitutional standard. <u>Keohane v. Florida of Dep't of Corr. Sec'y</u>, 952 F.3d 1257 (11th Cir. 2020). Therefore, the denial of non-medically necessary "Accommodations" does not violate the Eighth Amendment to the U.S. Constitution. (June 26, 2025)

## <u>Why Plaintiff is Entitled to Have This Request Deemed Admitted</u>

As with the Request above, the Court should order the facts in this Request be deemed admitted. Here again, Defendants provide evasive responses to a clearly worded Request and provide no basis for the meritless objections raised.

The Request is not vague because Defendants are fully knowledgeable about Plaintiff's condition.   Defendants claim that this Request demands a legal conclusion. However, as with RFA No. 4, this is incorrect and not a valid basis for Defendants' refusal to either admit or deny the Request. This Request seeks information on whether constitutional law applies to the specific accommodations that could be provided to a specific Plaintiff. This Request does not seek abstract information on the parameters of the Eighth Amendment, and thus, Defendants' objection is meritless.

Furthermore, Defendants' Amended Response fails to address the key inquiry posed in the Request, *i.e.*, whether the denial of the "Accommodations" set forth in Section 5 of FDC Procedure 403.012 violates Plaintiff's rights under the Eighth Amendment to the U.S. Constitution. Defendants claim that the "Accommodations" were not medically necessary for Plaintiff, and that the "denial of non-medically necessary 'Accommodations' does not violate the Eighth Amendment to the U.S. Constitution," but fail to clearly admit or deny the Request.

Given Defendants' failure to respond to this Request in conformity with Rule 36, Plaintiff requests that this fact be deemed admitted.

**RFA NO. 9**:  Cross-sex hormone therapy may improve clinical outcomes for inmates with gender dysphoria without treating the etiologic basis for the condition.

**RESPONSE**: The FDC Officials object to this Request as vague, overbroad, and unduly burdensome. This Request utilizes numerous vague and ambiguous terms and phrases, such as "clinical outcomes[,]" "etiologic basis[,]" and "condition." These ambiguous terms and phrases force the FDC Officials to speculate as to how the Named Plaintiffs define these terms and phrases. Given the breadth and ambiguous wording of this Request, the FDC Officials also object to the Request to the extent that it seeks an admission that would disclose privileged information, including information protected by the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and any other applicable privilege or immunity. Because of these improprieties, the FDC Officials cannot admit or deny this Request. Further, to avoid any alleged waiver, the FDC Officials deny this Request to the extent not expressly admitted or qualifiedly admitted herein.

Subject to and without waiving any objection, the FDC Officials again admit that the etiology of gender dysphoria is unknown. The DSM-5-TR states that "current evidence is insufficient to label gender dysphoria without a [disorder of sex development] as a form of intersexuality limited to the

16

central nervous system." Further, the FDC Officials admit that HSB 15.05.23 provides inmates diagnosed with gender dysphoria with an individualized re-assessment, and if the diagnosis of gender dysphoria is confirmed, the inmate receives an Individualized Service Plan. (April 7, 2025)

**AMENDED RESPONSE:** FDC Officials stand on the objections provided to Plaintiffs on April 7, 2025, in the FDC Officials Objections and Responses to Named Plaintiffs' Third Composite Written Discovery Requests.

**SECOND AMENDED RESPONSE:** The FDC Officials again admit that the etiology basis of gender dysphoria is unknown and gender dysphoria is a diagnoses of exclusion. Further, the FDC Officials admit that under HSB 15.05.23 cross-sex hormones **are provided to inmates** who are diagnosed with gender dysphoria and cross-sex hormones are subsequently deemed to be medically necessary. To the extent further this point, Plaintiffs received eleven variances granted in accordance with HSB 15.05.23, to continue cross-sex hormones where such treatment was deemed medically necessary. (See FDC_OFFICIALS_ 019675, FDC_OFFICIALS_ 019747-019748, and FDC_OFFICIALS-019757-019764). (June 26, 2025)

### <u>Why Plaintiff is Entitled to a Further Response</u>

This Court should order the facts in this Request be deemed admitted. Defendants' "admission" that the etiology of gender dysphoria is unknown does not respond to the substance of the Request. And the other information provided thereafter by Defendants does not acknowledge the thrust of the Request: hormone therapy is effective treatment for gender dysphoria even though it does not treat the "etiological basis" of the pathology. This Request tracks the language of the policy, which predicates hormone therapy on treating the etiological basis for gender dysphoria. The fact that FDC has issued variances *in spite* of the language of the policy does not meet the substance of the Request.

17

Defendants' objections to Plaintiff's RFA No. 9 are improper. As discussed above, objections to the "vague[ness]" and "ambigu[ity]" of the terms and phrases in the Request are not a permissible basis to deny answering a Request. FDC itself used the terms it objects to in its policy, but even if it had not, Defendants are obligated to provide any interpretation of the so-called "ambiguous" terms and then respond to the request, not ignore it. Defendants further state an omnibus objection asserting various privileges but provide no specificity on what elements of this Request and Defendants' potential response fall under "the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and any other applicable privilege or immunity."

Under Rule 36, the answering party must "state in detail why [it] cannot truthfully admit or deny [the Request]." Here, Defendants have not produced a privilege log or provided any other explanation of why they cannot answer the Request under the asserted objections. *See Palmisano v. Paragon 28, Inc.*, No. 21-60447-CIV, 2021 WL 1686948, at *6 (S.D. Fla. Apr. 7, 2021) (holding that the "attorney-client privilege simply does not extend to facts known to a party that are central to that party's claims, even if such facts came to be known through communications with counsel who had obtained knowledge of those facts through an investigation into the underlying dispute.") (internal quotation marks omitted).

