IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **REIYN KEOHANE**, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v.  ) | Case No. 4:24-cv-00434-AW-MAF |
| ) | |
| **RICKY D. DIXON**, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(J), the FDC Officials[1] submit this Notice of Supplemental Authority in connection with Plaintiffs' Motion for Class Certification (doc. 78). On August 1, 2025, the Eleventh Circuit issued a published opinion in Bayse v. Ward, No. 24-11299, attached hereto as **Exhibit A**. Bayse involved individual-capacity claims against prison officials arising from the denial of social accommodations to the plaintiff as treatment for gender dysphoria. Bayse, slip op. at 7. The Court vacated the district court's denial of the officials' motion for summary judgment and remanded with instructions to grant qualified immunity to the officials. Id. at 17.

In opposition to Plaintiffs' Motion for Class Certification, the FDC Officials argued, in part, that medical professionals disagree as to the medical necessity of

---

[1] "FDC Officials" refers to the same individuals as in Document 83.

social-transitioning accommodations, and Plaintiffs provided no evidence that such accommodations were medically necessary, as opposed to "psychologically pleasing," for any Plaintiff or putative class member. (Doc. 83 at 32-36). Therefore, the FDC Officials argued, Plaintiffs lacked "'sufficient evidence of systemic and centralized policies or practices . . . that allegedly expose all inmates . . . to a substantial risk of serious future harm.'" (Id. (quoting Parsons v. Ryan, 754 F.3d 657, 684 (9th Cir. 2014))). In Bayse, the Eleventh Circuit quoted its prior decision in Keohane v. Fla. Dep't of Corr., Sec'y, 952 F.3d 1257, 1274 (11th Cir. 2020), for the proposition that "social transitioning accommodations can be 'psychologically pleasing' without being 'strictly medically necessary.'" Bayse, slip op. at 15. Moreover, the Court concluded that the WPATH's "*general* standards are far too equivocal to be evidence that social transitioning accommodations were medically necessary *for Bayse*." Id. at 16. Thus, Bayse provides further support for the FDC Officials' argument that Plaintiffs failed to establish commonality as to their social-transitioning accommodations claim and, therefore, this Court should not certify a class regarding Plaintiffs' social-transitioning claims because Plaintiffs lack any evidence of a policy of denying medically necessary treatment to Plaintiffs or putative class members.

Dated: August 13, 2025

                                                               */s/ Kenneth S. Steely*
                                                               Kenneth S. Steely

*One of the Attorneys for the FDC Officials*

Kenneth S. Steely (Florida Bar #84714)
William R. Lunsford
Megan N. McNab
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
kenneth.steely@butlersnow.com
bill.lunsford@butlersnow.com
megan.everett@butlersnow.com

Daniel A. Johnson (Florida Bar No. 91175)
**FLORIDA DEPARTMENT OF CORRECTIONS**
501 South Calhoun Street
Tallahassee, FL 32399-2500
Telephone: (850) 717-3605
dan.johnson@fdc.myflorida.com

*Attorneys for the FDC Officials*

4

## **CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I hereby certify that this Notice of Supplemental Authority contains 339 words and does not exceed 350 words as required by Local Rule 7.1(J).

*/s/ Kenneth S. Steely*
Kenneth S. Steely
*One of the Attorneys for the FDC Officials*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 13 day of August, 2025:

Daniel B. Tilley (Florida Bar No. 102882)
Samantha J. Past (Florida Bar No. 1054519)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl*
Leslie Cooper
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

Michelle Fraling*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th Street NW, 6th Floor
Washington D.C., 20005
Tel: (917) 710-3245
michelle.fraling@aclu.org

Anthony J. Anscombe*
Laurel C. Taylor*
**STEPTOE LLP**
227 West Monroe, Suite 4700
Chicago, IL 60606
Tel: (312) 577-1300
Fax: (312) 577-1370
aanscombe@steptoe.com
lataylor@steptoe.com

*Pro Hac Vice*

*Attorneys for Plaintiffs*

/s/ Kenneth S. Steely
*Of Counsel*