# EXHIBIT B

## SCHEDULE A

## DEFINITIONS

1. "Document" means any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced, including any writing, letter, envelope, email, attachment to email, facsimile, message, text, instant message, voicemail, meeting minutes, meeting notes, meeting agendas, calendar invitations, memorandum, statement, book, publication, record, survey, map, study, report, handwritten note, drawing, working paper, chart, tabulation, graph, tape, data sheet, data processing card, printout, photograph, index, scientific notebook, appointment book, diary, diary entry, calendar, and any other data compilation. The term document includes, without limitation, communications.

2. "Communication" means any transmission of information by any means in the form of facts, ideas, inquiries, or otherwise, including but not limited to, telephone conversations, letters, texts, emails, other computer linkups, written memoranda, and face-to-face conversations.

3. "Person" means any natural person or any business, legal, or governmental entity or association.

4. "Policy" or "Policies" means any policy, plan, procedure, protocol, rule, regulation, guideline, or practice, whether formal or informal, written or unwritten, present or past.

5. "HSB 15.05.23" refers to the FDC Health Services Bulletin 15.05.23. The subject of HSB 15.05.23 is "Mental Health Treatment of Inmates with Gender Dysphoria."

6. "FDC" refers to the Florida Department of Corrections.

7. "Transgender" means persons whose gender identity, gender expression, and/or behavior does not conform to that typically associated with the sex they were assigned at birth,

and/or persons who have self-identified as transgender to FDC, including, but not limited to, persons diagnosed with gender dysphoria.

8. "Plaintiffs" are Reiyn Keohane (DC # Y55036), Sasha Mendoza (George Mendoza, DC # 099172), Sheila Diamond (Kelvin L. Coleman Jr., DC # 971855), Carter Jackson (Candace K. Jackson, DC # V29455), and Nelson Boothe (Natasha D. Boothe, DC # A62460).

9. "Hormone Therapy," where used herein, refers to prescribed medication to facilitate physical change(s) to secondary sex characteristics to treat gender dysphoria, which includes but is not limited to testosterone, estrogen, spironolactone, and finasteride.

10. "Social Accommodations" refer to transgender women's access to women's grooming standards, makeup, clothing, undergarments, and/or canteen items, and/or transgender men's access to men's grooming standards, clothing, undergarments, and/or canteen items.

## INSTRUCTIONS

1. These Document Requests are subject to the following interpretations and constructions:

    a. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

    b. "Any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

    c. The singular of any word shall include the plural, and the plural shall include the singular.

    d. "Include" and "including" shall be construed to mean include and including without limitation, to give the broadest possible meaning to Requests and definitions containing those words.

    e. "Related to" or "relating to" to any given subject means, without limitation, discussing, describing, reflecting, regarding, involving, including, containing, mentioning, demonstrating, illustrating, analyzing, studying, reporting, referring to, related to, showing, supporting, embodying, identifying, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, pertaining to, associated with, with reference to, about, on the subject of, or in any way logically or factually connected with the matter discussed, in whole or in part.

2. Unless otherwise specified, the time period covered by these Documents Requests is January 1, 2020 to the present.

3. All requested Documents are to be produced in the order and manner in which they are currently maintained, including producing them with images of their original file folders and file jackets or covers, and indicating the division, department, and/or individual from whose files the Document is being produced.

4. Documents relevant and responsive to the Requests shall be gathered from all professional as well as personal files, computers, and electronic devices, including personal and professional cellular phones, email accounts, and cloud-based storage accounts.

5. In the event that any Document was formerly in your possession, custody, or control of has since been lost or destroyed, that Document is to be identified in writing as follows: (a) addressor, addressee(s), person who prepared or authorized the Document; (b) date of preparation or transmittal; (c) subject matter; (d) number of pages, attachments, or appendices; (e) all persons to whom distributed; (f) date of loss or destruction; and (g) if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the Document.

