# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

REIYN KEOHANE, et al.,

    Plaintiffs,

v.    Case No. 4:24-cv-00434-AW-MAF

RICKY D. DIXON, et al.,

    Defendants.

_____/

### THIRD-PARTY CENTURION OF FLORIDA, LLC'S RESPONSES TO PLAINTIFFS' SUBPOENA

Third-party, Centurion of Florida, LLC ("Centurion") submits its responses to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, and states as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The answers are based on Centurion's present knowledge of the facts apparently relevant to this action. Centurion has not completed its investigation of the facts or discovery proceedings in this case. Centurion accordingly reserves the right to make appropriate changes in its answers or to supplement those answers should it appear at any time that an omission or error has been made or that additional or more accurate information should be included. Centurion further reserves its right to rely upon any and all information, whether or not disclosed at this time in answer to these requests.

Discovery should be tailored proportionally to the claims and defenses in this case, and Centurion objects to requests outside those parameters. Further, Centurion objects to the extent

4918-4815-1602.4

any request places an undue burden or expense on Centurion as a non-party to this action. Additionally, Centurion objects to Plaintiffs' date range as overbroad and unnecessarily expansive.

To the extent that any or all requests call for information prepared or obtained in anticipation of litigation or for trial, or otherwise protected from disclosure by the work product doctrine, the attorney-client privilege, or any other privilege, Centurion objects to such requests on such grounds. Centurion is not obliged to and will not disclose information protected from discovery by virtue of said privileges or doctrines. The foregoing general objections are incorporated by reference into each response as though fully set forth, regardless of whether any or all of said objections are repeated in response to any specific request.

## SPECIFIC OBJECTIONS AND RESPONSES

**DOCUMENT REQUEST NO. 1:** Plaintiffs' complete medical and mental health records since being committed to FDC custody.

> **RESPONSE: Centurion objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objection, Plaintiffs' complete medical and mental health records have already been produced by FDC, which is the record custodian of such records. Centurion has no additional records to produce.**

**DOCUMENT REQUEST NO. 2:** All Documents related to the Policies concerning the treatment of inmates with gender dysphoria in FDC custody, including but not limited to any manuals, written policies, guidelines for diagnosis and treatment, and proposed drafts and revisions of manuals, policies, and guidelines.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as vague. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing**

> objections, Centurion states that it does not have any Policies for the treatment of inmates with gender dysphoria. Instead, Centurion follows the established policy of FDC regarding treatment of inmates with gender dysphoria, which is HSB 15.05.23, which has already been produced by FDC. Centurion has no additional Policies to produce. Centurion invites a meet and confer to narrow the scope, time period, record custodians, and search terms relevant to the production of documents and communications related to HSB 15.05.23.

**DOCUMENT REQUEST NO. 3:** All Documents relied upon by Centurion of Florida medical or mental health staff in making treatment decisions for gender dysphoria, including but not limited to Documents related to any FDC policies concerning the treatment of gender dysphoria, clinical practice guidelines, and research studies.

> **RESPONSE:** Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as vague. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion states that treatment decisions are governed by FDC policy and Centurion medical staff rely on FDC policy and medical judgement when treating inmates. Centurion invites a meet and confer to narrow the scope, time period, and relevant search terms relevant to this request.

**DOCUMENT REQUEST NO. 4:** All Documents (excluding individual medical records) discussing, evaluating, or otherwise related to the use of Hormone Therapy to treat Gender Dysphoria, including but not limited to whether it can be medically necessary, medically indicated, or effective to help alleviate gender dysphoria.

> **RESPONSE:** Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as vague and unlimited in scope. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion invites a meet and confer to narrow the scope, time period, and relevant search terms relevant to this request.

