IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REIYN KEOHANE, et al.,**

    **Plaintiffs,**

v.                                                                 Case No. 4:24-cv-434-AW-MAF

**RICKY D. DIXON, in his official capacity
as Secretary of the Florida Department of
Corrections, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION TO COMPEL

In March, Plaintiffs served Centurion of Florida, LLC, with a third-party subpoena for documents. ECF No. 105-1 at 2. That subpoena lists a Miami address as the place for production (*i.e.*, the place of compliance). *Id.* More recently, Plaintiffs filed a motion to compel responses to that subpoena. ECF No. 105. But a motion to compel regarding a third-party subpoena (or a request to transfer the motion to compel to the issuing court) must be filed in the district where compliance is required. *See* Fed. R. Civ. P. 45(g), (d), (f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment (providing that "subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)"); *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (concluding the court had "no jurisdiction over Plaintiffs' motion to compel" and denying the motion without prejudice where it was not filed in the district of

1

2

compliance).

This District is not the appropriate one for this motion because the subpoena does not purport to require compliance here. Therefore, the motion to compel (ECF No. 105) is DENIED. This is without prejudice to a new motion filed in the proper court.

SO ORDERED on August 25, 2025.

*s/ Allen Winsor*
Chief United States District Judge

2