IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| REIYN KEOHANE; SASHA MENDOZA; SHEILA DIAMOND; KARTER JACKSON; and NELSON BOOTHE, | : : : : : |
| *Plaintiff*, | : : |
| v. | : : Case No. 4:24-cv-00434-AW-MAF |
| RICKY D. DIXON, et al., | : : : |
| *Defendants*. | : |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority pursuant to N.D. Fla. Loc. R. 7.1(J) in support of their Motion for Class Certification, ECF No. 78, which has been fully briefed and is before the Court.

Since the completion of briefing on Plaintiffs' Motion, the United States District Court for the Northern District of Georgia, issued a decision in *Benjamin v. Oliver*, Case No. 1:25-cv-04470-VMC, on September 4, 2025. This decision is directly relevant to the issues raised in Plaintiffs' Motion. A copy of the decision is attached hereto as Exhibit A.

The Plaintiffs further submit this response to Defendant's Notice of Supplemental Authority. ECF No. 103. Defendants submitted to this Court the United States Court of Appeals for the Eleventh Circuit's ruling on August 1,

1

2025, in *Bayse v. Ward,* Case No. 24-11299. As Defendants note, *Bayse* did not involve class certification. In *Bayse*, the Eleventh Circuit found the defendant-officials entitled to qualified immunity because Bayse could not establish a constitutional violation. *Bayse* at 15. The Eleventh Circuit relied on the district court's finding that Bayse failed to submit any evidence that social accommodations were medically necessary for Bayse. *Id.* at 15.

 Defendants' reliance on *Bayse* conflates the requirements of class certification with success on the merits. The lack of evidence of medical necessity for social accommodations for a particular person in *Bayse* does not affect the question of class certification before this Court. In the present case, Plaintiffs challenge a specific policy banning social accommodations to all people in FDC custody *regardless* of their medical need. Whether the categorical denial of social accommodations puts putative class members at substantial risk of harm of being denied medically necessary care is a common question of fact to all class members, and whether that violates the Eighth Amendment is a common question of law, both of which support Plaintiffs' satisfaction of Rule 23(a)(2).  And unlike *Bayse*, Plaintiffs have submitted substantial record evidence, and developed additional evidence through discovery since May 2025, that both social transition accommodations and hormone therapy are medically necessary for Plaintiffs.

Dated: September 23, 2025

Respectfully submitted,

/s/ *Samantha J. Past*
Samantha J. Past (Florida Bar No. 1054519)
Daniel B. Tilley (Florida Bar No. 102882)
**American Civil Liberties Union Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl (Admitted in Washington only)*
Leslie Cooper
**American Civil Liberties Union Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org

Anthony Anscombe*
Darlene Alt†
Laurel Taylor (Admitted in New York)†
George Desh*
Sadaf Misbah*
**Steptoe LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Tel. (312) 577-1300
aanscombe@steptoe.com
dalt@steptoe.com
lataylor@steptoe.com
gdesh@steptoe.com
smisbah@steptoe.com

*Counsel for Plaintiffs*

\* *Admitted pro hac vice*
† *Pro hac vice application forthcoming*

3

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that this Notice of Supplemental Authority contains **348** words and does not exceed 350 total words, as required by N.D. Fla. Loc. R. 7.1(J).

/s/     *Samantha J. Past*
Counsel for Plaintiffs
