IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REIYN KEOHANE, et al.,

     Plaintiffs,

v.                                  Case No. 4:24-cv-434-AW-MAF

RICKY D. DIXON, in his official capacity
as Secretary of the Florida Department of
Corrections, et al.,

     Defendants.

_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER PRECLUDING DEPOSITION OF TIMOTHY FITZGERALD

Seeking to prevent or limit the deposition of FDOC Chief of Staff Timothy Fitzgerald, Defendants moved for a protective order under Rule 26(c). ECF No. 130. Plaintiffs responded in opposition. ECF No. 136. This order denies Defendants' motion but limits the deposition to three hours.

Rule 26 allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he right to take depositions is a 'broad' one because depositions are such an important tool of discovery." *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020); *see also* Fed. R. Civ. P. 30(a)(1) (allowing a party to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)"). Despite the default permissibility of depositions, courts have

recognized that certain high-level officials should be shielded from depositions unless the deposing party demonstrates exceptional circumstances. *See, e.g.*, *Odom*, 337 F.R.D. at 363; *Florida v. United States*, 625 F. Supp. 3d 1242, 1245-46 (N.D. Fla. 2022). The so-called Apex Doctrine protects high-level officials—who typically "have greater duties and time constraints than other witnesses"—from becoming unnecessarily distracted by depositions whenever a litigant challenges an agency's action. *See In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (applying the same principle to subpoena for live testimony); *see also Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).

The parties dispute whether Fitzgerald is sufficiently high-level to warrant applying the Apex Doctrine. Defendants argue that because Fitzgerald reports directly to the FDOC Secretary, he is the type of official to whom the doctrine should apply. *See* ECF No. 130 at 8-9. Plaintiffs, on the other hand, emphasize that Fitzgerald is not an agency head, and they argue that his position is thus not truly at the 'apex.' *See* ECF No. 136 at 10-11 (citing *Florida*, 625 F. Supp. 3d at 1247 (finding Apex Doctrine inapplicable to official who supervised an ICE division, reported directly to the deputy director, and was three levels removed from the Secretary's direct report)).

I need not determine whether the Apex Doctrine applies because, assuming it does, Plaintiffs have demonstrated that the limited deposition sought here is

warranted. As Defendants acknowledge, officials shielded by the Apex Doctrine can still be deposed when the party seeking deposition shows that the official "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *See* ECF No. 130 at 7 (quoting *Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 706, 709 (N.D. Fla. 2025)).

Here, Plaintiffs have shown Fitzgerald has unique firsthand knowledge of facts surrounding discussions about HSB 15.05.23 and the FDOC's gender dysphoria policy change. *See, e.g.*, ECF No. 130-2 (Fitzgerald Decl.) ¶ 9 (referencing email to Dr. Kline about previous policy and follow-up discussion before the HSB's implementation); ECF No. 136-1 (Weiss Depo.) at 12:11-13:14 (discussing weekly meetings between Governor's office and FDOC leadership, including the chief of staff, and mentioning that the HSB was discussed at one of those meetings). Further, Plaintiffs have shown that they pursued this information through other discovery mechanisms without success before seeking to depose Fitzgerald. For example, Plaintiffs already deposed Dr. Kline, and they asked the FDOC's Rule 36(b)(6) witness about Fitzgerald's communications with the Governor's office regarding gender dysphoria policies. At this point, Plaintiffs have shown a sufficient need to depose Fitzgerald.

As a matter of discretion, the court will limit the deposition to three hours. Thus, it will not significantly interfere with Fitzgerald's role at FDOC. *Cf. Florida*, 625 F. Supp. 3d at 1246 (explaining that when assessing extraordinary circumstances courts also look to whether "the deposition would not significantly interfere with the official's job responsibilities"). In addition, the deposition was already set to be conducted remotely, *see* ECF No. 130-1, which further reduces the disruption to Fitzgerald's schedule.

One additional point. Defendants broadly assert that the class-certification order (ECF No. 125) forecloses all further discovery related to hormone treatment. But as Plaintiffs correctly note, the individual claims related to hormone treatment remain pending, so discovery on that topic is still permitted. Further, information about what animated the new policy relates to both the hormone-treatment and social-accommodations aspects of Plaintiffs' claim.[1]

---

[1] Plaintiffs argue that the Governor's office's alleged involvement in developing the new policy will ultimately support their Eighth Amendment claim. Is it not clear that this is true, as regardless of what motivated the policy, Plaintiffs will have to prove that the new policy results in a level of medical care below the "minimally adequate medical care" the Eighth Amendment requires. *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); *see also Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) ("Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." (cleaned up)). Nonetheless, Defendants have not argued that information about the new policy's origin is irrelevant. And based on both sides' exhibits, it appears there has already been substantial discovery on this topic.

For the reasons above, and in an exercise of my broad discretion to oversee discovery, I conclude no protective order is warranted.[2] Fitzgerald's deposition may proceed but may not exceed three hours. Defendants' motion (ECF No. 130) is DENIED.

SO ORDERED on December 3, 2025.

s/ *Allen Winsor*
Chief United States District Judge

---

[2] For all future discovery motions, the parties should follow Local Rule 7.1, which requires "a meaningful conference with an attorney for the adverse party" and a certificate confirming that such a meaningful conference occurred before filing the motion. N.D. Fla. Loc. R. 7.1(B), (C); *see also United States v. Cimino*, 219 F.R.D. 695, 696 (N.D. Fla. 2003) (denying discovery motion for failure to comply with Local Rule 7.1(B)).