# EXHIBIT 2

| | |
|---|---|
| **From:** | Li Nowlin-Sohl <lnowlin-sohl@aclu.org> |
| **Sent:** | Friday, November 7, 2025 5:43 PM |
| **To:** | Coon, Tammy |
| **Cc:** | Kenneth Steely; Megan Everett; Desh, George; External - Samantha Past; Daniel Tilley; Anscombe, Anthony; Hanson, Jacob |
| **Subject:** | [EXTERNAL] RE: Keohane: Deposition Subpoenas |

Jacob,
We disagree with Centurion's position and intend to go forward on Monday with Dr. Lay's deposition without any restriction on scope.

As an initial matter, the Court's order on class certification did not order the dismissal of the individual claims of our clients with respect to hormones. Discovery remains open on all issues. Furthermore, class certification orders are always interlocutory and not final at this stage of proceedings. The Court has already denied Defendants' motion to dismiss, including their arguments on standing, and Plaintiffs are entitled to discovery, including on information relevant to standing. Given the language of the policy, departures from that language in the implementation of the policy, the fact that two of our clients have not received variances, and the fact that we learned in discovery that the initial draft HSB precluded any hormone therapy treatment for gender dysphoria, there remain many questions to be explored in discovery about the implementation of the hormone therapy portion of the policy and whether that puts Plaintiffs at risk of losing their treatment.

Moreover, even if the court had dismissed our clients' claim with respect to hormone therapy, Plaintiffs would still be entitled to discovery about the entire policy because the origins and rationales for the policy are relevant to their claim regarding the denial of accommodations. Our clients contend that FDC's rescission of Policy 403.012 and replacement with the HSB was politically motivated, not based on medical judgment, and displayed a conscious disregard for the serious medical needs of patients with gender dysphoria. Dr. Lay and Centurion's knowledge of what prompted HSB 15.05.23 (including the hormone therapy restriction and rescission of accommodations) and the HSB drafting process are relevant to refuting Defendants' argument that the changes were based on the medical judgment of FDC medical and mental health officials. Limiting Dr. Lay or Centurion's depositions to discussion of accommodations would prevent us from learning the full story of the origins of the policy and how Defendants are treating class members' gender dysphoria.

We expect Monday's deposition to go forward without restriction, and the December 11th deposition to forward on all 30(b)(6) topics.
Regards,
Li

**From:** Coon, Tammy <tabennett@bradley.com>
**Sent:** Friday, November 7, 2025 9:06 AM
**To:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>
**Cc:** Kenneth Steely <kenneth.steely@butlersnow.com>; Megan Everett <megan.everett@butlersnow.com>; Desh, George <gdesh@steptoe.com>; External - Samantha Past <SPast@aclufl.org>; Daniel Tilley <DTilley@aclufl.org>; aanscombe@steptoe.com; Hanson, Jacob <jhanson@bradley.com>
**Subject:** RE: Keohane: Deposition Subpoenas

Good afternoon:

Attached please find Mr. Hanson's correspondence regarding Class Certification.

Thank you,

**Tammy Coon**
Legal Assistant to Jacob B. Hanson | Bradley
tabennett@bradley.com
d: 423.275.4249

---

**From:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>
**Sent:** Wednesday, November 5, 2025 12:41 PM
**To:** Hanson, Jacob <jhanson@bradley.com>; aanscombe@steptoe.com
**Cc:** Kenneth Steely <kenneth.steely@butlersnow.com>; Megan Everett <megan.everett@butlersnow.com>; Desh, George <gdesh@steptoe.com>; External - Samantha Past <SPast@aclufl.org>; Daniel Tilley <DTilley@aclufl.org>; Coon, Tammy <tabennett@bradley.com>
**Subject:** RE: Keohane: Deposition Subpoenas

Jacob,
The Court denied class certification on the issue of hormones. The class certification order did not limit the case, claims, or discovery to social accommodations. Plaintiffs still plan to depose Dr. Lay and may cover any issue relevant to their case pursuant to FRCP 26(b)(1).

Regards,
Li

---

**From:** Hanson, Jacob <jhanson@bradley.com>
**Sent:** Tuesday, November 4, 2025 10:46 AM
**To:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; aanscombe@steptoe.com
**Cc:** Kenneth Steely <kenneth.steely@butlersnow.com>; Megan Everett <megan.everett@butlersnow.com>; Desh, George <gdesh@steptoe.com>; External - Samantha Past <SPast@aclufl.org>; Daniel Tilley <DTilley@aclufl.org>; Coon, Tammy <tabennett@bradley.com>
**Subject:** RE: Keohane: Deposition Subpoenas

Li and Anthony,

In light of the attached order, which limits this case to just the social accommodations issue, please let me know if you still intend to depose Dr. Lay, who was not involved with social accommodations. If so, please confirm that his deposition will be focused on the remaining social accommodation issue, and not hormone therapy. Thanks.

**Jacob Hanson**
Partner | Bradley
jhanson@bradley.com
d: 813.559.5575