IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REIYN KEOHANE, et al.,**

    **Plaintiffs,**

v.                                                                                          Case No. 4:24-cv-434-AW-MAF

**RICKY D. DIXON, in his official capacity
as Secretary of the Florida Department of
Corrections, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

Nonparty Centurion of Florida, LLC, moved for a protective order prohibiting Plaintiffs from pursuing further discovery regarding hormone therapy. ECF No. 132. As part of that request, Centurion seeks to prevent Plaintiffs from asking questions about certain noticed topics at an upcoming Rule 30(b)(6) deposition. *Id.*; *see also* ECF No. 132-1 (deposition subpoena). Plaintiffs have responded in opposition. ECF No. 140.

First, Centurion's motion is based primarily on the incorrect premise that hormone therapy is no longer relevant to any claim in this case. The hormone-therapy aspect of Plaintiffs' case is not proceeding on a class-wide basis, *see* ECF No. 125, but the hormone-therapy issue has not been dismissed or otherwise removed from this case, *see, e.g.*, ECF No. 58 (order denying motion to dismiss); ECF No. 77 (answer to operative complaint). My order on class certification was not

1

a determination about the sufficiency of the complaint and did not operate to dismiss any claims. The analysis regarding standing is different at the class-certification and motion-to-dismiss stages. *See, e.g.*, *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) ("The party seeking class certification has a burden of *proof*, not a burden of pleading."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (noting that standing must be demonstrated "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation"). Because the hormone-therapy aspect of Plaintiffs' case remains pending, discovery regarding hormone therapy is not off limits.

Next, Centurion has not met its burden to demonstrate undue burden. *See United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (noting that on a motion for protective order "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"). Because the hormone-therapy issue is still pending, Centurion certainly has not demonstrated that by default any future subpoena seeking materials related to hormone therapy is unduly burdensome. And as to the upcoming deposition, Centurion has not shown that preparing its corporate witness for the challenged topics will be unduly

burdensome either. (Centurion acknowledges it will have to prepare a witness regardless because there are various unchallenged deposition topics.)

In short, Centurion has not shown that a protective order is appropriate. The motion (ECF No. 132) is DENIED.

SO ORDERED on December 8, 2025.

s/ *Allen Winsor*  
Chief United States District Judge