IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REIYN KEOHANE, et al.,**

    **Plaintiffs,**

v.                                          Case No. 4:24-cv-434-AW-MAF

**RICKY D. DIXON, in his official capacity as Secretary of the Florida Department of Corrections, et al.,**

    **Defendants.**

_____/

## **SECOND ORDER FOR PRETRIAL CONFERENCE**

    1.    This case is set for a pretrial conference at 10:00 a.m. on June 15, 2026. The bench trial will be in the trial term that begins on July 6, 2026. A party with a conflict during this trial period must file a notice within seven days of the date of this order.

    2.    Counsel for all parties must meet on or before May 22, 2026, for the following purposes:

        a.    To discuss the possibility of settlement;

        b.    To stipulate to as many facts and issues as possible;

        c.    To prepare the pretrial stipulation;

        d.    To examine all exhibits proposed to be used at trial;

        e.    To exchange the names and addresses of all witnesses, including possible rebuttal witnesses and experts;

  f. To discuss the question of damages, including proof to be presented and any related legal issues;

  g. To discuss other matters that may expedite the pretrial conference or the trial.

Counsel for Plaintiffs shall initiate arrangements for this conference. But all attorneys are responsible for ensuring the meeting take place—and for ensuring compliance with this order.

 3. The pretrial stipulation must contain:

  a. The basis of federal jurisdiction;

  b. A concise statement of the nature of the action;

  c. A brief general statement of each party's case;

  d. A list of all exhibits to be offered at the trial, noting any objections and the grounds for each objection. (Any objections not listed will be deemed waived.);

  e. A list of all witnesses, including rebuttal and expert, each party intends to call. (Witness addresses must be provided to opposing counsel but must not be included in the pretrial stipulation.) Expert witnesses must be labeled as expert witnesses;

  f. A concise statement of those facts that are admitted and will require no proof at trial, together with any reservations directed to such admissions;

  g. A concise statement of those issues of law upon which there is agreement;

  h. A concise statement of those issues of fact that remain to be litigated;

  i. A concise statement of those issues of law that remain for the court's resolution;

        j.        A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

        k.        A list of all motions or other matters that require court action;

        l.        A statement whether this is now a jury or a non-jury case;

        m.        Counsel's respective estimates of the length of the trial; and

        n.        The signature of counsel for all parties.

4.        No later than June 8, 2026, the parties must file the pretrial stipulation.

5.        At the same time the parties file the pretrial stipulation, they must each file a trial brief or memorandum with citation of authorities and arguments on all disputed issues of law.

6.        Counsel for each party must arrange with the clerk for pre-marking all exhibits that party intends to offer. They should be marked as nearly as possible in the sequence they will be offered.

7.        Counsel who will conduct the trial must attend the pretrial conference, and they must be prepared to act with final authority in the resolution of all matters. The court will ordinarily dispose of all motions and other matters then at issue.

8.        Unless ordered otherwise at the pretrial conference, counsel for all parties must submit a proposed pretrial order for the court's approval within ten days after the pretrial conference. The proposed pretrial order must incorporate and modify the pretrial stipulation in light of any additional agreements reached and rulings made at the pretrial conference. The pleadings will merge into the pretrial

order, which will control the course of the trial and may not be amended except by court order.

9. Except as provided in this paragraph, witnesses not timely listed in the pretrial stipulation will not be allowed to testify, and exhibits not timely listed in the pretrial stipulation will not be admitted. If a new witness is discovered after submission of the pretrial stipulation, the party wishing to call the witness must immediately file notice with the witness's name, the substance of the anticipated testimony, and a detailed explanation for the late discovery. (The party must simultaneously give opposing counsel the witness's address if known.) If a new exhibit is discovered after submission of pretrial stipulation, the party seeking to use it must immediately disclose it to the court and all other counsel and must provide a detailed explanation for the late discovery. The court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

10. No motion filed after the date of this order will be grounds for postponing the pretrial conference, nor will noncompliance with any other requirement of this order.

11. Any motion in limine or other pretrial motion must be filed no later than 15 days before the pretrial conference. Any response must be filed within 14 days after the motion is filed or five calendar days before the pretrial conference, whichever deadline is earlier.

12. If the case settles, all parties are responsible for immediately notifying the court.

13. If a party or a party's attorney fails to appear at a pretrial conference or otherwise fails to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

SO ORDERED on February 17, 2026.

                                                   s/ *Allen Winsor*
                                                   Chief United States District Judge