# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

REIYN KEOHANE, *et al.*,                    :

       *Plaintiffs*,                    :

v.                    :                    Case No. 4:24-cv-434-AW-MAF

RICKY D. DIXON, in his                    :
official capacity as Secretary                    :
of the Florida Department of                    :
Corrections; *et al.*,                    :

       *Defendants.*                    :

## **<u>PLAINTIFFS' MOTION IN LIMINE</u>**

Plaintiffs submit the following Motion in Limine requesting the Court recognize certain witnesses as adverse to Plaintiffs such that Plaintiffs may examine such witnesses with leading questions.

## I.     Introduction

Plaintiffs anticipate calling as witnesses several individuals affiliated with Centurion of Florida ("Centurion"), the private healthcare contractor retained by the Florida Department of Corrections ("FDC") to provide medical, dental, and mental health services to inmates in FDC custody. Specifically, Plaintiffs expect to call Dr. John Lay (Statewide Medical Director), Dr. Jillian Martell (Mental Health Practitioner), Dr. Peggy Watkins-Ferrell (Statewide Director of Mental Health), and Dr. Aloka Joshi (Licensed Psychologist).

Because Centurion acts under contract with and at the direction of FDC's Office of Health Services, its employees are aligned with Defendants in this litigation. Plaintiffs therefore respectfully request that the Court recognize these witnesses as adverse to Plaintiffs and permit Plaintiffs to examine them using leading questions during Plaintiffs' case-in-chief.

## II.     Statement of Law

Under Federal Rule of Evidence 611(c)(2), leading questions are permitted on direct examination "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2).

Although the Rule does not define "identified with an adverse party," courts in this Circuit have interpreted the phrase broadly. The Eleventh Circuit has held that employees of the defendant qualify as "adverse" parties for the purposes of Rule 611(c). *See Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) (finding that "employee of one of the defendants present when the alleged malpractice may have occurred, certainly was identified with a party adverse to [plaintiff]"). Courts have similarly held that an independent contractor and other "witnesses who have worked for [d]efendant" are "identified with an adverse party" to plaintiff and have permitted plaintiff to "use leading questions for [such]witnesses if they are called during [plaintiff's] case-in-chief." *John Doe, v. Rollins College*, No. 6:18-cv-1069, 2021 WL 2481923, at *3 (M.D. Fla. Feb. 25, 2021), *see also Fehr v. SUS-Q Cyber Charter Sch.*, No. 4:13-cv-01871, 2015 WL 6166627, at *3 (M.D. Pa. Oct. 20, 2015) (holding that the "term witness identified with an adverse party is intended to apply broadly to an identification based upon employment by the party or by virtue of a demonstrated connection to an opposing party").

## III.    Argument

The Centurion witnesses are unequivocally "identified with an adverse party" for purposes of Rule 611(c)(2). Centurion has a five-year contract with FDC worth $2.819 billion to provide healthcare services to the over 90,000 people in FDC

custody.[1] Under this contract, Centurion implements FDC's medical and mental health policies, including those governing the treatment of gender dysphoria—the central issue in this case.

FDC itself has acknowledged that "FDC, through its medical contractor Centurion of Florida, provides treatment for gender dysphoria pursuant to its written policies." Dkt. 155 at 8. Thus, Centurion functions as an operational extension of FDC in administering these policies. The Centurion witnesses' testimony will concern the very policies and practices that Plaintiffs challenge in this action. Dr. John Lay, Centurion's Statewide Medical Director and 30(b)(6) representative, even submitted a declaration in connection with FDC's motion for summary judgment in this matter. Dkt. 154-22.

Given this alignment, these witnesses are properly considered adverse to Plaintiffs. Courts routinely permit leading questions in such circumstances. *See Haney*, 744 F.2d at 1478; *Rollins College*, 2021 WL 2481923, at *3.

## IV.   Conclusion

Plaintiffs respectfully request that the Court designate witnesses affiliated with Centurion of Florida as adverse to Plaintiffs for purposes of Federal Rule of

---

[1] *See* https://www.prisonlegalnews.org/news/publications/fdoc-and-centurion-contract-agreement-2023/;
https://www.fdc.myflorida.com/content/download/43827/file/Justice%20Counts%20-%20April%202026.pdf

Evidence 611(c)(2), and permit Plaintiffs to examine such witnesses using leading questions during Plaintiffs' case-in-chief.

Respectfully submitted,

Dated: June 9, 2026                          */s/ Anthony J. Anscombe*

Samantha J. Past (FBN 1054519)      Li Nowlin-Sohl (*pro hac vice*)
Daniel B. Tilley (FBN 102882)        Leslie Cooper
**ACLU Foundation of Florida**       Sruti J. Swaminathan (*pro hac vice*)
4343 West Flagler Street, Suite 400  **ACLU Foundation**
Miami, FL 33134                      125 Broad St.
Tel: (786) 363-2714                  New York, NY 10004
spast@aclufl.org                     Tel: (212) 549-2584
dtilley@aclufl.org                   lnowlin-sohl@aclu.org
                                     lcooper@aclu.org
                                     sswaminathan@aclu.org

                                     Anthony J. Anscombe (*pro hac vice*)
                                     George Desh (*pro hac vice*)
                                     Sadaf Misbah (*pro hac vice*)
                                     Sarah Norise (*pro hac vice*)
                                     **Steptoe LLP**
                                     227 West Monroe Street, Suite 4700
                                     Chicago, IL 60606
                                     Tel. (312) 577-1300
                                     aanscombe@steptoe.com
                                     gdesh@steptoe.com
                                     smisbah@steptoe.com
                                     snorise@steptoe.com

4

## CERTIFICATION UNDER LOCAL RULE 7.1(B)

The undersigned counsel certifies that Plaintiffs' Counsel conferred with counsel for the opposing party before filing this Motion but was unable to resolve the issues raised by the Motion.

## CERTIFICATE OF WORD COUNT

The undersigned counsel certifies that, pursuant to Local Rule 7.1(F), the total word count in this motion is 601 words.

Respectfully submitted,

Dated: June 9, 2026                              */s/ Anthony J. Anscombe*

Samantha J. Past (FBN 1054519)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
spast@aclufl.org
dtilley@aclufl.org

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper
Sruti J. Swaminathan (*pro hac vice*)
**ACLU Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
sswaminathan@aclu.org

Anthony J. Anscombe (*pro hac vice*)
George Desh (*pro hac vice*)
Sadaf Misbah (*pro hac vice*)
Sarah Norise (*pro hac vice*)
**Steptoe LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Tel. (312) 577-1300
aanscombe@steptoe.com
gdesh@steptoe.com

5

smisbah@steptoe.com
snorise@steptoe.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter by the Court's CM/ECF system on this the 9th day of June, 2026.

Dated: June 9, 2026                              */s/ Anthony J. Anscombe*