**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**REIYN KEOHANE, et al.,**

**Plaintiffs,**

**v.** **Case No. 4:24-cv-434-AW-MAF**

**RICKY D. DIXON, in his official capacity as Secretary of the Florida Department of Corrections, et al.,**

**Defendants.**

_________________________________/

# PRETRIAL ORDER

The court held a pretrial conference on July 1. This order incorporates and expands upon rulings from that pretrial conference and adopts the parties' pretrial stipulation (ECF No. 182), except to the extent inconsistent with anything in this order. The parties' pleadings merge into this pretrial order, which will control the course of the trial and may not be amended except by court order.

1. Plaintiffs' sole claim is under § 1983 and the Eighth Amendment for declaratory judgment and injunctive relief.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The sole remaining issue is whether FDC's policy related to the provision of social accommodations to inmates with gender dysphoria

constitutes deliberate indifference to serious medical needs in violation of the Eighth Amendment.

4. Five days are set aside for a bench trial beginning July 6, 2026. The court, though, anticipates the trial should end no later than Thursday.

5. The trial is governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

6. Plaintiffs' motion in limine seeking to ask leading questions of Centurion employees (ECF No. 185) is DENIED.

7. Defendants' motions in limine seeking to exclude Plaintiffs' experts' testimony (ECF Nos. 186, 187) are DENIED.

8. Ruling on Plaintiffs' motion for remote rebuttal appearance of Dr. Karasic (ECF No. 201) is DEFERRED.

9. By noon on July 2, the parties will file a joint notice indicating whether there is agreement about application of the rule of sequestration in this case. If a dispute remains, the parties will provide their respective positions and supporting legal authority within the joint notice.

10. By noon on July 3, Plaintiffs will file any request to close the courtroom for certain portions of the trial along with the legal authority relied on for the request. Defendants may (but do not have to) file a response to

that request with supporting legal authority no later than one day after Plaintiffs' filing.

11. Plaintiffs' objection to Defendants' calling witness Ralph Miller is now MOOT. Defendants will not call Ralph Miller as a witness.

12. Defendants' objections to Plaintiffs' calling certain witnesses by deposition designation (ECF No. 182-3 at 3) was WITHDRAWN.

13. Defendants' hearsay objection to Plaintiffs' Exhibit 17 (ECF No. 182-1 at 3) was WITHDRAWN.

14. No later than 5:00 p.m. the night before the first day of trial, Plaintiffs must inform Defendants which witnesses they intend to call the following day. At the conclusion of trial each day, the parties must inform the other side which witnesses they intend to call the following day.

15. There will be no openings.

SO ORDERED on July 2, 2026.

s/ *Allen Winsor*
Chief United States District Judge