**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | | |
|---|---|---|
| REIYN KEOHANE, *et al.*, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Case No. 4:24-cv-434-AW-MAF |
| | : | |
| RICKY D. DIXON, in his official capacity as Secretary of the Florida Department of Corrections; *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

**<u>NOTICE OF PLAINTIFFS' POSITION</u>**
**<u>REGARDING SEQUESTRATION OF WITNESSES</u>**

In response to the Court's request at yesterday's pre-trial conference, Plaintiffs notify the Court that they do not agree to Defendants' request to have both Dr. Martinez and Dr. Kline, or other fact witnesses, present at trial. Plaintiffs asked for Defendants' position on this matter and did not receive a response.

Plaintiffs request, pursuant to Rule 615 of the Federal Rules of Evidence, the exclusion of witnesses from the courtroom so that they cannot hear other witnesses' testimony. While Rule 615 provides an exception for excluding witnesses for a designated party representative when a party is not a natural person, the rule makes

clear that it only permits "one" such designee. Fed. R. Evid. 615 (a)(2). Defendants indicated they would like Drs. Martinez and Kline—fact witnesses in this case—to be present in the courtroom. Plaintiffs oppose both Dr. Martinez and Dr. Kline—as opposed to just one of them—being present in the courtroom as designated representatives of FDC.

None of the other exceptions to Rule 615 apply here. Plaintiffs are aware of no statute authorizing both Drs. Martinez and Kline to be present at the trial (Fed. R. Evid. 615 (a)(4)). And there is no plausible reason the presence of these two doctors is "essential to presenting" FDC's defense (Fed. R. Evid. 615(a)(3)). Being essential to the presentation of the case "is not whether the witness' testimony may be important but, rather, whether he is needed in the courtroom when he is not testifying." *United States v. Peter R. Brown Constr., Inc.*, No. 8:12-cv-942, 2014 WL 12614496, at *5 (M.D. Fla. Feb. 18, 2014). The Rule "carries a strong presumption favoring sequestration," and "[t]he party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies." *United States v. Jackson,* 60 F.3d 128, 135 (2d Cir. 1995); *see also Opus 3 Ltd. v. Heritage Park*, 91 F.3d 625, 628 (4th Cir. 1996).

Plaintiffs also ask the court to prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom and prohibit excluded witnesses from accessing trial testimony. *See* Fed. R. Evid. 615(b). As stated in the Committee

Notes on the 2023 Amendments to the Federal Rules of Evidence, "the courts extending Rule 615 beyond courtroom exclusion properly recognized that the core purpose of the rule is to prevent witnesses from tailoring their testimony to the evidence presented at trial—and that purpose can only be effectuated by regulating out-of-court exposure to trial testimony." *See also United States v. Heard*, 725 F. App'x 743 (11th Cir. 2018) (the "harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony.").

Dated: July 2, 2026

Respectfully submitted,

*/s/ Samantha J. Past*
Samantha J. Past (FBN 1054519)
Daniel B. Tilley (FBN 102882)
**American Civil Liberties Union Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
spast@aclufl.org

Li Nowlin-Sohl*
Leslie Cooper
Sruti Swaminathan*
**American Civil Liberties Union Foundation**
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
sswaminathan@aclu.org

Anthony Anscombe*
Darlene Alt*
George Desh*
Sadaf Misbah*

Sarah Norise*
**Steptoe LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Tel. (312) 577-1300
aanscombe@steptoe.com
dalt@steptoe.com
gdesh@steptoe.com
smisbah@steptoe.com
snorise@steptoe.com

* *Admitted pro hac vice*

*Counsel for Plaintiffs*