18

Plaintiff requests that this Court deem this fact admitted, based on Defendants' failure to respond in conformity with Rule 36.

**RFA NO. 10**: The Accommodations set forth in Section 5 of FDC Procedure 403.012 may improve clinical outcomes for inmates with gender dysphoria without treating the etiologic basis for the condition.

**RESPONSE**: The FDC Officials object to this Request as overly vague, unduly burdensome, and beyond the scope of FED. R. CIV. P. 36. First, the FDC rescinded Procedure 403.012 on September 30, 2024. As such, this Procedure no longer applies to inmate in FDC custody and has little relevance to the allegations of Named Plaintiffs. Further, Named Plaintiffs failed to provide any temporal limitation with this Request, forcing the FDC Officials to speculate as to whether the Named Plaintiffs seek an admission regarding the period when Procedure 403.012 was in effect or some other period. Additionally, this Request utilizes numerous vague and ambiguous terms and phrases, including "improve[,]" "clinical outcomes[,]" "etiologic basis[,]" and "condition." These ambiguous terms and phrases force the FDC Officials to speculate as to how the Named Plaintiffs define these terms and phrases. Given the breadth and ambiguous wording of this Request, the FDC Officials also object to the Request to the extent that it seeks an admission that would disclose privileged information, including information protected by the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement /investigatory privilege, and any other applicable privilege or immunity. Because of these improprieties, the FDC Officials cannot admit or deny this Request. Further, to avoid any alleged waiver, the FDC Officials deny this Request to the extent not expressly admitted or qualifiedly admitted herein.

Subject to and without waiving any objection, the FDC Officials again admit that the etiology of gender dysphoria is unknown. The DSM-5-TR states that "current evidence is insufficient to label gender dysphoria without a [disorder of sex development] as a form of intersexuality limited to the central nervous system." Further, the FDC Officials admit that HSB 15.05.23 provides inmates diagnosed with gender dysphoria with an individualized re-assessment, and if the diagnosis of gender dysphoria is confirmed, the inmate receives an Individualized Service Plan. (April 7, 2025)

**AMENDED RESPONSE:** The FDC Officials again admit that the etiology basis of gender dysphoria is unknows and gender dysphoria is a

diagnoses of exclusion. Further, the FDC Officials admit that under HSB 15.05.23 cross-sex hormones are provided to inmates who are diagnosed with gender dysphoria. To the extent Plaintiffs seek proof that FDC provides medically necessary treatment to inmates diagnosed with gender dysphoria, see the eleven variances granted in accordance with HSB 15.05.23. (See FDC_OFFICIALS_ 019675, FDC_OFFICIALS_ 019747-019748, and FDC_OFFICIALS-019757-019764). (June 26, 2025)

**<u>Why Plaintiff is Entitled to a Further Response</u>**

For the same reasons set forth above, Defendants' responses are deficient. Additionally, Defendants argue that the Request "has little relevance to the allegations of Named Plaintiffs" because the prior procedure no longer applies to Plaintiffs.   But whether the previously provided accommodations—which were rescinded with the policy change--improve clinical outcomes for individuals with gender dysphoria, without treating the etiological basis, is highly relevant to Plaintiffs' claim that categorically denying them violates the Eighth Amendment.

The scope of discovery is broad, and "a determination [on relevance] cannot be made in ruling upon the sufficiency of a request to admit"; to the contrary, an assumption that the admission requested "is irrelevant to Plaintiff's claims would be purely speculative at this point." *Forward v. RTI Biologics, Inc*., No. 1:12-CV-07-SPM-GRJ, 2012 WL 2923241, at *2 (N.D. Fla. July 17, 2012) (granting motion to compel and finding that "Plaintiff's requests for admission are reasonably calculated to lead to the discovery of admissible evidence.").

The Court should deem this Request admitted.

20

IV.    **CONCLUSION**

For these reasons, Plaintiff requests that the Court order Defendants to promptly correct the deficiencies in and otherwise fully respond to all Composite Discovery Requests.

## CERTIFICATION UNDER LOCAL RULE 7.1 (B)

The undersigned counsel certifies that Plaintiff's counsel attempted to comply with the attorney-conference requirement of Rule 37 (a) (1) and Local Rule 7.1(B) but was unable to resolve the issues addressed in this motion.

## CERTIFICATE OF WORD COUNT

The undersigned counsel certifies that, pursuant to Local Rule 7.1(F), the total word count in this motion is 5,546 words.

Dated: August 4, 2025

Respectfully submitted,

/s/ Samantha J. Past
Samantha J. Past (Florida Bar No. 1054519)
Daniel B. Tilley (Florida Bar No. 102882)
**American Civil Liberties Union Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)*
Leslie Cooper
**American Civil Liberties Union Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

Anthony Anscombe*
Darlene Alt†
Laurel Taylor*
**Steptoe LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Tel. (312) 577-1300
aanscombe@steptoe.com
dalt@steptoe.com

lataylor@steptoe.com

*Counsel for Plaintiffs*

Michelle Fraling*
**American Civil Liberties Union
Foundation**
915 15th Street NW, 6th Floor
Washington DC, 20005
Tel: (917) 710-3245
michelle.fraling@aclu.org

\* *Admitted pro hac vice*
† *Pro hac vice application forthcoming*