6. Please produce electronic data in the form of single page images and multipage text files with associated image and data load files; however, electronic files that do not produce reasonably understandable images (e.g., spreadsheets, databases and audio/video files) should be produced in their native format. Electronic data should include the following fields of metadata where available:

    a. Begin Bates

    b. End Bates

    c. Begin Attachment

    d. End Attachment

    e. MD5 Hash

    f. Email From

    g. Email To

    h. Email CC

    i. Email BCC

    j. Sort Date/Time

    k. Email Subject

    l. Title

    m. Author

    n. Created Date/Time

    o. Last Modified Date/Time

    p. Email Received Date/Time

    q. Sent Date/Time

    r. Record Type

    s. File Extension

      t.   Extracted Text

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:** Plaintiffs' complete medical and mental health records since being committed to FDC custody.

**DOCUMENT REQUEST NO. 2:** All Documents related to the Policies concerning the treatment of inmates with gender dysphoria in FDC custody, including but not limited to any manuals, written policies, guidelines for diagnosis and treatment, and proposed drafts and revisions of manuals, policies, and guidelines.

**DOCUMENT REQUEST NO. 3:** All Documents relied upon by Centurion of Florida medical or mental health staff in making treatment decisions for gender dysphoria, including but not limited to Documents related to any FDC policies concerning the treatment of gender dysphoria, clinical practice guidelines, and research studies.

**DOCUMENT REQUEST NO. 4:** All Documents (excluding individual medical records) discussing, evaluating, or otherwise related to the use of Hormone Therapy to treat Gender Dysphoria, including but not limited to whether it can be medically necessary, medically indicated, or effective to help alleviate gender dysphoria.

**DOCUMENT REQUEST NO 5:** All Documents (excluding individual medical records) discussing, evaluating, or otherwise related to Social Accommodations for individuals with Gender Dysphoria, including but not limited to whether they can be medically necessary, medically indicated, or effective for some individuals to help alleviate Gender Dysphoria.

**DOCUMENT REQUEST NO. 6:** All Documents related to HSB 15.05.23, including but not limited to Centurion of Florida's understanding and implementation of that policy; the evaluation of inmates pursuant to section VI of that policy; requests and determinations for "variances" to permit Hormone Therapy under section IX of that policy; any views or concerns expressed by

5

Centurion Health employees or FDC employees regarding that policy or the rescission of FDC Procedure 403.012; and the anticipated or actual impact of that policy on the health and well-being of individuals in the custody of FDC who have Gender Dysphoria. This request encompasses, without limitation, Communications among Centurion Health employees or between Centurion of Florida employees and i) FDC employees, ii) other Florida state officials, or iii) Plaintiffs.

**DOCUMENT REQUEST NO. 7:** All contracts entered into between Centurion of Florida and FDC to provide health care services for individuals in the custody of FDC.

**DOCUMENT REQUEST NO. 8:** All Documents regarding the payment for Hormone Therapy for individuals with Gender Dysphoria in FDC custody, including but not limited to any agreements related to such payment, and all Communications among Centurion of Florida employees and between Centurion of Florida employees and FDC employees regarding the same.

**DOCUMENT REQUEST NO. 9:** All documents regarding any security issues involving inmates with Gender Dysphoria attributable to such inmates accessing Social Accommodations prior to the implementation of HSB 15.05.23, or receiving Hormone Therapy, including without limitation any Communications from FDC employees regarding such security issues.

**DOCUMENT REQUEST NO. 10:** All documents regarding the death of any Transgender person in FDC custody after September 30, 2024, including but not limited to emergency logs of events, evidence reports, medical examiner reports, and psychology autopsies.

**DOCUMENT REQUEST NO. 11**: All documents reflecting whether Centurion has adopted, in full or in part, the guidelines of the National Commission on Transgender and Gender Diverse Healthcare in Correctional Settings.

**DOCUMENT REQUEST NO. 12**: All documents reflecting recommendations by Centurion to the FDC relating to the quality and availability of healthcare to transgender inmates at FDC.