**DOCUMENT REQUEST NO. 5:** All Documents (excluding individual medical records) discussing, evaluating, or otherwise related to Social Accommodations for individuals with Gender Dysphoria, including but not limited to whether they can be medically necessary, medically indicated, or effective for some individuals to help alleviate Gender Dysphoria.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as vague and unlimited in scope. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion states that FDC makes all decisions regarding Social Accommodations for individuals with Gender Dysphoria.**

**DOCUMENT REQUEST NO. 6:** All Documents related to HSB 15.05.23, including but not limited to Centurion of Florida's understanding and implementation of that policy; the evaluation of inmates pursuant to section VI of that policy; requests and determinations for "variances" to permit Hormone Therapy under section IX of that policy; any views or concerns expressed by Centurion Health employees or FDC employees regarding that policy or the rescission of FDC Procedure 403.012; and the anticipated or actual impact of that policy on the health and well-being of individuals in the custody of FDC who have Gender Dysphoria. This request encompasses, without limitation, Communications among Centurion Health employees or between Centurion of Florida employees and i) FDC employees, ii) other Florida state officials, or iii) Plaintiffs.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion invites a meet and confer to narrow the scope, time period, and relevant search terms relevant to this request.**

**DOCUMENT REQUEST NO. 7:** All contracts entered into between Centurion of Florida and FDC to provide health care services for individuals in the custody of FDC.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Subject to and without waiving the foregoing objections, Centurion will conduct a reasonable search and produce any nonprivileged contracts between Centurion and FDC since January 2020 relevant to this request. Such contracts are publicly available on the Florida Department of Financial Services website: https://facts.fldfs.com/Search/ContractSearch.aspx.**

**DOCUMENT REQUEST NO. 8:** All Documents regarding the payment for Hormone Therapy for individuals with Gender Dysphoria in FDC custody, including but not limited to any agreements related to such payment, and all Communications among Centurion of Florida employees and between Centurion of Florida employees and FDC employees regarding the same.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as the word "payment" is undefined, unclear, and ambiguous. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion will conduct a reasonable search and produce any non-privileged invoices for hormone therapy and related costs. That said, Centurion no longer seeks reimbursement for these medications from FDC.**

**DOCUMENT REQUEST NO. 9:** All documents regarding any security issues involving inmates with Gender Dysphoria attributable to such inmates accessing Social Accommodations prior to the implementation of HSB 15.05.23, or receiving Hormone Therapy, including without limitation any Communications from FDC employees regarding such security issues.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as the phrase "security issues" is undefined, unclear, and ambiguous. Centurion further objects to this request to the**

**extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion states that it does not have a role in security related decisions.**

**DOCUMENT REQUEST NO. 10:** All documents regarding the death of any Transgender person in FDC custody after September 30, 2024, including but not limited to emergency logs of events, evidence reports, medical examiner reports, and psychology autopsies.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion states FDC is the record custodian of mortality review records.**

**DOCUMENT REQUEST NO. 11:** All documents reflecting whether Centurion has adopted, in full or in part, the guidelines of the National Commission on Transgender and Gender Diverse Healthcare in Correctional Settings.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as the word "adopted" is undefined, unclear, and ambiguous. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion states that it follows FDC policy in the state of Florida, not the guidelines of the National Commission on Transgender and Gender Diverse Healthcare in Correctional Settings.**

**DOCUMENT REQUEST NO. 12:** All documents reflecting recommendations by Centurion to the FDC relating to the quality and availability of healthcare to transgender inmates at FDC.

> **RESPONSE: Centurion objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' medical condition at issue in this action. Centurion also objects to this request as the word "recommendations" is**

**undefined, unclear, and ambiguous. Centurion further objects to this request to the extent it seeks documents in the custody, possession, and control of FDC, a named Defendant, or otherwise seeks documents outside of Centurion's custody, possession, and control. Subject to and without waiving the foregoing objections, Centurion invites a meet and confer to narrow the scope, time period, and relevant search terms relevant to this request.**

Dated:  April 25, 2025

                                              Respectfully submitted,

                                              */s/ Jacob Hanson*
                                              Jacob Hanson (FBN 91453)
                                              BRADLEY ARANT BOULT CUMMINGS LLP
                                              1001 Water Street, Suite 1000
                                              Tampa, Florida 33602
                                              Tel: (813) 559-5500
                                              Primary Email: jhanson@bradley.com
                                              Secondary Email: tabennett@bradley.com
                                              ***Counsel for Centurion of Florida, LLC***

4918-4815-1602.4